2003

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS O. RUSSO, JR. : | CIVIL ACTION NO. |
| PLAINTIFF : | |
| : | 3:00CV1794(JCH) |
| v. : | |
| : | |
| JOHN M. BAILEY, ET AL : | |
| DEFENDANTS : | DECEMBER 24, 2003 |

## HARTFORD POLICE UNION DEFENDANTS' MEMORANDUM OF LAW IN SUPPPORT OF SUMMARY JUDGMENT

**I.   INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 56, the Hartford Police Union Defendants, including the Hartford Police Union (hereinafter referred to as "Union"), Michael Wood, Thomas Hardwick and Larry Reynolds (hereinafter referred to as "Wood", "Hardwick" and "Reynolds" or collectively as "Union Officials"), hereby submit this Memorandum of Law and Local Rule 56 (a) (1) Statement of Facts in Support of their Motion for Summary Judgment. The Hartford Police Union Defendants assert that they are entitled to summary judgment on both Counts Four and Five of Nicholas Russo's Sixth Amended Complaint.

## II.  FACTS

The Plaintiff Nicholas Russo (hereinafter referred to as "Russo") commenced an action against three Hartford Police Union Officials, as well as other members of the Hartford Police Department (hereinafter referred to as "Department"). The three Union Officials are Wood, Hardwick and Reynolds. Each are sued in their individual and official capacities. The essence of Russo's claim is that the Union Officials conspired with the Department against Russo to bring about his December 16, 1997 arrest, in violation of his Constitutional rights. Russo also claims that the Union breached its duty of fair representation when it failed to file a grievance concerning his December 16, 1997 arrest. Specifically, Russo alleges in paragraph 38 of the Fifth Count in the Sixth Amended Complaint, that " . . . [The] Union . . . breached its duty of fair representation . . . by failing to file a grievance . . . in regard to the [Department's] suspension of the Plaintiff on December 16, 1997." See 6th Amended Complaint, Count Five, ¶ 38.

Appendix A of the Union's contract with the Department, known as the Collective Bargaining Agreement (hereinafter referred to as "CBA"), gives the Department the unqualified right to suspend an officer based upon a felony arrest. See Local Rule 56 Statement, Collective Bargaining Agreement, Appendix A, Exhibit B. It is undisputed that Russo was arrested on four felony counts on December 16, 1997. As such neither

**SILVESTER & DALY**
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

the Union, nor Russo could claim any grieveable offense stemming from the suspension following Russo's arrest.

The Union did pursue a grievance for Russo once his felony charges were dismissed by the Superior Court. In fact the Union was successful in the grievance. Russo was awarded back pay and reinstated to his position with the Department.

As more fully set forth below, Russo has made no claims against these Defendants upon which this court can grant relief.

### III.  LAW AND ARGUMENT

#### A.  Standard of Review

The court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits . . . show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Silver v. City Univ., 947 F.2d 1021, 1022 (2d Cir. 1991). "The moving party bears the initial burden of establishing that no genuine issues of material fact exist and that the undisputed facts show that she is entitled to judgment as a matter of law." Martin v. Rodriguez, 154 F. Sup. 2d 306, 311 (D.Conn. 2001). "In determining whether a genuine issue of material fact exists, a court must

resolve all ambiguities and draw all reasonable inferences against the moving party." Id.

### B. The Union Officials Are Entitled To Summary Judgment On Russo's 42 U.S.C. § 1983 Claim Because There Is No Issue Of Fact That They Were Acting Under The Color Of State Law

The Plaintiff claims that the Union Officials violated 42 U.S.C. § 1983[1] by depriving him of his right to due process under the Fourteenth Amendment and his right to associate under the First Amendment. "Section 1983 provides *inter alia* that any person who, under color of state law, deprives another of her rights secured by the Constitution, shall be liable to the party injured . . . . The deprivation must be intentional or deliberate." (Citations omitted; emphasis in original.) Ruiz v. Herrera, 745 F. Sup. 940, 946 (S.D.N.Y. 1990). "The purpose of § 1983 is to deter state actors from using the *badge of their authority* to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992). "In order to prevail under § 1983, the plaintiff must allege that: (1) some person has deprived him of a federal right; and (2) that the

---

[1] 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

person who has deprived him of that right acted under color of state law." Josey v. Filene's, Inc., 187 F. Supp. 2d 9, 16 (D. Conn. 2002).

"To act under color of state law or authority for purposes of section 1983, the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (Internal quotation marks omitted.) Monsky v. Moraghan, 127 F.3d 243, 245 (2d Cir. 1997). "Moreover, [i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the state." (Internal quotation marks omitted.) Id. at 245. "The Supreme Court has recently reiterated a number of factors to consider when determining if a challenged activity was a state action . . . . First, state action may be found when it results from state's exercise of coercive power . . . . Second, state action may be found when the state provides significant encouragement, either overt or covert . . . . Finally, the Supreme Court points to whether the private actor operates as a willful participant in joint activity with the State or its agents." (Citations omitted; internal quotation marks omitted.) Josey, supra, 187 F. Supp. 2d at 18.

Russo alleges that the Union Officials violated his rights under § 1983. The Second Circuit has held that "[l]abor unions . . . generally are not state actors."

Ciambrielli v. County of Nassau, 292 F. 3d 307, 323 (2d Cir. 2002) (dismissing § 1983 claim against union). Additionally, in determining if a union official was acting under the color of state law for the purposes of § 1983, the Second Circuit stated, "mere employment by a state or municipality does not automatically mean that a defendant's actions are taken under the color of state law." Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996), cert. denied, 520 U.S. 1155, 117 S. Ct. 1335, 137 L. Ed. 2d 494 (1997).

In Kern, the plaintiff brought a claim under § 1983 against the president of the City of Rochester firefighters union. In essence, the plaintiff alleged that the president violated her § 1983 rights by sexually harassing her at the union office. At the time of the alleged incident, the president was a lieutenant with the fire department. The court held, however, that the plaintiff could not prevail on her § 1983 claim because the president was not acting under the color of state law. In asserting this holding, the court explained that the president did not hold his position by virtue of any action on the part of the City of Rochester. Id. at 43. Additionally, the president "was elected president by union members, irrespective of his position in the [Rochester Firefighter Department]. . . . Furthermore, in his capacity as union president, [the defendant] performed functions solely for the benefit of the union, not for the benefit of the City." Id.

Russo makes the following allegations against the Union Officials in an effort to demonstrate that they conspired with the Department against him, thereby violating § 1983.

> 10. On or about January 1997, Union President and EAP Representative, Reynolds, in violation of his responsibilities to the Union joined the defendants Croughwell, Flaherty, Kenary and Lilley in conspiring to bring criminal charges against the Plaintiff
>
> 11. Reynolds and other Union Officials conspired with the police defendants to allow the illegal drug testing of [the] plaintiff. ¶6th Amended Complaint, Count Four, ¶¶ 10-11.

Russo also alleges that the Union Officials conspired against him by refusing to file a grievance on his behalf once the criminal charges against him were dismissed. See 6th Amended Complaint, Count Four, ¶¶ 12-25.

None of these allegations, however, support Russo's contention that the Union Officials acted under the color of state law. Similar to the defendant in Kern, the Union Officials were not state actors. They did not hold their positions through any action on the part of the City of Hartford. Rather, each was elected by the Union's members to represent their interest in collective bargaining and seek enforcement of the rights conferred by the CBA enjoyed by Union members. Furthermore, the Union Defendants acted solely for the benefit of its members as opposed to the benefit of the City of Hartford. In fact, Russo testified in his deposition that his claim against the Union

Defendants was in their capacity as Union Officials. "Am I to understand that your complaint against Larry Reynolds, Michael Wood and Mr. Hardwick is in their capacity as Union officials? Yes." Local Rule 56 Statement, ¶ 47, Exhibit E, Russo Deposition, September 5, 2003, p. 164:17-20. Mr. Russo further testified as follows:

> Q: One of the other claims you make is that the union defendants Larry [Reynolds], Tom [Hardwick], and Mike [Wood] have collaborated with the police department in violating your civil and due process rights?
> A: Correct.
> Q: Let's take them one by one. Can you tell me what evidence you have that Mike Wood collaborated with the police department to have your civil or due process rights violated?
> A: Mike Wood, I don't have any evidence that I'm aware of.
> Q: Let's go to Tom Hardwick?
> A: Tom, I have no evidence.
> Q: You have no evidence that Tom Hardwick collaborated with the police department to violate your civil or due process rights?
> A: No.
> Local Rule 56 Statement, ¶ 48, Exhibit F, Russo Deposition, September 5, 2003, pp. 176:9 -177:3.

It is clear that not only did Russo perceive Wood, Hardwick and Reynolds to be acting as Union officials, but that he has no evidence to support any claim against Wood or Hardwick.

At his deposition Mr. Russo further testified that at the time of the November, 1997 drug test Reynolds was acting in his role of Union official and not state actor. Russo testified as follows:

> Q: When you were speaking to him [Reynolds] during that November 1997 drug test, were you looking to him as a union official for advice and help?
> A: I was looking to him as union president.
> Q: Okay. And it was your expectation that Larry as the union president was going to address your concerns as that time, right?
> A: Correct.

Local Rule 56 Statement, ¶ 49, Exhibit G, Russo Deposition, September 5, 2003, p. 178:2-9.

Based upon the foregoing, it is apparent that from Russo's perspective that Reynolds was acting in his Union capacity and not as a state actor.

Additionally, none of the factors from <u>Josey</u> apply. First, Russo fails to allege that the City coerced the Union Defendants into conspiring against him. Second, there are no facts to support a finding that the Union Defendants were encouraged by the City to act against Russo. Lastly, there is no evidence that the alleged activities, specifically, allowing the drug test and failing to file a grievance on behalf of Russo, rise to the level of joint activity between the Union Defendants and the City.

Thus, there is no genuine issue of material fact indicating that the Union Officials were acting under the color of state law. Therefore, they are entitled to judgment in their favor on the Plaintiff's § 1983 claim.

    **C.**    **The Union Is Entitled To Summary Judgment On Russo's Claim Of Breach of Duty of Fair Representation Because There Is No Evidence Indicating That The Union Breached Said Duty**

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

The Plaintiff alleges in Count Five that the Union breached its duty of fair representation to him as a member of the Union. Specifically, the Plaintiff alleges that the Union failed to file a grievance on behalf of the Plaintiff after he was suspended on December 16, 1997. 6th Amended Complaint, Count Five, ¶ 38. Russo also alleges that the Union failed to seek his immediate reinstatement after dismissal of his criminal charges. 6th Amended Complaint, Count Five, ¶ 39. He further alleges that the acts complained of, as set forth above, deprived him of unspecified rights afforded to him by the personnel rules and CBA. Russo makes no allegations concerning the Union's failure to act on his behalf concerning either of the drug tests administered to Russo.

"The duty of fair representation requires the union 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion in complete good faith and honesty, and to avoid arbitrary conduct.' Vaca v. Sipes, [386 U.S. 171, 177, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967)]." Labbe v. Hartford Pension Com'n, 239 Conn. 168, 194, 682 A.2d 490 (1996). "A union breaches this duty if it acts arbitrarily, discriminatorily or in bad faith." Id. A "union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational . . . . Furthermore, a union's actions are in bad faith if the union acts fraudulently or

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

deceitfully; Humphrey v. Moore, [375 U.S.335, 348-49, 84 S. Ct. 363, 371-72, 11 L. Ed. 2d 370 (1964)]; or does not act to further the best interests of its members." (Citations omitted; internal quotation marks omitted.) Id. at 195.

"If a union fails to submit a meritorious grievance to arbitration, an employee may sue the union for breach of its duty of fair representation." Tedesco v. City of Stamford, 22 Conn. 233, 248, 610 A.2d 574 (1992). A union breaches the duty of fair representation where the union, as opposed to the employee, must file a grievance on behalf of the employee or take the grievance to the next stage. See for example, Bowen v. U.S. Postal Service, 459 U.S. 212, 103 S. Ct. 588, 74 L. Ed. 2d 402 (1983) (holding union breached duty of fair representation by failing to take grievance to third step); see also Stosuy v. City of Stamford, 65 Conn. App. 221 (2001)[2]. Comparatively, a union does not breach its duty of fair representation where an employee is permitted to take the grievance to the next step, without intervention from the union. See Moule v. Town of Enfield, Superior Court, 24 Conn. L. Rptr. 226 (Wagner, J. 1999) (Attached hereto).

In this instance, Russo mistakenly alleges that the Union failed to file a grievance on his behalf thereby breaching its duty of fair representation. For example, in

---

[2] The court in Stosuy stated: "Where the collective bargaining agreement permits only the union to take a grievance to arbitration, the employee has no further remedy unless he can prove that the union breached its duty of fair representation by acting arbitrarily, maliciously, or in bad faith." (Internal quotation marks omitted.) Stosuy v. City of Stamford, supra, 65 Conn. App. at 223.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

paragraph 37 of Count Five, Russo alleges that "From December 16, 1997 to date Defendant Union has taken no actions to protect the rights of the Plaintiff." Similarly, in paragraph 38, he alleges that the "Defendant Union, as representative for the Plaintiff, breached its duty of fair representation of the Plaintiff by failing to file a grievance on behalf of the Plaintiff against the Hartford Police Department Defendants in regard to their suspension of Plaintiff on December 16, 1997." 6th Amended Complaint, Count 5, ¶¶ 37-38.

Russo claims that the Union's failure to immediately file a grievance upon his suspension following his felony arrest is misplaced. As a threshold matter, the CBA which was entered into by the Department and the Union clearly gives the Department the right to suspend an officer arrested for a felony. Russo also concedes this point. He testified at his deposition as follows:

> Q: Up to that point, the city had a claim that you were arrested on felony charges and they were relying on the language in Appendix A that provided that they could suspend an officer without a hearing if they chose to do so if you were arrested on a felony charge.
> A: Correct.
> Local Rule 56 Statement, ¶ 50, Exhibit C, Russo Deposition, September 5, 2003, p.190: 8-13.

Although Russo alleges that the Union failed to file a grievance on his behalf, the Union, however, did in fact file a grievance on his behalf. Pursuant to Article II, Section

12

2.2 of the Collective Bargaining Agreement, the Union filed a grievance on behalf of the Plaintiff. See Declaration of Michael Wood. Once Russo's criminal charges were dismissed on September 15, 2000, his suspension based upon his felony arrest was no longer justified by the CBA. The grievance attacked Russo's continued suspension. A third step grievance hearing was held on October 24, 2000. The third step decision was issued on November 1, 2000. As shown in the third step ruling, the issue of the grievance was "whether the grievant was suspended for just cause on December 17, 1997, in accordance with Article II, Section 2.2 of the collective bargaining agreement between the City of Hartford and the Hartford Police Union." See Local Rule 56 Statement, ¶ 52, Exhibit I. Section 2.2 of the contract states that "[g]rievances involving . . . suspension . . . following disposition by the Chief of Police, shall be processed beginning at the third (3rd) step." See Local Rule 56 Statement, ¶ 52, Exhibit I.

The third step decision refers to an October 26, 2000 letter from Acting Chief Rudewicz to Michael Wood indicating that, as of October 29, 2000, Russo was reinstated. The decision also found that there was just cause for Russo's suspension from December 17, 1997 to September 14, 2000 based upon his felony arrest. The decision also awarded Russo back pay from September 15, 2000 until October 29, 2000.

13

Moreover, the Plaintiff testified in his deposition that he was aware that the Union made a demand for his immediate reinstatement after the criminal charges were dismissed. Local Rule Statement, ¶ 51, Exhibit H, Russo Deposition, September 5, 2003, p. 175:5-8. Thus, there is no genuine issue of material fact demonstrating that the Union failed to file a grievance on the Plaintiff's behalf. As such, no genuine issue of material fact exists indicating that the Union acted arbitrarily, or that the Union's actions or behavior were so far outside a wide range of reasonableness as to be irrational. Likewise no genuine issue of material fact exists indicating that the Union's actions were in bad faith, fraudulent or deceitful. The Union, therefore, is entitled to judgment in its favor on the Plaintiff's claim for breach of the duty of fair representation.

### III. CONCLUSION

For the foregoing reasons, the Union Defendants and the Union submit that the court should grant their Motion for Summary Judgment.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

THE DEFENDANTS,
HARTFORD POLICE UNION,
LAWRENCE REYNOLDS,
THOMAS HARDWICK and MICHAEL WOOD

By: _____
FRANK J. SZILAGYI
Federal Bar No. CT07859
Josephine A. Spinella
Federal Bar. No. CT24009
Silvester & Daly
72 Russ Street
Hartford, CT 06106
Tel. (860) 278-2650
Federal Bar No. CT07859

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, in the United States mail, this 24th day of December, 2003 to:

Erin O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT  06119

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT  06103

John Shea, Esq.
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, CT  06103-2205

John T. Forrest, Esq.
142 Jefferson Street
Hartford, CT 06106

Charles L. Howard, Esq.
Gregg P. Goumas, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

By: _____
FRANK J. SZILAGYI
Silvester & Daly

16

Not Reported in A.2d
24 Conn. L. Rptr. 226
**(Cite as: 1999 WL 124326 (Conn.Super.))**

Page 1

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

Kenneth MOULE,
v.
TOWN OF ENFIELD, et al.

**No. CV 980581494S.**

Feb. 17, 1999.

MEMORANDUM OF DECISION ON MOTIONS TO DISMISS

WAGNER.

*1 This is an action by a former employee brought against the Town of Enfield and his union, AFSCME, Connecticut Council, to collect holiday pay to which he claims to be entitled when he was out of work between January 1996 and October 1997 and to recover damages from the union for failing to file a grievance on his behalf when he asked it to do so.

FACTS

Both of the defendants in this action, the Town of Enfield and AFSCME, have moved to dismiss the plaintiff's complaint because of plaintiff's failure to exhaust his remedies under the grievance procedure of the collective bargaining agreement between the union and the Town of Enfield.

Article 6 of the collective bargaining agreement sets out a grievance procedure to deal with claims that arise out of the employer-employee relationship. The first step of the grievance procedure is for an "aggrieved employee and/or the union on behalf of any aggrieved employee" to present the facts of the grievance to the immediate supervisor within ten days. The plaintiff claims that he relied on the union to file a grievance on his behalf, but he did not initiate the grievance procedure on his own as permitted by the collective bargaining agreement.

I.

"It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiffs' union ... Failure to exhaust the grievance procedure deprives the court of subject matter jurisdiction." *Hunt v. Prior,* 236 Conn. 421, 673 A.2d 514 (1996), quoting *Labbe v. Pension Commission,* 229 Conn. 801, 811, 643 A.2d 1268 (1994).

Exhaustion is not required, however, when the remedy would be demonstrably futile or inadequate, that is where the grievance procedure could not come to a favorable result. *Hunt v. Prior, supra,* 236 Conn. 432. Here, the plaintiff asserts that a side letter agreement, which is attached to the collective bargaining agreement, renders the grievance procedure futile. However, it is not evident from the face of the letter how the plaintiff's claim is affected by it, or how it would render the grievance procedure futile for the defendant.

II.

The plaintiff argues that the exhaustion requirement was waived because the union breached its duty of fair representation of the plaintiff by acting in bad faith. It is true that where the collective bargaining agreement permits only the union to take a grievance to arbitration, the employee has no further remedy unless he can prove that the union breached its duty of fair representation by acting arbitrarily, maliciously, or in bad faith. *Saccardi v. Board of Education, supra,* 45 Conn.App. 722, 697 A.2d 1153, citing *Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). "If a union fails to submit a meritorious grievance to arbitration, an employee may sue the union for breach of its duty of fair representation." *Tedesco v. Stamford,* 222 Conn. 233, 248, 610 A.2d 574 (1992). *Vaca v. Sipes, supra,* 386 U.S. 177; see also *Snadola v. Amity Regional Board of Education,* Superior Court, judicial district of New Haven at New Haven, Docket No. 610642, 7 CONN. L. R PTR. 473 (October 16, 1992) (Levin, J.).

*2 The United States Supreme Court has held that an employee may seek judicial enforcement of his

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d
24 Conn. L. Rptr. 226
**(Cite as: 1999 WL 124326 (Conn.Super.))**

Page 2

contractual rights if the union has the sole power under the contract to invoke the higher stages of the grievance procedure, and if the employee has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance. *Vaca v. Sipes, supra,* 386 U.S. 185. The employee has a right to sue the union and the employer even though the "employer may have done nothing to prevent exhaustion." *Bowen v. United States Postal Service,* 459 U.S. 212, 222, 103 S.Ct. 588, 74 L.Ed.2d 402 (1982).

These cases differ factually from the present case in which the plaintiff could have filed the initial grievance himself. In the cases that allowed the plaintiff to proceed with a claim of bad faith against the union despite the plaintiff's failure to exhaust the grievance procedure, it was the union alone that could have taken the grievance to the next stage. See *Bowen v. United States Postal Service, supra,* 459 U.S. 214; *Vaca v. Sipes, supra,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; *Wierzbinski v. Groton Board of Education,* Superior Court, judicial district of New London at New London, Docket No. 515676 (May 20, 1993) (Hurley, J.).

Several Superior Court cases have found a lack of subject matter jurisdiction over a claim for breach of the duty of fair representation based on a claim that the union president failed to file a grievance on behalf of a plaintiff, where the plaintiff could have filed a grievance himself. See *Greene v. New London Education Assn.,* Superior Court, judicial district of New London at New London, Docket No. 514692 (October 30, 1992) (Leuba, J.); see also *Cross v. Nearine,* Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538675 (February 17, 1995) (Wagner, J.). But cf. *Wierzbinski v. Groton Board of Education, supra,* Superior Court, Docket No. 515676 (denying motion to dismiss by employer for failure to exhaust when plaintiff joined union as defendant and alleged breach of duty of fair representation by union by refusing to bring grievance). The weight of authority is to the effect that this court lacks subject matter jurisdiction over the plaintiff's claims for damages against the union and Enfield due to his failure to commence and exhaust the grievance procedure of the collective bargaining agreement.

Motions to dismiss granted.

1999 WL 124326 (Conn.Super.), 24 Conn. L. Rptr. 226

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works