**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NICHOLAS O. RUSSO, JR.<br>PLAINTIFF : | CIVIL ACTION NO. |
| : | 3:00CV1794 (JCH) |
| v. : | |
| JOHN M. BAILEY, ET AL :<br>DEFENDANTS : | DECEMBER 24, 2003 |

**HARTFORD POLICE UNION DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF THEIR MOTION FOR SUMMARY FOR SUMMARY JUDGMENT**

The Defendants Michael Wood, Thomas Hardwick, Lawrence Reynolds and the Hartford Police Union (hereinafter referred to collectively as the "Union Defendants") respectfully submit this Statement of Undisputed Facts pursuant to Rule 56(a) (1) of the Local Rules of Civil Procedure.

The Union Defendants hereby adopt and incorporate by reference the undisputed facts of the Police Defendants and the City of Hartford in the matter bearing docket number 3:00CV1794(JCH). The Union Defendants also offer the following undisputed facts.

1. From 1983 to 2003 Larry Reynolds was employed by the Hartford Police Department as a police officer. See Exhibit A, Declaration of Larry Reynolds.

2. From 1995 to late 1997 Larry Reynolds served as the Employee Assistance Program (hereinafter referred to as "EAP") Coordinator for the Hartford Police Department (hereinafter referred to as the "Department"). See Exhibit A, Declaration of Larry Reynolds.

3. As the EAP Coordinator, Larry Reynolds served as a liaison between the Department and the agency contracted to provide EAP services, which are referrals for officers with personal problems, to members of the Department. See Exhibit A, Declaration of Larry Reynolds.

4. From 1993 to 1999, Larry Reynolds held various Union offices and in February of 1997 he became the President of the Hartford Police Union. See Exhibit A, Declaration of Larry Reynolds.

5. The Hartford Police Union (hereinafter referred to as the "Union") is recognized as the sole and exclusive bargaining agent for sworn members of the Department pursuant to certification granted by the Connecticut State Board of Labor Relations dated February 17, 1984 and August 12, 1994 (ME 14,689) for the purposes of collective bargaining under the provisions of the Municipal Relations Act. See Exhibit A, Declaration of Larry Reynolds.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

6. While serving in the capacity of EAP Coordinator or Union Official, Larry Reynolds performed no law enforcement functions. See Exhibit A, Declaration of Larry Reynolds.

7. Both the offices of EAP and the Union were located in offices outside the Department. See Exhibit A, Declaration of Larry Reynolds.

8. Both the EAP and the Union had separate telephone numbers than that of the Department and any call received by the Department could not be transferred to either EAP or the Union offices. See Exhibit A, Declaration of Larry Reynolds.

9. In his role as EAP Coordinator, Larry Reynolds was responsible for coordinating drug testing of members of the Department. See Exhibit A, Declaration of Larry Reynolds.

10. The EAP Coordinator has no authority to refer any employee for any kind of drug testing and Larry Reynolds never made any referral of Nicholas Russo for any drug test. See Exhibit A, Declaration of Larry Reynolds.

11. On January 10, 1997, the Department subjected Nicholas Russo to a drug test. See Exhibit A, Declaration of Larry Reynolds.

3

12. Larry Reynolds played no role in the decision to make the referral and was never made aware of the outcome of any of Nicholas Russo's drug tests. See Exhibit A, Declaration of Larry Reynolds.

13. Nicholas Russo never filed any grievance, nor requested that the Union file a grievance concerning this drug test, despite being given a suspension of two days for his unauthorized absence from work on January 7, 1997 and January 8, 1997. See Exhibit A, Declaration of Larry Reynolds.

14. Nicholas Russo pled no contest to the aforementioned two-day suspension. See, Exhibit A, Declaration of Larry Reynolds.

15. Nicholas Russo was drug tested on November 4, 1997. See Exhibit A, Declaration of Larry Reynolds.

16. Prior to this November drug test Larry Reynolds had no meetings or any contact with anyone at the Department concerning the basis for subjecting Nicholas Russo to the drug test. See Exhibit A, Declaration of Larry Reynolds.

17. While off-duty on November 4, 1997, Larry Reynolds was contacted by Captain Jeffery Flaherty to meet him in front of police headquarters to accompany Flaherty, Sergeant Norberto Huertas and Nicholas Russo to the

4

drug testing facility in Bloomfield, Connecticut. See Exhibit A, Declaration of Larry Reynolds.

18. When Larry Reynolds arrived to meet the aforementioned parties, he was in plain clothes, off-duty and not wearing or carrying any department-issued equipment or firearms. See Exhibit A, Declaration of Larry Reynolds.

19. Larry Reynolds' presence was not in furtherance of any law enforcement function, but only as the EAP Coordinator to facilitate the test. See Exhibit A, Declaration of Larry Reynolds.

20. Once the drug test was complete Larry Reynolds returned to headquarters with Jeffery Flaherty, Norberto Huertas and Nicholas Russo. See Exhibit A, Declaration of Larry Reynolds.

21. Nicholas Russo was not disciplined as a result of this drug test. See Exhibit A, Declaration of Larry Reynolds.

22. Nicholas Russo never contacted the Union about filing any grievance concerning the drug test, nor did he file any grievance on his own behalf concerning the test. See Exhibit A, Declaration of Larry Reynolds.

23. On December 16, 1997 Nicholas Russo was arrested and charged with four felony counts. See Exhibit A, Declaration of Larry Reynolds.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

24. Larry Reynolds did not participate in the investigation or arrest of Nicholas Russo. See Exhibit A, Declaration of Larry Reynolds.

25. The Collective Bargaining Agreement between the Department and the Union, specifically Appendix A, paragraph 6 (a) provides that an officer arrested for a felony may be suspended without pay and without a prior disciplinary hearing. See Exhibit A, Declaration of Larry Reynolds; See Exhibit B, Collective Bargaining Agreement, Appendix A.

26. Immediately after his arrest Nicholas Russo was suspended by Chief Croughwell. See Exhibit A, Declaration of Larry Reynolds.

27. The suspension of Nicholas Russo was made by Chief Joseph Croughwell pursuant to Appendix A of the Collective Bargaining Agreement and did not give rise to a grieveable offense by the Department. See Exhibit A, Declaration of Larry Reynolds.

28. Nicholas Russo never request that a grievance be filed based on his suspension for a felony arrest. See Exhibit A, Declaration of Larry Reynolds.

29. Nicholas Russo testified that he was aware of the Department's right to suspend an officer that was arrested for a felony. See Exhibit A, Declaration

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

of Larry Reynolds; see, Exhibit C, Russo Deposition, September 5, 2003, p. 190: 8-13.

30. Larry Reynolds resigned from his EAP position sometime in December of 1997. See Exhibit A, Declaration of Larry Reynolds.

31. Larry Reynolds resigned from Union position effective February 1, 1998. See Exhibit A, Declaration of Larry Reynolds.

32. Prior to Larry Reynolds' resignation from the Union, he had no basis under the contract to bring any grievance on behalf of Nicholas Russo, nor did Russo request Larry Reynolds to do so at any time. See Exhibit A, Declaration of Larry Reynolds.

33. Michael Wood was employed by the Hartford Police Department as a Police Officer from 1983 until his retirement in 2003. See Exhibit D, Declaration of Michael Wood.

34. Michael Wood served as the President of the Hartford Police Union from February 1999 to August 2003. See Exhibit D, Declaration of Michael Wood.

35. In 1997 when Nicholas Russo was drug tested on two occasions, Michael Wood had no contact with Nicholas Russo concerning those matters. At that time, Michael Wood did not hold any Union office, nor did he have any

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

contact with the Hartford Police Department's administration concerning drug testing and had no role in the drug testing of Nicholas Russo. See Exhibit D, Declaration of Michael Wood.

36. Michael Wood was never contacted by Nicholas Russo concerning the drug tests administered to him in 1997. See Exhibit D, Declaration of Michael Wood.

37. A grievance dated August 11, 2000 was filed on behalf of Nicholas Russo concerning the 1997 suspension. This grievance was prematurely filed and done at the request of Russo's Attorney, James Brewer. The City never contested the untimely filing and it was heard subsequent to the dismissal of Nicholas Russo's criminal charges on September 15, 2000. The contract states that any grievance concerning suspension shall be commenced at the third step of the grievance process. See Exhibit D, Declaration of Michael Wood.

38. A third step hearing concerning Nicholas Russo was held on October 24, 2000. See Exhibit D, Declaration of Michael Wood.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

39. Jane K. Heffernan, Principal Personnel Analyst with the City of Hartford, conducted the third step hearing. See Exhibit D, Declaration of Michael Wood.

40. Prior to the third step hearing referred to above, Michael Wood discussed Nicholas Russo's reinstatement with Acting Chief Robert Rudewicz. Chief Rudewicz agreed that the dismissal of Russo's criminal charges meant the Department could no longer suspend him under the provisions of Appendix A. See Exhibit D, Declaration of Michael Wood.

41. Thereafter, Michael Wood received a letter from Chief Rudewicz dated October 26, 2000, indicating that Russo was reinstated effective October 29, 2000. This information was communicated to Attorney Brewer. See Exhibit D, Declaration of Michael Wood.

42. The Union pursued the grievance. The grievance terminated in favor of Nicholas Russo and he was awarded back pay and benefits for the period of September 15, 2000 until October 29, 2000. See Exhibit D, Declaration of Michael Wood.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

43. The Union filed a grievance to the fourth step, which consists of a hearing before the Connecticut Labor Department's Board of Mediation and Arbitration. See Exhibit D, Declaration of Michael Wood.

44. Subsequent to filing at the fourth step, the Connecticut Supreme Court reversed the dismissal of Russo's criminal charges, which again authorized Russo's suspension under Appendix A of the Collective Bargaining Agreement. See Exhibit D, Declaration of Michael Wood.

45. In November of 2003, Nicholas Russo was convicted of felony charges in New London Superior Court. A felony conviction renders any grievance brought on Nicholas Russo's behalf moot given that the Union could never prove that the suspension of Nicholas Russo in 1997 and thereafter was unjust. Further, a felony conviction precludes Nicholas Russo from being sworn as a police officer in Hartford, Connecticut. See Exhibit D, Declaration of Michael Wood.

46. The Union acted in good faith at all times concerning Nicholas Russo's suspension. See Exhibit D, Declaration of Michael Wood.

47. Russo's complaint against the Police Union Defendants is in their capacity as Union officials. See Exhibit E, Russo Deposition, p. 164: 17-20.

48. Nicholas Russo has no evidence that Michael Wood or Tom Hardwick collaborated with the Hartford Police Department in violating his civil or due process rights. See Exhibit F, Russo Deposition, pp. 176: 9 - 177: 3.

49. When Nicholas Russo was speaking to Larry Reynolds during the November 1997 drug test, he was looking to Reynolds as a Union official and expected Reynolds to address any of Russo's concerns as the Union president. See Exhibit G, Russo Deposition, p. 178: 2-9.

50. Nicholas Russo was aware that his felony arrest on December 17, 1997 gave the Department the right to suspend him without a hearing. See Exhibit C, Russo Deposition, p. 190: 8-13.

51. Nicholas Russo was aware that the Union made a demand for his immediate reinstatement after his criminal charges were dismissed. See Exhibit H, Russo Deposition, p. 175: 5-8.

52. Article II, Section 2.2 of the Collective Bargaining Agreement provides:

> Grievances involving discharge, suspension, and demotion, following disposition by the Chief of Police, shall be processed beginning at the third (3rd) step. Grievances involving documented counseling, oral and written reprimands shall be final at the third (3rd) step of the procedure, provided that after the following time limits in which no discipline has been issued for a similar offense; documented counseling six (6)

> months, oral reprimand one (1) year, written reprimand two (2) years; these incidents for the purpose of discipline will be disregarded in any future disciplinary action. No employee shall be suspended, discharged, demoted or disciplined except for just cause.

See Exhibit I.

53. The issue in the grievance filed by the Union on behalf of Nicholas Russo was, "Whether the grievant was suspended for just cause on December 17, 1997, in accordance with Article II, Section 2.2 of the collective bargaining agreement between the City of Hartford and the Hartford Police Union." See Exhibit J.

THE DEFENDANTS,
HARTFORD POLICE UNION,
LAWRENCE REYNOLDS,
THOMAS HARDWICK and MICHAEL WOOD

By: _____
FRANK J. SZILAGYI
Federal Bar No. CT07859
Josephine A. Spinella
Federal Bar. No. CT24009
Silvester & Daly
72 Russ Street
Hartford, CT 06106
Tel. (860) 278-2650
Federal Bar No. CT07859

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, in the United States mail, this 24th day of December, 2003 to:

Erin O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

John Shea, Esq.
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205

John T. Forrest, Esq.
142 Jefferson Street
Hartford, CT 06106

Charles L. Howard, Esq.
Gregg P. Goumas, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

By: _____
FRANK J. SZILAGYI
Silvester & Daly

HPU/Russo/ Statement of Facts