RECEIVED

FILED

'04 JAN 23 P 1:32

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR.<br>PLAINTIFF | : | CIVIL ACTION NO. |
| | : | 3:00CV1794(JCH) |
| v. | : | |
| | : | |
| JOHN M. BAILEY, ET AL<br>DEFENDANTS | : | DECEMBER 24, 2003 |

## DECLARATION OF LARRY REYNOLDS

1. My name is Larry Reynolds and I am over the age of eighteen and believe in the obligations of an oath.

2. From 1983 to November 14, 2003 I have been employed by the Hartford Police Department (hereinafter referred to as the "Department") as a police officer.

3. From 1995 to late 1997, I served as the Employee Assistance Program (hereinafter referred to as the "EAP") Coordinator for the Department.

4. As the EAP Coordinator, I served as a liaison between the Department and the agency contracted to provide EAP services, which are referrals for officers with personal problems, to members of the Department.

5. Since 1993, I have held various Hartford Police Union (hereinafter referred to as the "Union") offices and in February of 1997 I became the President of the Union.

6. The Union is recognized as the sole and exclusive bargaining agent for sworn members of the Department pursuant to certification granted by the Connecticut State Board of Labor Relations dated February 17, 1984 and August 12, 1994 (ME 14,689) for the purposes of collective bargaining under the provisions of the Municipal Relations Act.

7. While serving in the capacity of EAP coordinator or Union official, I performed no law enforcement functions.

8. Both the offices of EAP and the Union were located in offices outside the Department.

9. Both the EAP and the Union had separate telephone numbers than that of the Department and any call received by the Department could not be transferred to either the EAP or the Union offices.

10. In my role as EAP Coordinator, I was responsible for coordinating drug testing of members of the Department.

11. The EAP Coordinator has no authority to refer any employee for any kind to drug testing and I never made a referral for Nicholas Russo to be drug tested.

12. On January 10, 1997, the Department subjected Nicholas Russo to a drug test.

13. I played no role in the decision to make the referral and was never made aware of the outcome of any of Nicholas Russo's drug tests.

14. Nicholas Russo never filed any grievance, nor requested that the Union file a grievance concerning this drug test, despite being given a suspension of two days for his unauthorized absence from work on January 7 and 8, 1997.

15. Nicholas Russo pled no contest to the aforementioned two-day suspension.

16. Nicholas Russo was drug tested on November 4, 1997.

17. Prior to this November drug test I had no meetings or any contact with anyone at the Department concerning the basis for subjecting Nicholas Russo to the drug test.

18. While off-duty on November 4, 1997 I was contacted by Captain Jeffery Flaherty to meet him in front of police headquarters to accompany Jeffery Flaherty, Sergeant Norberto Huertas and Nicholas Russo to the drug testing facility in Bloomfield, Connecticut.

19. When I arrived to meet the aforementioned parties, I was in plain clothes, off-duty and not wearing or carrying any department-issued equipment or firearms.

20. My presence was not in furtherance of any law enforcement function, but only as the EAP Coordinator to facilitate the test.

21. In the past, I have done the same on three or four occasions when other officers where subjected to reasonable cause drug testing.

22. Once the drug test was completed we returned to headquarters.

23. I then left, as did Jeffery Flaherty, Norbeto Huertas and Nicholas Russo.

24. Nicholas Russo was not disciplined as a result of this drug test.

25. Nicholas Russo never contacted the Union about filing any grievance concerning the drug test, nor did he file any grievance on his own behalf concerning the test.

26. On December 16, 1997, Nicholas Russo was arrested and charged with four felony counts.

27. I did not participate in the investigation or arrest of Nicholas Russo.

28. The Collective Bargaining Agreement between the Department and the Union, specifically Appendix A, paragraph 6 (a) provides that an officer

arrested for a felony may be suspended without pay and without a prior disciplinary hearing.

29. Immediately after his arrest Nicholas Russo was suspended by Chief Croughwell.

30. The suspension of Nicholas Russo was made by Chief Croughwell pursuant to Appendix A of the Collective Bargaining Agreement and did not give rise to a grievable offense by the Department.

31. Nicholas Russo never request that a grievance be filed based on his suspension for a felony arrest.

32. Nicholas Russo testified that he was aware of the Department's right to suspend an officer that was arrested for a felony.

33. I resigned from my EAP position sometime in December of 1997.

34. I resigned from Union position, effective February 1, 1999.

35. Prior to my resignation from the Union, I had no basis under the Collective Bargaining Agreement to bring any grievance on behalf of Nicholas Russo, nor did he request that I do so at any time.

THE DECLARANT,

_____
Larry Reynolds

Sworn to and subscribed to
me on this 6th day of
January, 2004.

_____
Josephine A. Spinella
Commissioner of the Superior Court

HPU/Russo/ Reynolds Affidavit.doc

6

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, in the United States mail, this 21st day of January, 2004 to:

Erin O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

John Shea, Esq.
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205

John T. Forrest, Esq.
142 Jefferson Street
Hartford, CT 06106

Charles L. Howard, Esq.
Gregg P. Goumas, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

By: /s/ J.A. Spinella
JOSEPHINE A. SPINELLA
Silvester & Daly