UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 MAR 19 P 2: 33

U.S. DISTRICT COURT
BRIDGEPORT

NICHOLAS O. RUSSO, JR.,                    :    CIVIL ACTION NO.
                                           :    3:00CV1794 (JCH)
        PLAINTIFF,                         :
                                           :
V.                                         :
                                           :
JOHN M. BAILEY, ET AL.                     :    MARCH 19, 2004


PLAINTIFF'S RULE 56(c)(1) STATEMENT— *POLICE*


1.    Admit.

2.    Admit.

3.    Deny.  Russo testified at Russo Vol. at 13-16:

      "A    I became drug dependent on painkillers.

      Q    When did you become drug dependent on painkillers?

      A    Probably in about 1986 -- '85, '86."

4.    Admit.

5.    Admit.

6.    Admit.

7.    Admit.

8.    Deny.  During the period that Russo was the union steward, between 1990-1993, he was

      aware of the CBA and knew how to reference terms of the CBA. Russo Vol. I at 49.

9.    Admit.

10.    Admit.

11.    Admit.

12.    Deny.  In 1997, Russo was a Police Detective. Plaintiff's affidavit, ¶ 1.

13.    Admit.

14.    Deny.  Prior to 1997, Russo was aware of the Policy's existence but was not aware of the
       Policy's enforcement. Plaintiff's affidavit, ¶ 2.

15.    Admit.

16.    Deny. Russo did not have the right to refuse because he was placed in custody, his gun
       was taken away and he physically restricted from leaving the police car. Plaintiff's
       56(c)(2) Statement ¶ 227, 229, 230, 234, 239, 244.

17.    Deny.  Russo was not ordered to submit to the drug test he was forced  into custody and
       forced to submit to the drug test.  Russo did not understand that the Policy requires the
       HPD to provide transportation because the language of the Drug Testing Policy does not
       require the HPD to provide transportation. Police defendants' 56(c) Statement ¶ 15;
       Plaintiff's 56(c)(2) Statement ¶ 227, 234.

18.    Deny.  The Chief's decision must be based upon observations. Plaintiff's 56(c)(2)
       Statement ¶ 241.

19.    Admit.

20.    Admit.

21.    Admit.

22.    Admit.

23.    Admit.

24.    Deny.  Russo was locked out of CAPers and did not have access to the CAPers office

even though Russo was assigned to CAPers. Plaintiff's 56(c)(2) Statement ¶ 128-134

25.    Admit.

26.    Admit.

27.    Admit.

28.    Admit.

29.    Admit.

30.    Deny. Roberts did not have training as a supervisor. Plaintiff's 56(c)(2) Statement ¶ 123.

31.    Deny. Russo did not have a poor performance record. Plaintiff's 56(c)(2) Statements ¶ 5-16.

32.    Deny.

33.    Deny.  Neither Roberts or Lilley had training in identifying drug abuse problems. Plaintiff's 56(c)(2) Statement ¶ 123.

34.    Admit that Russo testified that <u>if the statements were true</u> they would support reasonable suspicion, but also stated that the statement were false. Russo Vol. III, p. 5-6.

35.    Deny. Russo repeatedly testified that the entire document was false. Russo Vol. III, p. 5-6.

36.    Deny.  Russo denies the entire document. Russo Vol. III, p. 5-6.

37.    Deny. During September 1996, Russo was still assigned to the Task Force. Police defendants' 56(c) Statement ¶ 28.

38.    Deny.  Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2) Statement ¶ 115-125.

39.    Deny.  Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2) Statement ¶ 115-125.

40.    Deny.  Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)

Statement ¶115-125.

41.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

42.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

43.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

44.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

45.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

46.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

47.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

48.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

49.   Admit.

50.   Deny.   Russo denies the entire document. Russo Vol. III, p. 5-6. Plaintiff's 56(c)(2)
Statement ¶115-125.

51.   Deny.

52.   Admit.

53.   Admit.

54.    Admit.

55.    Admit.

56.    Admit.

57.    Deny. Codeine is not covered by the Drug Testing Policy. Deny. Plaintiff's 56(c)(2) Statement ¶241.

58.    Admit.

59.    Deny, Russo did not admit that he took all of the medication. Russo Vol. I at 124.

60.    Deny. Russo was taking Tylenol 3 with Codeine in 1997. Russo Vol. I. at 118.

61.    Deny. As a result of the prescribed Tylenol 3 Russo experienced side effects. Id at 142-145.

62.    Admit.

63.    Deny. Russo was taking Tylenol 3 with Codeine in January , 1997, but denies taking it up to 30 pills a day. Russo Vol. II at 215.

64.    Admit.

65.    Admit. Russo never had impaired judgment while taking Tylenol 3. Durham, roman, Huertas, Mudock.

66.    Deny. Russo was taking prescribed amounts of Tylenol 3 in 1997. Russo Vol. I. at 118.

67.    Deny. Croughwell did not direct Russo to take a drug test pursuant to the Drug Testing Policy. Plaintiff's 56(c)(2) Statement ¶239-246.

68.    Admit.

69.    Deny.

70.    Admit.

71.    Admit.

72.    Deny, Russo filed a federal lawsuit for the January , 1997 drug test. (Plaintiff's affidavit, ¶ 4).

73.    Admit.

74.    Admit.

75.    Deny. Plaintiff's 56(c)(2) Statement ¶ 13, 16.

76.    Admit, Russo did testify to such statement. Deny, that Roberts was the only person who ordered him to report daily. Police Defendants' 1794, 56(c)(2) Statement ¶ 74.

77.    Admit, Russo did not complain to Croughwell, but US Attorney John Durham spoke with Croughwell. Plaintiff's 56(c)(2) Statement ¶ 16.

78.    Admit.

79.    Admit.

80.    Admit.

81.    Admit.

82.    Admit.  City of Hartford violated the contract as they had no list to pick from, just one therapist, Mark Braunsdorf.

83.    Deny. Barrows never spoke to Russo's family about suicide nor regular business. Plaintiff's affidavit, ¶5.

84.    Admit.

85.    Deny,  Plaintiff's 56(c)(2) Statement ¶ 117-121

86.    Admit.

87.    Deny. Plaintiff's 56(c)(2) Statement ¶ 117-121.

88.    Deny. Plaintiff's 56(c)(2) Statement ¶ 113-114.

89.    Deny. Plaintiff's 56(c)(2) Statement ¶ 113-114.

90.    Admit. Diversionary Inspector Brown had no police powers to investigate criminally. Plaintiff's 56(c)(2) Statement ¶ 104-110.

91.    Admit. Brown acted outside and negligently his authority which is clearly defined by DEA regulations and US Code. Plaintiff's 56(c)(2) Statement ¶ 104-110.

92.    Deny. Plaintiff's 56(c)(2) Statement ¶ 104-110.

93.    Admit, in part. Deny, in part.  Plaintiff's 56(c)(2) Statement ¶ 104-110.

94.    Admit.

95.    Admit.

96.    Deny. Plaintiff's 56(c)(2) Statement ¶ 90-99.

97.    Deny. Plaintiff's 56(c)(2) Statement ¶ 104-110.

98.    Deny. Plaintiff's 56(c)(2) Statement ¶ 104-110.

99.    Deny. Plaintiff's 56(c)(2) Statement ¶ 104-110.

100.   Deny.  Plaintiff's 56(c)(2) Statement ¶ 231- 233, 247.

101.   Deny. Plaintiff's 56(c)(2) Statement ¶ 231- 233, 247.

102.   Deny.

103.   Deny. Croughwell knew of the drug test results and told Hartford Courant reporter Tina Brown of the drug test. Plaintiff's affidavit ¶6.

104.   Deny.  Russo filed the federal lawsuit and told Larry Reynolds as Reynolds was present at the drug test that he wanted to file a grievance. Plaintiff's 56(c)(2) Statement ¶230; Plaintiff's affidavit ¶7.

105.   Deny, Russo was ordered out sick, suspended without pay, arrested, and had his health benefits canceled and workers' compensation benefits denied.  Plaintiff's 56(c)(2) Statement Sections V, VI, VII, VIII, IX, X.

106.    Deny, Plaintiff's 56(c)(2) Statement ¶ 70, 80-83.

107.    Deny, Hajdasz, Brown, Joan Alexander, and Hammick drafted the warrant for Russo's arrest. Thomas reviewed the warrant and it was signed by the Judge. Carlson also signed off on it. Plaintiff's 56(c)(2) Statement ¶ 266.

108.    Admit.

109.    Admit. Russo was arrested at his home and was walked out in front of his neighbors to the police car that was parked across the parking lot in order to embarrass him even though there is no legitimate reason for extending the amount of distance someone has to walk in handcuffs outside their residence. (Flaherty Deposition, p. 173, lines 1-5.)

110.    Deny, Plaintiff's 56(c)(2) Statement ¶ 70, 80-83.

111.    Deny, Plaintiff's 56(c)(2) Statement ¶ 70, 80-83.

112.    Admit.

113.    Admit.

114.    Admit

115.    Admit

116.    Admit

117.    Admit

118.    Admit.

119.    Admit. Plaintiff's 56(c)(2) Statement ¶ 129-135.

120.    Deny, Plaintiff's 56(c)(2) Statement ¶ 129-135.

121.    Deny, either Casati or Kenary changed the locks. Plaintiff's 56(c)(2) Statement ¶ 129-135.

122.    Deny, Russo was purposefully excluded and not given a key. Plaintiff's 56(c)(2)

Statement ¶ 129-135.

123.    Admit.

124.    Admit.

125.    Admit.

126.    Admit.

127.    Admit.

128.    Admit.

129.    Admit.

130.    Admit.

131.    Admit.

132.    Admit.

133.    Admit.

134.    Admit.

135.    Admit.

136.    Admit

137.    Admit.

138.    Admit. Plaintiff's 56(c)(2) Statement ¶ 169-181.

139.    Admit. Plaintiff's 56(c)(2) Statement ¶ 169-181.

140.    Admit. Plaintiff's 56(c)(2) Statement ¶ 169-181.

141.    Admit. Plaintiff's 56(c)(2) Statement ¶ 169-181.

142.    Admit.

143.    Admit. Plaintiff's 56(c)(2) Statement ¶ 169-181.

144.    Deny, Lawlor threatened Russo following the October 30, 1997 threat. Plaintiff's 56(c)(2)

Statement ¶ 152, 204.

145. Admit.

146. Admit.

147. Admit.

148. Admit.

149. Admit.

150. Admit.

151. Admit.

152. Admit.

153. Admit.

154. Admit.

155. Admit.

156. Admit.

157. Admit.

158. Deny.

159. Admit.

160. Deny, the proper address was on the arrest warrant and the HPD knew how to contact

Russo at the correct address, which was not done. Plaintiff's affidavit ¶7.

161. Admit.

162. Admit.

163. Admit.

164. Deny, the HPD never provided the proper safety precautions that were required in order

for Russo to return. Plaintiff's 56(c)(2) Statement ¶ 190, 1991, 199, 203. Police

Defendants 1794 Statement ¶168, 169.

165.    Admit , the HPD never provided the proper safety precautions that were required in order

for Russo to return. Plaintiff's 56(c)(2) Statement ¶ 190, 191, 199, 203.

166.    Admit.

167.    Admit, Rudewicz waited until the training elapsed before reinstating Russo. Plaintiff's

56(c)(2) Statement ¶ 190, 191, 199, 203.

168.    Admit.

169.    Admit.

170.    Admit.

171.    Admit.

172.    Admit.

173.    Admit.

174.    Admit.

175.    Admit.

176.    Admit.

177.    Admit.

178.    Deny, in person his actions after physical threat was relayed 10/30/97

179.    Admit

180.    Deny. Plaintiff's 56(c)(2) Statement ¶ 152, 204.

181.    Admit.

182.    Admit.

183.    Admit.

184.    Admit.

185.   Admit.

186.   Admit.

187.   Admit.

188.   Admit.

189.   Admit.

190.   Admit.

191.   Admit.

192.   Admit.

193.   Admit.

194.   Admit .

195.   Admit.

196.   Admit.

197.   Admit.

198.   Admit.

199.   Admit.

200.   Admit.

201.   Admit.


202.

203.

The Plaintiff
Nicholas O. Russo, Jr.

by   Erin O'Neil

Brewer & O'Neil
818 Farmington Ave
W. Hartford, Ct. 06119

## CERTIFICATION

This is to certify that the foregoing has been faxed on March 19, 2004, to all counsel and pro se parties of record:

Charles L. Howard, Esq.
Gregg P. Goumas Esq.
Derek Mogck, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819

John P. Shea, Jr.
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205

Frank Szilagyi, Esq.
Silvester, Daly & Delaney
72 Russ Street
Hartford, CT 06106

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

_____
Erin I. O'Neil