UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 25  P 12: 00

U.S. DISTRICT COURT
BRIDGEPORT. CONN

NICHOLAS O. RUSSO, JR.,
PLAINTIFF

: CIVIL ACTION NUMBER
: 300CV1794(JCH)

v.

CITY OF HARTFORD, AND IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES:
JOSEPH CROUGHWELL, CHIEF OF POLICE;
AND JEFFREY FLAHERTY, POLICE CAPTAIN,
DEFENDANTS

MARCH 23, 2004

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ROBERTS & LILLEY'S MEMORANDA TO KENARY DATED 1/8/97 & 1/9/97 SUPPORTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Defendants Croughwell and Flaherty rely heavily in their Rule 56(a)(1) statement on two memoranda. One from Roberts to Kenary dated January 9, 1997 and the other from Lilley to Kenary dated January 8, 1997. Pursuant to Rule 56, plaintiff, Nicholas Russo, hereby moves to strike all paragraphs of Defendants' Local Rule 56(a)(1) Statement that rely Robert's and Lilley's Memoranda to Kenary because these memoranda are not admissible under either: Local R. Civ. P. 56(a)(3), Fed. R. Civ. P.56(e), Fed. R. Evid. 802 or Fed. R. Evid. 803. The following paragraphs should be striken: 33, 38, 41-43, 45, 46.

Local Rule 56(a)(3) states, "Each statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. *The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in*

*conformity with Fed. R. Civ. P. 56(e)*. Local R. Civ. P. 56(a)(3) (emphasis added).

In order for an exhibit to conform to Fed. R. 56(e) it must: (e) "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith*." Fed. R. 56(e) (emphasis added); Hamilton v Keystone Tankship Corp., 539 F2d 684 (9th Cir. 1976) (Exhibits which have not had proper foundation laid to authenticate them cannot support motion for summary judgment); Meserole v M/V Fina Belgique, 736 F2d 147 (5h Cir. 1984) (Unsworn letter is inadmissible on summary judgment); Caparelli v Proceeds of Freight, etc., F Supp 1345 (S.D.N.Y. 1974) (Unless very unusual circumstances justify it, evidentiary material offered in support of final judgment should consist of material within personal knowledge of affiant and not hearsay, and attached exhibits should be accompanied by sworn statements of circumstances that would qualify them as full exhibits); Edward B. Marks Music Corp. v Stasny Music Corp., 1 FRD 720 (D.C.N.Y. 1941) (Affidavits in support of, or in opposition to, motions for summary judgment must contain statements of fact based on personal knowledge of affiant and admissible in evidence; hence, statements contained in letters addressed to affiant are not proper).

In defendant's Local Rule 56(a)(1) Statement, defendant's rely on Robert's and Lilley's Memoranda, even though these documents are not sworn statements, affidavits, or certified documents. The statements made in these documents are out of court affirmations in interoffice memoranda which are inadmissable because they are not based upon personal knowledge, constitute inadmissible hearsay, contain conclusions of law, or are otherwise inadmissible. In particular, plaintiff moves to strike paragraphs 37, 41, 42,43,45, 46 and 99 of the defendant's

Local Rule 56(a)(1) Statement.

Statements in a Local Rule 56(a)(1) Statement are "vulnerable" to a motion to strike if they include exhibits which are not referred to in any affidavit filed by plaintiffs, are not authenticated, sworn or certified copies as required by Fed. R. Civ. P. 56(e) or contain conclusory factual allegations and legal contentions, also in contravention of Rule 56. Price v International Union, United Auto. Aerospace & Agricultural Implement Workers, 621 F Supp 1243, 1245-46 (D. Conn. 1985).

"On a motion for summary judgment, a court may not consider materials that would not be admissible in evidence at trial, and the exhibits of course would not be admissible without some form of authentication." Id. (However, finding no need to strike the improper statements as they were either irrelevant to the issue or duplicative of admissible evidence).

Rule 801 defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is inadmissible unless its admission is provided by the Federal Rules of Evidence. See Fed. R. Evid. 802. Federal Rules of Evidence 803 provides a number of exceptions to the prohibition of hearsay evidence. One of the exceptions, Fed. R. Evid. 803(6), provides:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Courts have found that "Incident Reports" do not constitute "business records" under Rule 803(6) because admitting them could result "in the admission of self-serving records of any incident for which an organization could foresee liability, as long as the records were made pursuant to some sort of regular recording system." Lewis v. Velez, 149 F.R.D. 474, 485-86 (S.D.N.Y. 1993); see also Bracey v. Herringa, 466 F.2d 702, 704, n.4 (7th Cir. 1972); Palmer v. Hoffman, 318 U.S. 109, 113-114 (1943).

The court in Lewis, noted that statements in incident reports made by corrections officers in alleged beatings of prisoners lacked indicia of reliability because the officers could be subject to disciplinary action, criminal charges, and civil liability for using excessive force. Lewis v. Velez, 149 F.R.D. 474, 485-86 (S.D.N.Y. 1993). The court was not swayed by assertions that the officers received strict instructions to prepare their reports truthfully. Id. at 486.

A second exception, Fed. R. Evid. 803(8), provides for an exception for public records and reports. It states:

> Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Rule 803(8), differs from Rule 803(6) in that it is designed to allow admission of official records and reports prepared by an agency or government office for purposes independent of specific litigation. United States v Stone 604 F2d 922 (5th Cir. 1979).

"The 'public records and reports' exception, like the other exceptions to the hearsay rule, is found in the common law and the Federal Rules of Evidence 'is premised . . . on the principles

of necessity and trustworthiness.'" Anderson v. New York, 657 F. Supp. 1571, 1578 (S.D.N.Y. 1987) (quoting Weinstein and Berger, Weinstein's Evidence, para. 803(8)[01], p. 233 (citing Wong Wing Foo v. McGrath, 196 F.2d 120, 123 (9th Cir. 1952); Vanadium Corp. v. Fidelity & Deposit Co., 159 F.2d 105, 109 (2d Cir. 1947))). Specifically, this "exception is recognized because of necessity or the inconvenience which would result from always requiring the testimony of the official in person to the facts he has recorded; and his official duty supports the requirement that there be found some circumstantial probability of trustworthiness." Vanadium Corp., 159 F.2d at 109; Anderson, 657 F.Supp. at 1578. For these strong policy reasons, the records of public officials are admissible in court despite their status as hearsay. Anderson, 657 F.Supp. at 1578.

In order for public records setting forth matters observed pursuant to duty to be admissible the source of information recorded must have personal knowledge of the matters observed. United States v Smith, 521 F2d 957 (D.C. Cir. 1975). Government documents including statements of opinions by persons who have not been shown to qualify as experts do not have the measure of reliability required by Rule 803 and are not admissible into evidence as hearsay exceptions. Fowler v Firestone Tire & Rubber Co., 92 F.R.D. 1, 9 (N.D. Miss. 1980).

Rule 803(8) recognizes three categories of public records which satisfies the exception: A) records of the office's or agency's own activities, B) records of matters observed pursuant to duty imposed by law and, C) evaluative reports. Anderson, 657 F.Supp. at 1578; Weinstein's Evidence, supra, 803(8)[01], p. 235.

Fed Rules of Evid 803(8)(B) reflects Congress' reluctance to implicitly credit accuracy of document prepared by law enforcement personnel which purport to recount observations made in furtherance of criminal investigations, so that use of government agent's memorandum . . .

requires evidence of memorandum's reliability. United States v Shoupe, 548 F2d 636 (6th Cir. 1977).

Rule 803(8)(C) applies only to investigative reports based on 'factual findings.' Anderson, 657 F.Supp. at 1578; Wetherill v. University of Chicago, 518 F. Supp. 1387, 1390 (N.D. Ill. 1981). "'Factual findings' as used in Rule 803(8)(C) has been and should be given an expansive reading." Anderson, 657 F.Supp. at 1578; Wetherill v. University of Chicago, 518 F. Supp. at 1390. Moreover, even if a memorandum could be considered a report based on factual findings, the Report's contents may still be inadmissible if the sources of information or other circumstances surrounding the report indicate a lack of trustworthiness or reliability. Anderson, 657 F.Supp. at 1578. Factors to consider in deciding whether to admit the evaluative findings of the Report under Rule 803(8)(C) are the timeliness of the investigation, the special skill or experience of the reporter, whether a hearing was held in conjunction with the investigation, and the motivation of the officials conducting the investigation. Id; Wilson v Beebe, 743 F2d 342 (6th Cir. 1984).

A strong likelihood of improper motivation on the part of a witness can outweigh all other trustworthiness factors. Anderson, 657 F. Supp. at 1579.

Furthermore, memoranda or reports prepared after an incident have been held inadmissible where the preparer of the report knows at the time of making the report that he or she may be in a law suit related to the incident or charged with wrongdoing as a participant, so that the writer, when making the memorandum or report is "sharply affected by a desire to exculpate himself and to relieve himself or his employer of liability." Hoffman v. Palmer, 129 F.2d 976, 991 (2d Cir. 1942), aff'd, 318 U.S. 109 (1943).

Applying the aforementioned factors to the memoranda they clearly are not based upon factual findings, no hearing was held, the statements are self-serving, and do not have the traditional indicia of reliability of business records or public records, contain conclusions of law and opinions by Lilley without any showing that Lilley has any special skill or experience in diagnosing psychological disorders, drug dependencies, or any medical conditions.

Defendants claim that most of the statements made by Lilley and Roberts are uncontradicted. Whether or not this is true, it does not follow as defendants assume that uncontradicted statements are "therefore, undisputed facts" and appropriately relied upon in a Rule 56(a)(1) statement. (Croughwell and Flaherty Local Rule 56(a)(1) Statement ("56(a)(1) Statement") ¶ 36). Hearsay does not become admissible simply because the opposing party does not offer contradictory testimony.

A number of highly prejudicial statements appear in Defendants Croughwell and Flaherty's hearsay memoranda: "Russo was making efforts to avoid reporting for duty to the CAPers division during his normal business hours." (56(a)(1) Statement ¶ 37); Russo "became agitated, appeared jittery"(56(a)(1) Statement ¶ 41); Russo was "aghast and perturbed" (56(a)(1) Statement ¶ 42); "Russo's eyes were glassy and watery, that his pupils were constricted, and that he had an abundance of energy." Russo was also talking a lot and speaking very fast." (56(a)(1) Statement ¶ 43); "Russo's behavior was attributable to amphetamines or some other stimulant." (56(a)(1) Statement ¶ 43). "Russo's speech was slurred and his thought pattern was disorganized. . . Russo's speech was slurred and disorganized, indicated . . . some type of use of a mind altering substance." (56(a)(1) Statement ¶ 45); Russo's speech was now sluggish and he sounded very jittery." (56(a)(1) Statement ¶ 46); "A person who is abusing Tylenol 3 with Codeine should not be allowed to continue working while they are abusing that substance."

(56(a)(1) Statement ¶ 99).

Because the memorandum from Roberts to Kenary dated January 9, 1997 and the memorandum from Lilley to Kenary dated January 8, 1997 are not admissible under either: Local R. Civ. P. 56(a)(3), Fed. R. Civ. P.56(e), Fed. R. Evid. 802 or Fed. R. Evid. 803, Pursuant to Rule 56, this court should strike all paragraphs of Defendants' Local Rule 56(a)(1) Statement which rely on the inadmissible memoranda, specifically 33, 38, 41-43, 45 and 46.

THE PLAINTIFF,
NICHOLAS O. RUSSO, JR.

By: /s/ Erin I. O'Neil
Erin I. O'Neil
818 Farmington Avenue
West Hartford, CT 06119
(860) 523-4055
Federal Bar # ct 23073

## CERTIFICATION

This is to certify that the foregoing has been faxed on March 23, 2004, to all counsel and pro se parties of record:

Charles L. Howard, Esq.
Gregg P. Goumas Esq.
Derek Mogck, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819

John P. Shea, Jr.
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205

Frank Szilagyi, Esq.
Silvester, Daly & Delaney
72 Russ Street
Hartford, CT 06106

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

_____
Erin I. O'Neil