UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| PLAINTIFF | : | |
| | : | 3:00CV1794(JCH) |
| v. | : | |
| | : | |
| JOHN M. BAILEY, ET AL | : | |
| DEFENDANTS | : | APRIL 12, 2004 |

**UNION DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO UNION DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

    **A.   Procedural Background**

The Union Defendants, Hartford Police Union (hereinafter referred to as "Union"), Michael Wood, Thomas Hardwick and Larry Reynolds, hereby submit this Reply to the Plaintiff's Opposition to the Union Defendants' Motion for Summary Judgment. The Union Defendants filed a Motion for Summary Judgment, a Memorandum of Law in Support of the Motion for Summary Judgment and a Rule 56 Statement of Facts on December 24, 2003. The Plaintiff, Nicholas O. Russo, filed a Memorandum in Opposition (hereinafter "Plaintiff's Opposition") and a Rule 56 Statement of Facts on March 19, 2004.

**B.   Union Defendants' Motion For Summary Judgment**

In their Motion for Summary Judgment, the Union Defendants argue that they are entitled to judgment as a matter of law on the Plaintiff's 42 U.S.C. § 1983 claim and the Plaintiff's claim that the Union breached its duty of fair representation.  Specifically, the Union Defendants argue that there is no genuine issue of material fact demonstrating that they were acting under the color of state law when the Plaintiff was drug tested in January 1997.  Thus, the Plaintiff cannot recover against the Union Defendants on his claim under § 1983.

Furthermore, the Union Defendants argue that there is no genuine issue of material fact demonstrating that the Union breached its duty of fair representation to the Plaintiff.  In support of their argument, the Union Defendants submit that once the Plaintiff had a grievable issue, the Union filed a grievance on behalf of the Plaintiff.

**C.   Plaintiff's Opposition To Union Defendants' Motion For Summary Judgment**

In response to the Union Defendants' Motion for Summary Judgment, the Plaintiff argues that, with regard to his § 1983 claim, the Union Defendants were acting in concert with state actors.  As a result, the Plaintiff argues that the Union Defendants were acting under the color of state law.  Therefore, the Plaintiff argues that his § 1983 claim is viable.

The Plaintiff also argues that the Union breached its duty of fair representation by refusing "to take action to effectuate the Plaintiff's immediate reinstatement to his position in the Hartford Police Department." See Plaintiff's Opposition, pg. 12.

## II. LAW AND ARGUMENT

### A. The Plaintiff's Argument That The Union Defendants Were Acting Under The Color Of State Law Contains Both Factual And Legal Misassertions

The Plaintiff argues that the Union acted in concert with the state actors, specifically the Police Defendants, when the Plaintiff was drug tested on or about November 4, 1997. This argument, however, contains several misstatements and misassertions. For example, the Plaintiff states that Reynolds was present during the car ride to the drug testing facility[1]. See Plaintiff's Opposition, pg. 10. The Plaintiff's statement is misleading in that it suggests that Reynolds was present during the car ride from New Haven to the Hartford Police Department, and then from the Hartford Police Department to the drug testing facility in Bloomfield. As Reynolds avers, after the Plaintiff was transported from New Haven to Hartford, Reynolds met the Plaintiff and other police officers at the Hartford Police Department. See Exhibit A of Union Defendants' Local Rule 56 Statement, Declaration of Larry Reynolds, dated December

---

[1] This statement is unsupported. The Plaintiff submits no affidavit or other supporting documentation to support this claim.

3

24, 2003 (hereinafter "Union Defendants' Exhibit A, Reynolds Declaration"), ¶ 18. Reynolds then traveled with the Plaintiff and the other police officers to the drug testing facility in Bloomfield.  See Union Defendants' Exhibit A, Reynolds Declaration, ¶ 18.

Additionally, the Plaintiff states: "On January 26, 1999, Larry Reynolds corresponded with Attorney Brewer regarding Russo's grievances thus indicating that he was aware of all of the issues involving Russo. (Exhibit 17.)."  Plaintiff's Opposition, pg. 10.  In support of this statement, the Plaintiff cites to a memorandum (hereinafter "Reynolds Memorandum") written by Reynolds to the file.  See Plaintiff's Exhibit 17. There is nothing in the Reynolds Memorandum indicating that a copy was mailed to Attorney Brewer or that it was intended to be correspondence addressed to Attorney Brewer.  Rather, the Reynolds Memorandum, on its face, contains Reynolds' notations from a teleconference that he had with Attorney Brewer on January 22, 1999.  See Plaintiff's Exhibit 17.

As indicated in the Reynolds' Memorandum, Reynolds initiated the teleconference with Attorney Brewer after receiving correspondence from Attorney Brewer regarding the Plaintiff.  See Plaintiff's Exhibit 17.  Reynolds states that "I initiated the phone call per correspondence received from subjects Attorney relative to the status of impending grievances."  Plaintiff's Exhibit 17.  In his Opposition and Statement of

Facts, the Plaintiff attaches correspondence from Attorney Brewer to Reynolds, dated January 11, 1999, in which Attorney Brewer inquires about any pending grievances regarding the Plaintiff.  See Plaintiff's Exhibit 18.  Attorney Brewer writes: "As you know Detective Russo has been suspended without pay for some time.  After conferring with my client it is unclear as to the status of any pending grievances.  Please provide all information, as described in the enclosed authorization, executed by my client."  Plaintiff's Exhibit 18.  The Plaintiff fails to attach the authorization to the correspondence in the Statement of Facts.

     The Plaintiff claims that Attorney Brewer's correspondence to Reynolds informed Reynolds that the Union was supposed to represent the Plaintiff.  See Plaintiff's Opposition, pg. 10-11.  Nothing in Attorney Brewer's correspondence suggests that the Plaintiff had requested that the Union represent him.  Rather, the plain language of the correspondence indicates that Attorney Brewer was merely requesting any information that the Union had regarding pending grievances relating to the Plaintiff.  See Plaintiff's Exhibit 18.[2]

     Despite these factual misassertions, the Plaintiff fails to offer any facts demonstrating that the Union Defendants acted in concert with state actors.  Without

---

[2] Furthermore, the Plaintiff offers no affidavits, deposition testimony, or otherwise that substantiate the Plaintiff's position that the correspondence was intended to alert the Union that it was to represent the Plaintiff.

making this demonstration, the Plaintiff cannot prevail on his § 1983 claim against the Union Defendants.  See Josey v. Filene's, Inc., 187 F. Supp. 2d 9, 16 (D. Conn. 2002) (holding that a plaintiff is required to allege and prove that he has been deprived of a federal right and that the person who deprived him of the right acted under color of state law).  Therefore, the Union Defendants are entitled to judgment in their favor on the Plaintiff's § 1983 claim.[3]

### B. The Plaintiff Fails To Demonstrate That There Are Material Facts That Show That The Union Breached Its Duty Of Fair Representation

The Plaintiff argues that there are material facts indicating that the Union breached its duty of fair representation.  The Plaintiff repeatedly contends that the Union has never taken action on behalf of the Plaintiff.  For example, the Plaintiff states that "From December 16, 1997 to the present, the Union Defendant did not challenge the Hartford Police Department's suspension of the Plaintiff."  Plaintiff's Opposition, pg. 11. The Plaintiff further states that "The Union Defendants refused to take action to effectuate the Plaintiff's immediate reinstatement to his position in the Hartford Police

---

[3] In his Opposition, the Plaintiff argues that the Union Defendants improperly rely on Ciambrielli v. County of Nassau, 292 F. 3d 307, (2d Cir. 2002), for the proposition that "[l]abor unions . . . generally are not state actors."  Id. at  323.  The Plaintiff further claims that in Ciambrelli, the plaintiff's claims against the union were not dismissed "because the union was a union, rather it dismissed the complaint because plaintiff offered no support for his joint action allegations."  See Plaintiff's Opposition, pg. 11, n.3.  The Plaintiff's assertion, however, is inaccurate.  The Ciambrelli court explicitly stated: "Because CSEA [Civil Service Employees Association, Inc] is not a state actor, and Ciambriello has not alleged sufficient facts to support the conclusion that it acted under color of state law, Ciambriello's § 1983 claims against CSEA must be dismissed."  Id. at 324.  Thus, the court dismissed the § 1983 claim because the plaintiff failed to demonstrate that the union (CSEA) was acting under the color of state law.

Department . . . . From December 16, 1997 to date, Defendant Union has taken no actions to protect the rights of the Plaintiff." Plaintiff's Opposition, pg. 12.

  The Plaintiff fails to cite to any documents that would support these contentions. The Plaintiff merely quotes a portion of Reynolds' deposition wherein Reynolds testified that he did not file a grievance on behalf of the Plaintiff. While Reynolds did in fact testify that he did not file a grievance on behalf of the Plaintiff, Reynolds resigned from his position as the Union President on February 1, 1999. See Union Defendants' Exhibit A, Reynolds Declaration, ¶ 34. As stated in the Union Defendants' Motion for Summary Judgment, the Plaintiff did not have a grievable issue until September 15, 2000, the date on which the felony charges were dismissed. As Michael Wood avers, the Union filed a premature third step grievance, dated August 11, 2000, on behalf of the Plaintiff at the request of Attorney Brewer. See Union Defendants' Exhibit D, Declaration of Michael Wood, dated December 24, 2003 (hereinafter "Union Defendants' Exhibit D, Wood Declaration"), ¶ 6. This grievance concerned the Plaintiff's suspension in 1997. Once the felony charges were dismissed, the Union actively pursued the grievance. Ultimately, the Plaintiff was reinstated and awarded back pay from the date that the felony charges were dismissed until the date he was reinstated, October 29, 2000. See Union Defendants' Exhibit D, Wood Declaration, ¶ 7, ¶ 10.

Clearly, the Plaintiff's suggestion that the Union failed to protect his rights or challenge his suspension are inaccurate. The Union duly represented the Plaintiff once the Plaintiff's grievance became ripe.

The Plaintiff also claims that the Union Defendants fail to provide "any evidence to support the continued suspension of the plaintiff." Plaintiff's Opposition, pg. 12. As stated above, the Plaintiff was reinstated on October 29, 2000. Subsequent to his reinstatement, the Supreme Court reversed the dismissal of the felony charges against the Plaintiff and the Plaintiff was again suspended. See Union Defendants' Exhibit D, Wood Declaration, ¶ 13. On November 3, 2003, the Plaintiff was convicted of six felony charges. See Affidavit of Nicholas Russo, dated March 18, 2004, ¶ 16; see also Union Defendants' Exhibit D, Wood Declaration, ¶ 14. These felony convictions preclude the Plaintiff from being a sworn police officer in the City of Hartford. See Union Defendants' Exhibit D, Wood Declaration, ¶ 14. Therefore, in light of his convictions, the Union has no basis to support the filing of another grievance on his behalf.[4]

---

[4] As noted above, the Plaintiff asserts that the Union has failed to offer any reason for his continued suspension. The Union submits, however, that it is not the Union's position to offer any reason for the Plaintiff's suspension since the Union does not have the authority to suspend police officers. Rather, the City of Hartford determines both who gets suspended and the reasons that support the suspension.

The Plaintiff utterly fails to demonstrate that the Union breached its duty of fair representation. Therefore, the Union is entitled to judgment in its favor on the Plaintiff's claim of breach of the duty of fair representation.

### C. Plaintiff Failed To Comply With Local Rule 56

Pursuant to Local Rule 56 (a) (2), the party opposing a motion for summary judgment must include in its opposition, "a document entitled 'Local Rule 56 (a) 2 Statement,' which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56 (a) 1 Statement whether each of the facts asserted by the moving is admitted or denied. The Local Rule 56 (a) 2 Statement must also include in a separate section entitled 'Disputed Issues of Material Fact' a list of each issues of material fact as to which it is contended there is a genuine issue to be tried." L. Civ. R. 56.

Local Rule 56 (a) (3) further provides that each statement of fact and each denial in a Local Rule 56 (a) 2 Statement must be followed by a citation to an affidavit or evidence that would be admissible at trial. See L. Civ. R. 56. The opponent's failure to comply with this rule can result in "an order granting the motion." L. Civ. R. 56.

In applying Local Rule 56, the "Court has repeatedly held that the opposing party's failure to submit a timely Local Rule 56 (a)2 Statement will result in the Court's

deeming admitted all facts set forth in the moving party's Local Rule 56(a)1 Statement." Tyson v. Willauer, 289 F. Supp. 2d 190, 194 (D. Conn. 2003).

In this instance, the Plaintiff submitted a Joint Local Rule 56(a)2 Statement in Opposition to Defendants' Motion for Summary Judgment, dated March 18, 2004. While the Plaintiff sets forth material facts that he relies on in his various oppositions, he fails to respond to the Union Defendants' Statement of Facts, or to include a section entitled "Disputed Issues of Material Fact" as is required under the rule. Therefore, in failing to properly comply with Local Rule 56, the Union Defendants submit that the court should deem admitted all the facts set forth in their Local Rule 56 (a) 1 Statement of Facts.

### III.    CONCLUSION

For the foregoing reasons as well as the reasons set forth in the Union Defendants' Motion for Summary Judgment and Memorandum of Law, the Union Defendants submit that the court should grant their Motion for Summary Judgment.

THE DEFENDANTS,
HARTFORD POLICE UNION,
LAWRENCE REYNOLDS,
THOMAS HARDWICK and MIKE WOOD


By:_____
   JOSEPHINE A. SPINELLA
   Silvester & Daly
   72 Russ Street
   Hartford, CT 06106
   Tel. (860) 278-2650
   Juris No. CT24009

**CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 12th day of April, 2004 to:

James S. Brewer, Esq.  
Law Office of James S. Brewer  
818 Farmington Avenue  
West Hartford, CT  06119

John T. Forrest, Esq.  
142 Jefferson Street  
Hartford, CT 06106

Attorney Helen Apostolidis  
Office of Corporation Counsel  
City of Hartford  
550 Main Street  
Hartford, CT  06103

Charles L. Howard, Esq.  
Gregg P. Goumas, Esq.  
Shipman & Goodwin  
One American Row  
Hartford, CT 06103-2819

John Shea, Esq.  
Sabia & Hartley, LLC  
190 Trumbull Street  
Suite 202  
Hartford, CT 06103-2205

By:_____  
    JOSEPHINE A. SPINELLA  
    Silvester & Daly

hpu-russo/reply to plt opp MSJ.033104