UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS RUSSO | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:00-CV-1794 (JCH) |
| v. | : | |
| | : | |
| JOHN BAILEY, et al. | : | |
|     Defendants. | : | JANUARY 13, 2005 |

### DEFENDANT, CITY OF HARTFORD'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

The Defendant, City of Hartford (hereinafter "Hartford"), submits this memorandum in support of its Motion For Judgment On The Pleadings. Pursuant to Fed. R. Civ. P. 12(c) (hereinafter "Rule 12(c)"), Hartford moves for judgment on the Seventh Count of Plaintiff's Sixth Amended Complaint (hereinafter the "Russo II Complaint") because this claim is barred by the doctrine of collateral estoppel.

### I. INTRODUCTION

On September 30, 2004, this Court ruled on numerous motions for summary judgment pertaining to three matters which had been consolidated for purposes of discovery, including Russo v. City of Hartford, et al., 97 CV 2380 (hereinafter "Russo I"); Russo v. Bailey, et al, 00 CV 1794 (hereinafter "Russo II"), and Russo v. Marquis, 00 CV 2382 (the memorandum of decision being referred to hereafter as the "Ruling"). Two claims remain in this case (Russo II) after the Ruling, including a portion of the First Count directed to defendants Croughwell, Flaherty, Kenary, Roberts, Lyons and

1

Lawlor (hereinafter the "Police Defendants") and the Seventh Count directed to Hartford.

Plaintiff's First Count alleges that the Police Defendants violated his First Amendment rights by subjecting him to adverse employment actions in retaliation for his participation in protected speech. Plaintiff's Seventh Count alleges that Hartford is liable under 28 U.S.C. § 1983 (hereinafter "Section 1983") for the constitutional harm suffered by Plaintiff at the hands of the Police Defendants because such harm was proximately caused by a Hartford policy or custom of retaliation.

As all material issues of law and fact raised by the Seventh Count were fully and fairly litigated by the parties and were necessarily decided by the Court in entering a valid and final judgment for Hartford in Russo I, Plaintiff is precluded by the doctrine of collateral estoppel from pursuing them again in this action. Hartford is therefore entitled to judgment on the pleadings pursuant to Rule 12(c).

## II.  FACTS

For purposes of this Motion, the Court may take judicial notice of the following undisputed facts. Plaintiff instituted Russo I by initial Complaint dated November 7, 1997. The First Count of Russo I asserted, among other claims, First Amendment retaliation against Defendants Croughwell and Flaherty. Amended Complaint, dated August 29, 2001 (hereinafter the "Russo I Complaint"). That claim, which is the only claim in Russo I to survive summary judgment, asserts that Croughwell and Flaherty

unlawfully retaliated against Plaintiff due to his association with federal law enforcement officials and his purported cooperation with federal investigators probing police corruption. Russo I Complaint, ¶¶ 19, 20, 21, 22-25; Ruling, p. 9. The Court, in ruling on Defendants Croughwell and Flaherty's Motion for Summary Judgment, determined that Plaintiff had created a triable issue of fact as to whether the following actions constitute adverse employment actions: (1) Plaintiff's November 4, 1997 drug test (Russo I Complaint, ¶ 25; Ruling, pp. 4, 5, 16, 17, 34, 35); (2) Croughwell's comments to Plaintiff during a October 30, 1997 telephone call; (Russo I Complaint, ¶ 23; Ruling, pp. 4, 5, 18, 34, 35, 44 n. 24); (3) the investigation into Plaintiff's use of prescription drugs in September of 1997 (Ruling, pp. 4, 5, 9, 16, 17, 34, 35); and (4) Plaintiff's suspension without pay following his arrest by the South Windsor Police Department (Ruling, pp. 4, 5, 9, 16, 17, 34, 35).[1]

The Second Count of Russo I asserted that Hartford was liable to Plaintiff for such retaliation pursuant to Section 1983 because the adverse employment actions were undertaken pursuant to a Hartford policy or custom. Russo I Complaint, Second Count. The Court granted summary judgment for Hartford on Plaintiff's Second Count in Russo I, noting that Plaintiff had failed to establish the existence of the required

---

[1] The Russo I Complaint does not specifically reference the investigation into Plaintiff's prescription drug use or his post-arrest suspension. It is clear, however, that Plaintiff ultimately pursued relief, and the Court addressed individual and municipal liability, for such activity in Russo I. Ruling, pp. 9. 16-17, 34-35.

policy or custom. Ruling, pp. 31-39. In support of this finding, the Court necessarily addressed several legal and factual issues affecting municipal liability under Section 1983.

First, the Court noted that Plaintiff could not, as a matter of law, establish that the actions of Croughwell or his subordinates constitute the requisite policy because their discretion in administering the alleged adverse employment actions was both constrained by personnel policy established by the City Council or City Manager and subject to meaningful review. Ruling, pp. 32-35. Second, the Court rejected Plaintiff's claim that such a policy could be found in Hartford's purported deliberate indifference to Plaintiff's constitutional rights because Plaintiff could not, as a matter of law, prove that Hartford failed to adequately train or supervise police personnel on the proper treatment of officers who investigate police corruption or work with the federal government. Ruling, pp. 35-38. Finally, the Court also determined that municipal liability was not supported by a custom of retaliation, as Plaintiff had failed to introduce evidence that there existed a systematic and widespread history of retaliation against officers who investigated police corruption or worked with the federal government sufficient to imply the constructive acquiescence of Hartford policy makers. Ruling, pp. 38-39.

Plaintiff instituted <u>Russo II</u> by Complaint dated September 20, 2000. After the Court's Ruling on Summary Judgment, Plaintiff has two remaining claims. Plaintiff's

First Count alleges First Amendment retaliation against the Police Defendants. This claim asserts that the Police Defendants unlawfully retaliated against him for his association with federal law enforcement officials, his purported cooperation with federal investigators probing police corruption and his filing of Russo I. Russo II Complaint, First Count, ¶ 55.  The Court determined that Plaintiff has created a triable issue of fact as to whether the following actions constitute adverse employment actions: (1) the denial of Plaintiff's access to his work space by Kenary and Roberts in the Spring of 1997 (Russo II Complaint, ¶ 22; Ruling, pp. 3, 45); (2) the investigation into Plaintiff's prescription drug use by Croughwell, Flaherty and Kenary commencing in September of 1997 (Russo II Complaint, ¶¶ 37-47; Ruling, pp. 3-5, 44, 45 ); (3) Plaintiff's suspension without pay following his arrest by the South Windsor Police Department on December 16, 1997 (Russo II Complaint, ¶¶ 37-47; Ruling, pp. 3-5, 44, 45); and (4) the telephone reprimand/threat conveyed to Plaintiff by Croughwell, Lyons and Lawlor on October 30, 1997 (Russo II Complaint, ¶ 35; Ruling, pp. 4, 43-45).

      Plaintiff's other surviving cause of action in Russo II, the Seventh Count, asserts that Hartford is liable for the constitutional deprivations asserted in the First Count pursuant to Section 1983 because they resulted from a Hartford policy or custom of retaliation.

### III.  ARGUMENT AND AUTHORITIES

**A.  The Movant's And Non-Movant's Respective Burdens On Rule 12(c) Motions For Judgment On The Pleadings.**

A motion for judgment on the pleadings is an appropriate vehicle to raise the defense of collateral estoppel.  See, e.g, W.J.F. Realty v. Town of Southampton, 220 F.Supp. 2d 140, 145-46 (E.D.N.Y. 2002) (assertion that claim barred by collateral estoppel brought pursuant to Rule 12(c)).  Pursuant to Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial.  Fed. R. Civ. P. 12(c)).  While the Court recently moved the trial date up three weeks (from March 21, 2005 to March 2, 2005), it remains possible for this motion to be heard without delaying the trial.  As the defense of collateral estoppel was not available to Hartford until after the issuance of the Court's September 30, 2004 Ruling, Hartford maintains that it is appropriate for the Court to entertain this Motion despite the rather tight pre-trial deadlines.

The standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim are also applied to a Rule 12(c) motion for judgment on the pleadings. See Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir.1999); Narvarte v. Chase Manhattan Bank, N.A., 969 F.Supp. 10, 11 (S.D.N.Y. 1997). Therefore, the Court "must view the pleadings in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party." Davidson v. Flynn, 32 F.3d 27, 29 (2d

Cir.1994); see also Madonna v. United States, 878 F.2d 62, 65 (2d Cir.1989); National Ass'n of Pharmaceutical Mfrs., Inc. v. Ayerst Labs, 850 F.2d 904, 909 n. 2 (2d Cir.1988) (indicating that the Court treats a motion for judgment on the pleadings as if it were a motion to dismiss); Slavsky v. New York City Police Dep't, 967 F.Supp. 117, 118 (S.D.N.Y.1997), aff'd, 159 F.3d 1348 (2d Cir.1998). The court should not dismiss a complaint unless it is apparent beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994) (citing Conley v. Gibson, 355 U.S. 41 (1957)).

  Courts deciding a motion can consider documents referenced in the complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing suit. See Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir.1993); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir.1991); Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co., Inc., 936 F.2d 759, 762 (2d Cir.1991); Skeete v. IVF America, Inc., 972 F.Supp. 206, 208 (S.D.N.Y.1997). The Court can also consider "matters of which judicial notice may be taken." See Leonard F. v. Israel Discount Bank of New York, 199 F.3d 99, 107 (2d Cir.1999) (quotation omitted); see also Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991). Thus, it is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation. See, e.g., Day v. Moscow, 955

F.2d 807, 811 (2d Cir.1992); Bal v. New York City Loft Board, No. 00 Civ. 1112, 2000 WL 890199, at *2 (S.D.N.Y. Jul. 5, 2000).

**B.     Hartford Is Entitled To Judgment On The Pleadings Because The Seventh Count Is Barred By The Doctrine Of Collateral Estoppel.**

As all issues of law and fact necessary to determine municipal liability under the Seventh Count have been fully and fairly litigated in Russo I, the doctrine of collateral estoppel precludes Plaintiff from relitigating these issues in this matter.  The doctrine of collateral estoppel, or issue preclusion, generally bars a party from relitigating in a second proceeding issues of fact or law that were fully and fairly litigated and actually decided in a prior proceeding.  Metromedia Company v. Fugazy, et al., 983 F.3d 350, 365 (2d. Cir 1992).  Where the preclusive effect of a prior federal decision is in issue, federal law on collateral estoppel is to be applied.  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d. Cir. 2002).

Under federal law, collateral estoppel applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issues; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits".  (Internal quotations omitted) Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d. Cir. 1997).[2]

---

[2]     Unlike appealability under 28 U.S.C. § 1291 (1988), collateral estoppel does not require a judgment which ends the litigation.  Metromedia, 983

### 1. Plaintiff's Seventh Count Raises The Same Three Theories Of Municipal Liability Previously Pursued In Russo I.

Both Plaintiff's Seventh Count in Russo II and his Second Count in Russo I allege that Plaintiff suffered adverse employment actions in 1997 in retaliation for his involvement with the activities of federal law enforcement officers. Both also assert that these adverse employment actions were undertaken pursuant to a Hartford policy or custom. In fact, the supporting allegations of the two complaints are strikingly similar. Both Russo I and Russo II assert that the requisite municipal policy or custom is established through either: (1) the actions of the individual defendants themselves (Russo II Complaint, Seventh Count, ¶ 3; Russo I Complaint, Second Count, ¶ 2); or (2) the deliberate indifference displayed to Plaintiff's constitutional rights by Hartford's failure to properly train or supervise police personnel (Russo II Complaint, Seventh Count, ¶ 4; Russo I Complaint, Second Count, ¶ 3).

Due to their similarity, both the Seventh Count of Russo I and the Second Count of Russo I can reasonably be read as asserting the same three theories of municipal liability. The first theory asserted in each count requires Plaintiff to prove that, under state and local law, the individual defendants possessed final policy making authority in the area of the subject adverse employment actions (hereinafter

---

F.3d at 366. A judgment is considered final for purposes of collateral estoppel if the conclusion in question is procedurally definite. Stone v. Williams, 970 F.2d 1043, 1056 (2nd Cir. 1992). The Court's Ruling in Russo I clearly satisfies this standard.

the "Policymaker Theory").  <u>Russo II</u> Complaint, Seventh Count ¶ 3; <u>Russo I</u> Complaint, Second Count, ¶ 2.  The second theory proffered by each count requires Plaintiff to prove that Hartford displayed a deliberate indifference to Plaintiff's constitutional rights by failing to adequately train or supervise police personnel in the proper handling of the particular situations at issue therein (hereinafter the "Deliberate Indifference Theory").  <u>Russo II</u> Complaint, Seventh Count ¶ 4; <u>Russo I</u> Complaint, Second Count, ¶ 3.  The third theory expressed by each count requires Plaintiff to prove that there existed a systematic and widespread history of engaging in the unlawful activities at issue therein sufficient to imply the constructive acquiescence of Hartford policy makers (hereinafter the "Custom Theory").  <u>Russo II</u> Complaint, Seventh Count, ¶ 4;  <u>Russo I</u>, Complaint, Second Count, ¶ 3.

> **2.    All Issues Of Fact And Law Necessary To Determine Hartford's Liability Under The Three Theories Asserted In Russo II Were Previously Raised By Plaintiff In Russo I.**

The Policymaker Theory asserted by Plaintiff in <u>Russo II</u> relies upon the same issues of fact and law previously raised in <u>Russo I</u>.  The issues of fact and law in <u>Russo II</u> pertaining to whether Croughwell, under state and local law, can be considered a final policy maker for purposes of the investigation of Plaintiff's prescription drug use, the threatening or reprimand of Plaintiff by phone on October 30, 1997, and the suspension of Plaintiff without pay after his arrest in December of 1997, were raised by Plaintiff in <u>Russo I</u>.  Ruling, pp. 4, 5, 18, 34, 35, 44 n.24.

Moreover, the issues of fact and law in Russo II relevant to whether Croughwell's subordinates (Flaherty, Kenary, Roberts, Lawlor and Lyons) can be considered final policy makers for purposes of Plaintiff's mistreatment were likewise previously raised by Plaintiff with regard to Flaherty in Russo I. Ruling, p. 33 n. 17. Russo II asserts no new issues of fact or law relevant to Hartford's liability pursuant to the Policymaker Theory.

     The Deliberate Indifference Theory asserted by Russo II also relies upon the same issues of fact and law previously raised in Russo I. Russo II, like Russo I before it, seeks to recover against Hartford for retaliation directed against Plaintiff in 1997 for his purported investigation of police corruption and his association with federal law enforcement officers.[3] The issues of fact and law in Russo II relevant to whether or not Hartford displayed a deliberate indifference to Plaintiff's constitutional rights by failing to properly train and supervise police personnel in the treatment of officers who are investigating corruption in the HPD and/or working with the federal government are identical to the issues raised by Plaintiff in Russo I. Ruling, pp. 35-38. Russo II

---

[3] Russo II also alleges that Plaintiff was retaliated against for filing suit against fellow officers (Russo I). While obviously not asserted in the pleadings in Russo I, this issue was nonetheless raised therein by Plaintiff. See Plaintiff's Memorandum In Opposition To The Motion For Summary Judgment By Defendant City of Hartford (the memorandum erroneously lists the Docket Number as 3:00 CV 2380), p. 17, citing Plaintiff's 56(a)2 Statement, ¶ 273. Moreover, any possible bases for municipal liability for such retaliation under Russo II was addressed, and dismissed, by the Court in Russo I. Ruling, pp. 36, 38-39.

asserts no new issues of fact or law relevant to Hartford's liability pursuant to the Deliberate Indifference Theory.

Finally, the Custom Theory raised by Russo II likewise involves the identical issues of fact and law raised in Russo I as it also seeks to recover for the same retaliatory animus previously asserted in Russo I.[4]  The issues of fact and law in Russo II relevant to whether there existed, in 1997, a systematic and widespread practice of retaliating against officers who investigated police corruption or worked with the federal government sufficient to imply the constructive acquiescence of Hartford policy makers are the same issues raised by Plaintiff in Russo I.  Ruling, pp. 38, 39. Russo II asserts no new issues of fact or law relevant to Hartford's liability pursuant to the Custom Theory.

Thus, all issues of fact and law pertaining to Plaintiff's claims of municipal liability in Russo II have been previously raised in Russo I.

### 3. All Issues Of Fact And Law Raised By The Seventh Count Of Russo II Were Actually Decided In Russo I After All Parties Had A Full And Fair Opportunity To Litigate Them.

The Court in Russo I examined all issues of fact and law relevant to the three theories of liability currently pursued by Plaintiff in Russo II.  As noted in the Facts section above (Section II), the Court made specific findings of fact and conclusions of law with respect to each of the three theories.  That those factual and legal issues

---

[4]   See Note 3, infra.

were fully and fairly litigated by Plaintiff cannot be disputed. Plaintiff was permitted by Fed. R. Civ. P. 56 and Local Rule 56 to submit all relevant evidence. Moreover, Plaintiff actually pursued and briefed each theory of liability referenced above.

> **4.    Resolution Of The Issues Of Fact And Law In Russo I Was Necessary To Support A Valid And Final Judgment On The Merits In Hartford's Favor**.

The Court entered judgment for Hartford on the merits of Plaintiff's Section 1983 First Amendment retaliation claim in Russo I. Ruling, pp. 33-38, 67. As noted by the Court in Russo I, for "a municipality to be liable under 42 U.S.C. Section 1983, the act that caused the violation of rights must have been committed pursuant to an official policy or custom." Ruling, p. 32, citing Monell v. Dep't of Soc. Services, 436 U.S. 658, 691-94 (1978). All three of the theories of liability previously advanced by Plaintiff in Russo I, and again asserted in Russo II, pertain to methods by which Plaintiff can establish the requisite policy necessary to establish Section 1983 liability against Hartford. Ruling, pp. 32-39. Thus, the Court's finding that Plaintiff could not recover against Hartford in Russo I necessarily required that it address the issues of fact and law relevant to each of those three theories. Accordingly, resolution of those factual and legal issues was necessary to support the valid and final judgment entered in Hartford's favor on the merits.

As the issues of law and fact raised by this Seventh Count are identical to issues previously raised by Plaintiff in Russo I, and as those issues were fully and

fairly litigated by the parties and necessarily decided by the Court in rendering a valid and final judgment for Hartford on the merits, Plaintiff is collaterally estopped from pursuing them again in this action. See Metromedia, 983 F.2d at 365-366 (applying collateral estoppel to bar a party's claim seeking to relitigate in a second proceeding issue previously litigated in a prior proceeding where four elements of collateral estoppel were met).

### III. CONCLUSION

For all the foregoing reasons, Plaintiff's Seventh Count is barred by the doctrine of collateral estoppel, and judgment should enter for Hartford on the pleadings.

DEFENDANT, CITY OF HARTFORD

By _____
John P. Shea, Jr.
Federal Bar CT 17433
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
Telephone: 860-541-2077
Facsimile: 860-713-8944
Its Attorney

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent via facsimile and U.S. Mail, first class, postage prepaid, on this 13th day of January, 2005 to:

| | |
|---|---|
| James S. Brewer, Esq.<br>Erin I. O'Neil-Baker, Esq.<br>818 Farmington Avenue<br>West Hartford, CT 06119 | John T. Forrest, Esq.<br>Law Offices of John T. Forrest, LLC<br>142 Jefferson Street<br>Hartford, CT 06106 |
| Charles L. Howard, Esq.<br>Gregg Peter Goumas, Esq.<br>Derek L. Mogck, Esq<br>Shipman & Goodman<br>One American Row<br>Hartford, CT 06103 | Helen Apostolidis, Esq.<br>City of Hartford<br>Corporation Counsel's Office<br>550 Main Street<br>Hartford, CT 06103 |
| Norman A. Pattis, Esq.<br>649 Amity Road, P.O. Box 280<br>Bethany, CT 06524 | Frank J. Szilagyi, Esq.<br>Silvester, Daly & Delaney<br>72 Russ Street<br>Hartford, CT 06106 |

<u>Chambers Copy:</u>
The Honorable Janet C. Hall
Unites States Distrcit Court
915 Lafayette Blvd.
Bridgeport, Ct

 

_____
John P. Shea, Jr.

E:\WPDOCS\City of Hartford\Russo\Trial Prep\dismiss.mol.12c.1.13.05wpd.wpd

15