UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 3:00-cv-1794 (JCH) |
| v. | : | |
| | : | |
| JOSEPH CROUGHWELL, ET AL. | : | |
| | : | |
| Defendants. | : | January 19, 2005 |

## MOTION FOR LEAVE TO AMEND
## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 15(a), defendants Joseph Croughwell, Jeffrey Flaherty,

David Kenary, Daryl Roberts, Christopher Lyons and Robert Lawlor (collectively "the

Police Defendants"), move this Court for leave to file their Amended Answer and

Affirmative Defenses in the above captioned matter. A copy of this proposed Amended

Answer and Affirmative Defenses is appended hereto as "Exhibit A".

Rule 15(a) of the Federal Rules provides that leave to amend "shall be freely given

when justice so requires." Fed.R.Civ.P. 15(a). The United States Court of Appeals for the

Second Circuit has adopted a very liberal approach under Rule 15(a), noting that said

approach reflects two of the most important principles behind the Federal Rules: pleadings

are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and "mere technicalities" should not prevent cases from being decided on the merits. Monahan v. Department of Corrections, 214 F.3d 275, 284 (2d Cir. 2000); See also 6 Charles Alan Wright, Arthur B. Miller & Mary Kay Kane, Federal Practice and Procedure; Civil 2d § 1471 (2d ed. 1990).

Thus, there exists a presumption in favor of permitting the amendment unless "doing so unfairly surprises the non-movant and impedes the fair prosecution of the claim." Id. Indeed, "it is rare that such leave should be denied." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d. Cir. 1991)(citation omitted). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad-faith." Block v. First Blood Assoc., 988 F.2d 344, 350 (2d. Cir. 1993).

The Police Defendants' Amended Answer and Affirmative Defenses contains minor changes to their earlier Answer mandated by the Court's September 30, 2004 Ruling on Police Defendants' Motion for Summary Judgment. They have also made minor changes, some of which are merely grammatical, to Paragraphs 22, 31, 37 and 48. In addition, the Police Defendants have deleted three affirmative defenses (First, Third and Fourth in previous Answer) and added three additional affirmative defenses. The first Affirmative

2

Defense (Fifth in proposed Amended Answer) is estoppel. The second Affirmative Defense (Sixth in proposed Amended Answer) is that plaintiff has failed to mitigate his damages. The third Affirmative Defense (Seventh in proposed Amended Answer) relates to the unavailability of back-pay or front-pay to plaintiff based on his conviction on multiple felony counts, and his earlier failure to meet the conditions for his reinstatement in September-October 2000.

The Plaintiff was previously on notice of the affirmative defense of estoppel, as the Police Defendants have asserted it in *Russo v. City of Hartford*, Civil Action No. 3:97-cv-2380(JCH), with which this matter has been consolidated for purposes of discovery. With respect to plaintiff's failure to mitigate his damages and his failure to meet the conditions for his reinstatement, the inclusion of these defenses will not result in any prejudice or surprise to Plaintiff inasmuch as the factual and legal grounds for these defenses were discovered and explored by all parties during the course of discovery. With respect to Police Defendants' claim that Plaintiff is not entitled to back-pay or front-pay based on his conviction on multiple felony counts, this defense arose only after Plaintiff's felony conviction and sentencing in January 2004, *after the close of discovery*. Moreover, the defense is based on undisputed fact (Plaintiff has been convicted on multiple felony counts)

and a matter of law (convicted felons cannot serve as police officers in the State of

Connecticut). Thus, Plaintiff will not suffer any prejudice as a result of the Police

Defendants asserting these defenses at this time.

WHEREFORE, the Police Defendants request that their Motion for Leave to Amend

be granted.

DEFENDANTS,
JOESPH CROUGHWELL, JEFFERY
FLAHERTY, DAVID KENARY, DARYL
ROBERTS, CHRISTOPHER LYONS and
ROBERT LAWLOR


By: _____
Charles L. Howard (ct 05366)
Gregg P. Goumas (ct 19095)
Derek L. Mogck (ct 23688)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5000
Fax: (860) 251-5214

4

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Amended Answer and Affirmative Defenses was mailed on this 19th day of January, 2005, via first class mail, postage prepaid, as follows:

Attorney Erin I. O'Neil
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT  06119

John T. Forrest, Esq.
Law Offices of John T. Forrest
142 Jefferson Street
Hartford, CT 06106

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT  06103

Norm Pattis, Esq.
P.O. Box 280
Bethany, CT 06524

John P. Shea Jr., Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

392273 v.01 S1

Gregg P. Goumas