

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00-cv-1794 (JCH) |
| v. | : | |
| JOSEPH CROUGHWELL, ET AL. | : | |
| Defendants. | : | February 8, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR SUPPLEMENTAL MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, City of Hartford, Joseph Croughwell, Daryl Roberts, James Flaherty, David Kenary, Christopher Lyons and Robert Lawlor (collectively "the Defendants") submit this memorandum in support of their Supplemental Motion for Judgment on the Pleadings. Pursuant to Fed. R. Civ. P. 12(c) (hereinafter "Rule 12(c)"), the Defendants move for judgment on plaintiff's claim for lost wages (back-pay) in his Sixth Amended Complaint, dated February 11, 2003 (hereinafter the "Russo II Compl.").

**II. FACTS RELEVANT TO
DEFENDANTS' SUPPLEMENTAL MOTION**

The Defendants refer the Court to their February 3, 2005 Motion for Judgment on the Pleadings for the relevant background facts and legal standard. The following additional

1

facts, which were found by the Court in its Ruling on Defendants' Motion for Summary Judgment ("Ruling"), are also relevant to this supplemental motion. On December 16, 1997, Plaintiff, Nicholas Russo ("Russo"), was arrested and charged with four counts each of Forgery in the Second Degree and Illegally Obtaining a Controlled Substance, automatically triggering his suspension from the Hartford Police Department.[1] Ruling at 2, 6, 45.

On September 14, 2000, the Connecticut Superior Court granted Russo's motion to suppress, and on the following day all criminal charges against him were dismissed. Id. at 6, 50. Forty-four days later, on October 29, 2000, Acting Chief of Police Robert Rudewicz reinstated Russo with an award of back-pay retroactive to September 15, 2000. Id. at 49-50. His reinstatement was conditioned upon Russo documenting his fitness for duty and meeting the certification requirements of the Police Officers Standards Training ("POST") Counsel, as his previous POST certification had lapsed. Id. at 6, 53. It is undisputed that Russo never

---

[1] This finding by the Court is consistent with Russo's deposition testimony:
    Q:    Was it your understanding with felony charges pending that the chief had to, according to the union contract, suspend you?
    A:    Yes
N. Russo Deposition Transcript (Russo Dep. Tr.), June 12, 2002, at 6, ln.6-9. See Appendix A in Support of Police Defendants' Motion for Summary Judgment in Russo I ("App.") at Tab 1.

2

met the conditions of his reinstatement and did not return to work.[2] On February 19, 2002, the Connecticut Supreme Court reversed the Superior Court, and the criminal charges against Russo were reinstated. Ruling at 6. On November 3, 2003, Russo was convicted on six felony counts. It is also undisputed that a convicted felon cannot serve as an officer with the Hartford Police Department. Id. at 60, n.33.

### III. ARGUMENT AND AUTHORITIES

A. **The Defendants Are Entitled To Judgment On The Pleadings For Plaintiff's Claim For Lost Wages (Back Pay) Because He Has No Entitlement To Such Damages Based On The Undisputed Facts As Already Determined By The Court.**

As part of his Prayer for Relief in this action, Russo seeks inter alia "[l]ost and future lost wages." Russo II Compl. at 24. However, even if he were to prevail on his First

---

[2] Russo also testified at his deposition:
    Q: Did you understand that they were telling you
        that you had to comply with all POST Council mandates
        regarding certification and employment?
    A: I understood that.
    Q: Did you show up on October 29, 2000?
    A: No, I did not.
    Q: Did you comply with all POST Council mandates?
    A: No, I did not.
Russo Dep. Tr., June 25, 2003, at 170, ln.17-24. See App. at Tab 5.

3

Amendment retaliation claim, based on the undisputed facts, he would not be entitled to money damages in the form of lost wages.

As discussed in the Defendants' February 3, 2005 Motion for Judgment on the Pleadings, to the extent that Plaintiff's First Amendment retaliation claim relies upon his arrest and prosecution, such claim fails as a matter of law due to the existence of probable cause, which has been conclusively established by his November 3, 2003 conviction. Motion for Judgment on the Pleadings at 6-7. The Defendants thus cannot be held liable for any role they played in Russo's arrest and subsequent prosecution. Further, as found by the Court and conceded by Plaintiff at his deposition, suspension from the HPD is triggered automatically following a felony arrest. Ruling at 2, 6, 45. Thus, for the period following his arrest and suspension up until the time the criminal charges against him were dismissed by the Superior Court (December 16, 1997 to September 15, 2000), he would have no entitlement to back-pay.

As the Court has further found, following the dismissal of the criminal charges against Russo, he was in fact reinstated by Acting Chief Rudewicz with an award of back-pay and benefits from September 15, 2000 to October 29, 2000. Ruling at 49-50, 58. However, Russo failed to return to work following October 29th and never met the conditions for his

4

reinstatement, such as becoming re-certified in accordance with POST requirements.[3] Thus, having failed to return to work despite having been authorized to do so as the Court has expressly found, Russo would have no entitlement to back-pay for the period covering October 29, 2000 up to his November 3, 2003 conviction on six felony counts.[4] It is undisputed that a convicted felon *cannot serve* as a Police Officer with the HPD. Ruling at 60. Therefore, Russo also could have no entitlement to back-pay from November 3, 2003 through the date of judgment in this matter. See EEOC v. Joint Apprenticeship Comm. Of the Joint Bd. of Elec. Ind., 164 F. 3d 89, 100 (2d Cir. 1998) (Back-pay period usually measured up until date of judgment). On this basis, Defendants' Motion for Judgment on Russo's back-pay claim should be granted.

B.  **In The Alternative, Even If Defendants Are Not Relieved Of Any Responsibility For Their Alleged Acts In Connection With Plaintiff's Arrest And Prosecution, Based On *Heck v. Humphrey*, The Intervening And Superseding Acts Of The Office Of The State's Attorney Relieves Them Of Any Responsibility For Plaintiff's Resulting Damages.**

As discussed in their February 3, 2005 Motion for Judgment on the Pleadings, the

---

[3] The Court dismissed all claims against Acting Chief Rudewicz in connection with his alleged failure to re-instate Russo. Ruling at 48-54.

[4] Russo was suspended by Chief Bruce Marquis by letter dated May 31, 2002. Ruling at 61. This suspension does not alter the rulings, however, because it is undisputed that Russo never complied with the conditions for reinstatement, see note 2, supra, and was subsequently convicted for the crimes for which he had been arrested. Ruling at 6-7.

5

Defendants maintain that, based on Heck v. Humphrey, Russo's First Amendment retaliation claim must fail insofar as it is based on his arrest and subsequent prosecution. However, even if Russo's First Amendment retaliation claim could somehow survive the rule in Heck, it would fail as a matter of law because the intervening acts and independent judgment of first the Hartford State's Attorney's Office and subsequently the New London State's Attorney's office in prosecuting Russo breaks the causal chain between Defendants' alleged wrongful acts and any injury suffered by Russo.

Police Officers have been insulated from liability for any deprivation of liberty resulting from their misconduct by the intervening acts of other participants in the criminal justice system. See Barts v. Joyner, 865 F.2d 1187, 1195 (11th Cir. 1989)(prosecutor, grand jury, judge and jury); Hand v. Gary, 838 F.2d 1420, 1427-28 (5th Cir. 1988)(FBI agent, prosecutor, and grand jury); Smiddy v. Barney, 665 F.2d 261, 266-68 (9th Cir. 1981)(prosecutor), adhered to 803 F.2d 1469, 1471-72 (9th Cir. 1986). This rule applies so long as there is no evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment. See Borunda v. Richmond, 885 F.2d 1384, 1390 (9th Cir. 1988); Townes v. City of New York, 176 F.3d 138, 147 (2d Cir. 1999). Even

assuming there was involvement by the Defendants which is denied,[5] the independent exercise of judgment by these prosecutors to arrest and prosecute Russo, as well as his subsequent conviction, prevent Russo as a matter of law from claiming that his arrest and prosecution were caused by any alleged wrongful acts of the Defendants. Accordingly, he cannot prove as a matter of law that he is entitled to any lost-wages.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion should be granted and Plaintiff's claim for back-pay dismissed.

---

[5] There is no allegation in the Complaint in Russo I (and the record is similarly devoid of any evidence) that any of the Police Defendants "misled or pressured" any of the Hartford State's attorneys responsible for prosecuting Russo's criminal case.

DEFENDANTS,
JOESPH CROUGHWELL, JEFFERY FLAHERTY, DAVID KENARY, DARYL ROBERTS, CHRISTOPHER LYONS and ROBERT LAWLOR

By: _____
Charles L. Howard (ct 05366)
Gregg P. Goumas (ct 19095)
Derek L. Mogck (ct 23688)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5000
Fax: (860) 251-5214


DEFENDANT,
CITY OF HARTFORD

By _____
John P. Shea, Jr.
Federal Bar CT 17433
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
Telephone: 860-541-2077
Facsimile: 860-713-8944
Its Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via U.S. Mail, first class, postage prepaid, on this 8th day of February, 2005 to:

John P. Shea, Jr.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Norman A. Pattis, Esq.
649 Amity Road, P.O. Box 280
Bethany, CT 06524

Chambers Copy:
The Honorable Janet C. Hall
Unites States Distrcit Court
915 Lafayette Blvd.
Bridgeport, Ct

John T. Forrest, Esq.
Law Offices of John T. Forrest, LLC
142 Jefferson Street
Hartford, CT 06106

Helen Apostolidis, Esq.
City of Hartford
Corporation Counsel's Office
550 Main Street
Hartford, CT 06103

Attorney Erin O'Neil
41A New London Turnpike
Glastonbury, CT 06033

_____
Gregg P. Goumas

394329 v.01 S2