UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| PLAINTIFF, | : | 3:00-cv-1794(JCH) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH CROUGHWELL, ET AL. | : | |
| DEFENDANTS. | : | February 16, 2005 |

## DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Police Defendants, Joseph Croughwell, James Flaherty, David Kenary, Daryl Roberts, Robert Lawlor and Christopher Lyons hereby submit this Reply to Plaintiff's Opposition to their Motion for Judgment on the Pleadings. Defendants are in compliance with Fed. R. Civ. P. 12(c)'s provision that any party may make a Motion for Judgment on the Pleadings after the pleadings are closed, provided that the motion will not delay the commencement of the trial. Further, adjudication of the issues raised in Defendants' Motions is in the interest of judicial economy. Finally, consideration of the Defendants' Motions will not cause undue hardship to the Plaintiff.

I.  **ARGUMENT**

   A.  <u>**The Police Defendants' Motions for Judgment on the Pleadings Are Timely, and the Time for Judgment Will Not Delay Trial.**</u>

Fed. R. Civ. P. 12(c) provides that: "After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." The plain language of the rule provides no specific time limit; the only limitation is that a motion for judgment on the pleadings must be made within such time as to not delay trial. Whether a motion for judgment on the pleadings is timely is within the sound discretion of the Court. However, where there is sufficient time for the Court to make a judgment before trial, a Rule 12(c) motion is timely filed.

Defendants maintain that it is appropriate for the Court to entertain their Motion for Judgment on the Pleadings and Supplemental Motion for Judgment on the Pleadings because the facts upon which Defendants' Motions are based are undisputed. <u>See, e.g.</u>, <u>Sellers v. M.C. Floor Contractors, Inc.</u>, 842 F.2d 639, 642 (2d Cir. 1988) ("Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings."). Trial of this

matter is scheduled to begin on March 3rd and Plaintiff has already filed a response to Defendants' motions.

### B. Judgment on the Defendants' Motions for Judgment Is In The Interest of Judicial Economy.

Considerable judicial resources will be saved by an adjudication of the issues raised in the Defendants' Motions for Judgment. Defendants' Motions argue that, first, as a matter of law, Defendants cannot be held liable for their role in Plaintiff's arrest and prosecution because Plaintiff has been convicted and cannot demonstrate that his criminal conviction or sentence has been overturned or otherwise invalidated. See Heck v. Humphrey, 512 U.S. 477 (1994). Heck clearly stands for the proposition that the Court should avoid "parallel litigation over the issues of probable cause and guilt...." Dumatef v. Morris, 956 F. Supp. 1112, 116 (S.D.N.Y. 1997)(citing Heck v. Humphrey, 512 U.S. 477, 484 (1994)). By attempting to show that his arrest and prosecution were in retaliation for his exercise of his First Amendment rights, Russo would, in effect, need to negate the existence of probable cause which has already been established as a matter of law based on his conviction. Russo's Memorandum in Opposition fails to even remotely address Heck, perhaps because he realizes that the law on this issue as it applies to this case cannot be disputed. Further, because the law on this issue is so clear, it would be a waste of judicial

resources and confusing to a jury to delay the determination of this issue until the close of the Plaintiff's case. In the interest of judicial economy, and to abide by notions of comity, this Court should defer to the verdict rendered by the state court jury and grant Defendants' Motion for Judgment.

Plaintiff's opposition also fails to address the merits of Defendants' argument that based on the Court's findings in its Summary Judgment Ruling, Russo cannot recover monetary damages in the form of lost wages. Like their argument premised on <u>Heck v. Humphrey</u>, the facts supporting Defendants' supplemental motion for judgment on Russo's claim for back-pay are not in dispute (and, have already been determined by the Court). If it is necessary for Defendants to present additional testimony to establish this defense at trial, despite the fact that the necessary findings have already been made by the Court, it will unnecessarily prolong the trial.

Contrary to Plaintiff's contention that resolution of these motions will be a "waste of judicial economy", quite the opposite, resolution of these questions of law will effectively and efficiently dispose of substantial portions of the case, significantly limiting the scope of the trial. If the Court were to grant Defendants' Motions, the trial would be considerably shortened, and would conserve judicial time and resources. Conversely, delaying resolution

of these issues until trial will have the adverse effect of wasting the energy, time, and resources of the Court and the parties.

### C. A Judgment on the Pleadings Will Not Cause Undue Hardship to Plaintiff.

Review of the Defendants' Motions for Judgment on the Pleadings will not cause undue hardship to the Plaintiff. First, the Court will not be forced to resolve the merits of Defendants' assertions without the benefit of Plaintiff's responses. Plaintiff has been afforded an opportunity to respond to Defendants' Motions, which weakens any claim of unfair prejudice by the Plaintiff. Second, resolution of these issues will benefit all of the parties to this litigation.

## II. CONCLUSION

For all the foregoing reasons, Defendants' Motions for Judgment should be granted.

DEFENDANTS,
JOSEPH CROUGHWELL, JEFFERY
FLAHERTY, DARYL ROBERTS, DAVID
KENARY, ROBERT LAWLOR and
CHRISTOPHER LYONS.


By_____
Charles L. Howard (ct 05366)
Linda Yoder (ct 01599)
Gregg P. Goumas (ct 19095)
For Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-2819
(860) 251-5000
Attorneys for Individual Defendants

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was faxed and mailed, postage prepaid, this 16th day of February, 2005 to:

John T. Forrest, Esq.
Law Offices of John T. Forrest
142 Jefferson Street
Hartford, CT 06106

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT  06103

John P. Shea Jr., Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Norman Pattis, Esq.
P.O. Box 280
Bethany, CT 06524

Erin O'Neil, Esq.
41A New London Turnpike
Glastonbury, CT  06033

395194 v.01 S1

_____
Gregg P. Goumas