UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
|     PLAINTIFF, | : | 3:97 CV 2380 (JCH) (lead case) |
| | : | **3:00 CV 1794 (JCH)** √ |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN BAILEY, ET AL. | : | |
|     DEFENDANTS. | : | FEBRUARY 17, 2005 |

**DEFENDANT, CITY OF HARTFORD'S REPLY TO PLAINTIFF'S OPPOSITION TO THE CITY DEFENDANT AND THE INDIVIDUAL DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

I.  INTRODUCTION

The Defendant, City of Hartford ("Hartford"), submits this memorandum in reply to Plaintiff's Opposition To The City Defendant And The Individual Defendants' Motion for Judgment On The Pleadings ("Plaintiff's Opposition"). Plaintiff's Opposition asserts that Hartford's Motion for Judgment ("Motion") should be denied because: (1) it is untimely and prejudicial; and (2) collateral estoppel does not bar Plaintiff's claims because the "issues between Russo I and Russo II, are not identical." Opposition, at 2, 3.

- 1 -

## II. ARGUMENT

### A. The Court Should Exercise Its Discretion To Consider Hartford's Motion Because It Remains Timely Under Rule 12(c) Despite Not Being Filed At The First Possible Moment After The Court's September 30, 2004 Ruling On Summary Judgment.

Plaintiff first urges the Court not to consider the Motion, asserting that it is untimely, wasteful of judicial resources and prejudicial to Plaintiff.

#### 1. Hartford's Motion Is Timely.

Fed. R. Civ. P. 12(c) provides that: "After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." The plain language of the rule provides no specific time limit; the only limitation is that a motion for judgment on the pleadings must be made within such time as to not delay trial. Whether a motion for judgment on the pleadings is timely is within the sound discretion of the Court. However, where there is sufficient time for the Court to properly consider and rule upon a motion filed pursuant to Rule 12(c) before trial, such motion is timely filed. As the Motion was filed more than six weeks before the trial as currently scheduled, Hartford requests that the Court consider its Motion to be timely.[1]

Moreover, the fact that this Court has previously ordered that all dispositive motions be filed by December 22, 2003 does not render Hartford's Motion untimely. Hartford's

---

[1] Hartford notes that in preparing the Motion, counsel for Hartford understood that trial of the matter was to commence on March 21, 2005. Hartford therefore anticipated that the Court would have in excess of eight weeks to decide the Motion. However, two days before filing the Motion, on January 11, 2005, Hartford was

- 2 -

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

Motion asserts that the findings of fact and conclusions of law contained in the Court's Ruling of September 30, 2004 in <u>Russo I</u> collaterally estops Plaintiff from pursuing his sole surviving claim against Hartford in <u>Russo II</u>. Therefore, the bases for Hartford's Motion did not exist until September 30, 2004, well after the December 22, 2003 deadline for dispositive motions.

### 2. Consideration Of Hartford's Motion Promotes Judicial Economy.

Considerable judicial resources may be saved by an adjudication of the issues raised in Hartford's Motion. Hartford's liability is contingent upon Plaintiff proving additional facts beyond those required to impose liability upon the individual defendants, namely, that Plaintiff's constitutional deprivation was caused by a Hartford policy or custom. If Hartford's Motion is granted, Hartford will not be a party to the trial at all and evidence pertaining to the existence of such a policy or custom need not be presented to the jury. Thus, consideration of the Motion has the potential to significantly shorten the length of trial by reducing the volume of evidence and the scope of issues presented to the jury.

In this regard, adjudication of the Motion may also simplify the jury's task when evaluating the evidence and determining liability. In Hartford's absence, the jury will not be assigned the confusing task of differentiating between evidence solely relevant to Plaintiff's claim against Defendants Croughwell and Flaherty in <u>Russo I</u> and that evidence relevant to

---

informed by e-mail that the trial had been moved to March 2, 2005. E-mail at Tab 1. The trial is now scheduled for March 3, 2005. E-mail at Tab 2.

- 3 -

Plaintiff's claim against Defendants Croughwell, Flaherty, Kenary, Roberts, Lyons, Lawlor and Hartford in <u>Russo II</u>.

Contrary to Plaintiff's assertions, delaying resolution of these issues until trial may have the adverse effect of wasting the energy, time, and resources of the Court, the parties and the jurors in litigating issues of municipal liability that have already been determined by the Court in <u>Russo I</u>.

### 3. Consideration Of The Motion Will Not Cause Plaintiff Prejudice Or Undue Hardship.

Consideration of Hartford's Motion will not cause undue hardship to Plaintiff. Plaintiff has already responded to the Motion, and thus can not claim prejudice resulting from the lack of an opportunity to respond. While Plaintiff's counsel complains that the Motion has distracted them from preparing for trial, any such distraction has, unfortunately, already occurred. To the extent the distraction has impaired their ability to prepare for trial, resolution of the issue raised by the Motion may ultimately assist Plaintiff's counsel by reducing the issues they need to prepare for trial. While Plaintiff's desire to re-litigate issues not decided in his favor is understandable, denial of the opportunity to do so does not amount to prejudice in light of the full and fair opportunity provided Plaintiff to present these claims in <u>Russo I</u>.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

### B. Plaintiff's Opposition Fails To Identify A Single Issue Of Fact Or Law Pertinent To His Claim Against Hartford In Russo II That Was Not Fully And Fairly Adjudicated By The Court In Russo I.

Plaintiff next summarily concludes that collateral estoppel does not bar his claim in Russo II because the issues are not identical to those previously adjudicated in Russo I. This assertion is belied by the surviving allegations of Plaintiff's Complaint in Russo II. Russo II, like Russo I before it, indisputably asserts that Hartford is liable to Plaintiff because Hartford police officers retaliated against Plaintiff in 1997 for engaging in conduct protected by the First Amendment. Defendant City Of Hartford's Memorandum Of Law In Support Of Motion For Judgment On The Pleadings ("Hartford's Memorandum"), at 2-5. Thus, both the nature of Plaintiff's claim in Russo II (First Amendment retaliation), and the time period during which it is alleged to have arisen (1997), are identical to the claim and time period previously at issue in Russo I. Hartford's Memorandum, at 2-5.

While Plaintiff's suggestion that Russo II names "different defendants" than Russo I is partially accurate, in that Russo II names additional defendants not named in Russo I, this distinction is irrelevant in the absence of some showing that the existence of these additional defendants raises an issue of law or fact relevant to Plaintiff's claim in Russo II that was not fully and finally addressed by the Court in Russo I. Neither Plaintiff's Complaint in Russo II, nor his Opposition, suggests that the addition of Defendants Kenary, Roberts, Lawlor and Lyons, who, like Defendant Flaherty, are all subordinates of Defendant Croughwell, raises any such new issue of law or fact. Hartford's Memorandum, at 2-5, 9-10.

As the issues of law and fact raised by this Seventh Count are identical to issues previously raised by Plaintiff in Russo I, and as those issues were fully and fairly litigated by the parties and necessarily decided by the Court in rendering a valid and final judgment for Hartford on the merits, Plaintiff is collaterally estopped from pursuing them again in this action.

### III. CONCLUSION

For all the foregoing reasons, and for the reasons expressed in Hartford's Memorandum, Hartford's Motion should be granted.

DEFENDANT
CITY OF HARTFORD

By_____
John P. Shea Jr. (ct 17433)
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
(860) 541-2077

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was faxed and mailed, postage prepaid, this 17th day of February, 2005 to:

Attorney Erin I. O'Neil
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06119

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

Gregg P. Goumas, Esq.
Charles L. Howard, Esq.
Derek L. Mogck, Esq.
Shipman & Goodwin
One American Row
Hartford, CT 06103

John T. Forrest, Esq.
Law Offices of John T. Forrest
142 Jefferson Street
Hartford, CT 06106

Norm Pattis, Esq.
P.O. Box 280
Bethany, CT 06524

Erin O'Neil, Esq.
41A New London Turnpike
Glastonbury, CT 06033

**And Hand Delivered to:**

**Chambers Copy**
The Honorable Janet C. Hall
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

John P. Shea, Jr.

e:\wpdocs\city of hartford\russo\trial prep\reply.opp.judgment.jps.doc

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

## John Shea

**From:** CMECF@ctd.uscourts.gov
**Sent:** Tuesday, January 11, 2005 12:02 AM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**3:97-cv-02380-JCH Russo v. Hartford, et al**
**Calendar Entry 540**

**Docket Text:**
NOTICE TO COUNSEL RE: AMENDED E-FILE CALENDAR. THIS IS THE ONLY NOTICE COUNSEL WILL RECEIVE. JURY SELECTION set for 3/1/05 at 8:30 a.m. JURY TRIAL set for 3/2/2005 09:00 AM (rescheduled from 3/21/05), U.S. District Court, 915 Lafayette Blvd.,Courtroom 2,Bridgeport, CT before Judge Janet C. Hall. Please refer to instructions from the Court attached to this docket entry. All persons entering the courthouse must present photo identification.(Szczygiel, G.)

02/17/2005

## John Shea

**From:** CMECF@ctd.uscourts.gov
**Sent:** Wednesday, January 26, 2005 12:02 AM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Summary of ECF Activity

**Activity has occurred in the following cases:**

**3:97-cv-02380-JCH Russo v. Hartford, et al**
**Calendar Entry  544**

**Docket Text:**
NOTICE TO COUNSEL RE: E-FILE CALENDAR. THIS IS THE ONLY NOTICE COUNSEL WILL RECEIVE. JURY SELECTION set for 3/1/05 at 8:30 a.m. JURY TRIAL set for 3/3/2005 09:00 AM (rescheduled from 3/2/05), U.S. District Court, 915 Lafayette Blvd.,Courtroom 2,Bridgeport, CT before Judge Janet C. Hall.All persons entering the courthouse must present photo identification.(Szczygiel, G.)

02/17/2005