UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS O. RUSSO, JR.       : | CIVIL ACTION NO. |
|     PLAINTIFF,           : | 3:97 CV 2380 (JCH) (lead case) |
|                         : | **3:00 CV 1794 (JCH)** √ |
| v.                           : | |
|                         : | |
| JOHN BAILEY, ET AL.          : | |
|     DEFENDANTS.         : | FEBRUARY 23, 2005 |

**DEFENDANT, CITY OF HARTFORD'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO REVIVE COUNT EIGHT OF THE SIXTH AMENDED COMPLAINT**

I. **INTRODUCTION**

The Defendant, City of Hartford ("Hartford"), submits this memorandum in opposition to Plaintiff's Motion To Amend Complaint To Revive Count Eight Of The Sixth Amended Complaint ("Plaintiff's Motion"). Plaintiff's Motion asserts that he should be permitted to revive, and proceed to trial on, his claim in Count Eight because his recent termination creates a tryable issue of fact as to whether he was wrongfully terminated as asserted therein. In support of this argument, Plaintiff proffers that "[o]n January 31, 2005, the City of Hartford terminated the plaintiff's employment effective February 7, 2005." Memorandum In Support Of The Plaintiff's Motion To Amend Complaint To Revive Count Eight Of The Sixth Amended Complaint ("Plaintiff's Memorandum"), at 1.

- 1 -

Plaintiff's Motion should be denied for the following reasons. First, Plaintiff's termination in January of 2005 does not raise an issue of material fact in dispute as it does not suggest that Plaintiff was terminated any time prior to his conviction on six felony counts on November 3, 2003. As the Court has previously determined that Plaintiff's wrongful termination claim can only concern the time period prior to his conviction, evidence of termination after that conviction is immaterial.

Second, Plaintiff's Motion should be denied as futile, because it fails to state a cause of action. The fact that Plaintiff was terminated in January of 2005 does not suggest that Plaintiff was an "at-will" employee, nor does it suggest that Plaintiff had no other statutory remedy for his perceived mistreatment. While not expressly found by the Court, as it was not dispositive of issues before it, the summary judgment record conclusively establishes that Russo was not an "at-will" employee and may have possessed other statutory remedies for his alleged retaliatory treatment. Plaintiff is therefore precluded, as a matter of law, from recovering on his claim of wrongful termination.

Finally, Plaintiff's Motion should also be denied as it unduly prejudices all parties to the litigation. Contrary to Plaintiff's assertions, the factual bases for Plaintiff's termination have not necessarily "in large measure been the subject of this litigation....[and] previously briefed...." Plaintiff's Opposition, at 1. To the contrary, at least two of the charges upon which Plaintiff's termination was based appear to relate to Plaintiff's conduct in October and November of 2002, which has not to date been the subject of this litigation. Thus, proceeding

to trial in the absence of discovery on all the bases for Plaintiff's termination would unduly prejudice Hartford.

II. **ARGUMENT**

    A. <u>Plaintiff's Termination Does Not Create An Issue Of Fact As To Whether Plaintiff Was Wrongfully Terminated.</u>

This Court has previously determined that Plaintiff's wrongful termination claim "concerns the period from September 15, 2000 (when the criminal charges are dismissed on a Motion to Suppress) to November 3, 2003 when Russo is convicted." Ruling on Motions For Summary Judgment, dated September 30, 2004 ("Ruling"), at 58, n. 33. The Court appears to have based this determination upon the undisputed fact that Plaintiff's felony convictions on November 3, 2003 render him unable to serve as a HPD officer. Ruling, at 58, n. 33. Plaintiff's termination in January of 2005 is therefore not probative as to whether Plaintiff was wrongfully terminated during the period of time considered pertinent by the Court. Ruling, at 58, n. 33. In fact, Plaintiff's termination in January of 2005 conclusively establishes that Plaintiff was not terminated during that time period.

Moreover, the termination of Plaintiff after he was convicted on six felony charges is likewise insufficient as a matter of law to support a claim for wrongful termination in light of the Court's explicit finding that "a convicted felon cannot serve as a HPD officer". Ruling, at 58, n. 33. It would appear axiomatic that any termination of Plaintiff following his

- 3 -

conviction cannot be in violation of public policy when Plaintiff is precluded from serving in that position due to his conviction.[1]

Plaintiff's proposed amendment therefore fails to create a material issue of fact as to whether he was wrongfully terminated as pled in Count Eight.

### B. Plaintiff's Motion Should Be Denied As Futile Because His Claim Of Wrongful Termination Fails As A Matter Of Law Due To The Fact That He Has Not, And Cannot, Allege That He Was An "At-Will" Employee With No Other Adequate Remedies At Law.

It is well established that "[o]ne appropriate basis for denying leave to amend is that the proposed amendment would be futile because it fails to state a claim." Nettis v. Levitt, 241 F.3d 186 (2d. Cir. 2001). A determination as to whether an amendment is futile is made under the same standards that govern motions to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). Levitt, 241 F.3d at 194, n. 4. Permitting Plaintiff to amend Count Eight to include Plaintiff's January 2005 termination would be futile because such amended claim still fails to state a claim upon which relief can be granted.

The Connecticut Supreme Court has acknowledged an exception to the at-will employment doctrine through recognition of a common law tort cause of action for wrongful termination. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980) (recognizing

---

[1] In fact, public policy precludes Plaintiff's continued employment. See C.G.S. § 7-294(b) & (c). While the timing of Plaintiff's Motion prevents Hartford from producing additional factual support for this argument prior to the pre-trial scheduled for February 24, 2005, Hartford reserves the right to supplement its response as to that issue should the Court conclude that Plaintiff's termination in January of 2005 has created an issue of fact as to whether Plaintiff was "terminated."

- 4 -

a "common law cause of action in tort for the discharge of an at will employee if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy"). However, it is clear that the cause of action only accrues to certain employees, namely those who serve "at will" and possess no other adequate statutory remedies. See Burnham v. Karl and Gelb, 252 Conn. 153, 159, quoting Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648 (Conn. App. 1985) ("cases which have established a tort... remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated").

Here, Plaintiff's Sixth Amended Complaint does not allege that Plaintiff was an at-will employee.[2] Moreover, the summary judgment record conclusively establishes that Plaintiff was not an at-will employee.[3] Thus, the exception to the at-will employment doctrine embodied in the common law tort of wrongful termination does not even apply to Plaintiff. Nor does Plaintiff have a need for such a common law remedy, as he possesses a contractual remedy for the arbitrary or unlawful termination of employment. Plaintiff's claim for

---

[2] If necessary, Hartford will file a Rule 12(c) Motion for Judgment on the pleadings asserting that Plaintiff's amendment must be dismissed for failure to state a cause of action.

[3] Plaintiff did not dispute Hartford's assertions of fact in Russo v. Hartford, 97 CV 2380 that he could only be terminated for "just cause" under the Police Contract, that the Police Contract also protected his First Amendment Rights or that he could grieve any violation of the Police Contract and obtain a reversal of the offending decision. Defendants' Local Rule 56(a) Statement ¶¶ 56, 58, 62-66; Plaintiff's Response To City's Rule 56(a)(1) Statement, ¶¶ 56, 58, 62-66.

wrongful discharge must therefore fail, even as amended by reference to his January 2005 termination, because Plaintiff is not an "at-will" employee who possesses no adequate contractual remedy to challenge the complained-of action. The existence of this contractual remedy precludes Plaintiff from pursuing a wrongful termination claim.

### C. Granting Plaintiff's Motion At This Time Would Unduly Prejudice Hartford.

Contrary to Plaintiff's assertion, permitting Plaintiff to amend his Sixth Amended Complaint and revive his wrongful termination action would greatly prejudice the parties as it remains uncertain, at best, as to whether the grounds for the termination have "in large measure been the subject of this litigation" and "previously briefed". The letter advising Plaintiff of his termination states four grounds for termination, only two of which appear to relate to his drug use and conviction (Article I, Section 1.00; Article II, Section 2.05). Letter to Nicholas Russo from Chief of Police Patrick Harnett, dated January 31, 2005, attached at "Tab 1".

Upon information and belief, the other two charges (Article VI, Section 6.09; Article VI, Section 6.17) relate to Plaintiff's failure to obey, or comply with, orders from his superiors in October and November of 2002 to respond to the administrative charges against him. Certainly, to the extent that the sustaining of these charges contributed to the decision to terminate Plaintiff, they have not to date been the subject of this litigation and have not been briefed. As the timing of this Motion precludes the parties from adequately exploring

- 6 -

the bases for Plaintiff's termination prior to trial, permitting Plaintiff to proceed to trial on this claim would greatly prejudice Hartford.

Moreover, the decision to terminate Plaintiff was made by Chief Harnett, who is not currently named either as a defendant or potential trial witness in this matter. Inclusion of Plaintiff's wrongful termination claim would also therefore require the parties to amend their witness lists to include witnesses, such as Chief Harnett, who may possess personal knowledge of the circumstances pertaining to Plaintiff's termination. Requiring Hartford to amend its witness list to include, or to otherwise solicit the testimony at trial of, individuals its counsel has not interviewed or deposed would be highly prejudicial.

Finally, including this claim would also most likely increase the risk that the jury might become confused as to the issue of municipal liability under Section 1983, which can only arise pursuant to the actions of the named Police Defendants, and the issue of municipal liability pursuant to the wrongful termination claim, which can only arise in these circumstances by virtue of the actions of non-parties.

As Plaintiff's proposed amendment fails to create an issue of material fact, fails to state a cause of action for wrongful termination, and would result in severe prejudice to Hartford, Plaintiff's Motion should be denied.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiff's Motion should be denied.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

DEFENDANT
CITY OF HARTFORD

By _____
John P. Shea, Jr. (ct 17433)
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
(860) 541-2077
Its Attorney

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was faxed and mailed, postage prepaid, this 23rd day of February, 2005 to:

| | |
|---|---|
| Attorney Erin I. O'Neil<br>Brewer & O'Neil, LLC<br>818 Farmington Avenue<br>West Hartford, CT  06119 | John T. Forrest, Esq.<br>Law Offices of John T. Forrest<br>142 Jefferson Street<br>Hartford, CT 06106 |
| Attorney Helen Apostolidis<br>Office of Corporation Counsel<br>City of Hartford<br>550 Main Street<br>Hartford, CT  06103 | Norm Pattis, Esq.<br>P.O. Box 280<br>Bethany, CT 06524 |
| Gregg P. Goumas, Esq.<br>Charles L. Howard, Esq.<br>Derek L. Mogck, Esq.<br>Shipman & Goodwin<br>One American Row<br>Hartford, CT 06103 | Erin O'Neil, Esq.<br>41A New London Turnpike<br>Glastonbury, CT  06033 |

**And Sent Via Facsimile, With Permission, To:**

<u>**Chambers Copy:**</u>
The Honorable Janet C. Hall
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
John P. Shea, Jr.

e:\wpdocs\city of hartford\russo\trial prep\reply.opp.amend.jps3.doc

- 9 -

# Tab 1

- 10 -

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

# CITY OF HARTFORD
### CONNECTICUT
#### OFFICE OF CHIEF OF POLICE



PATRICK J. HARNETT
CHIEF OF POLICE
HARTFORD POLICE DEPARTMENT

50 JENNINGS ROAD
HARTFORD, CT 06120
(860) 527-6300

January 31, 2005

Nicholas Russo
C/O Attorney Norman Pattis
51 Elm Street, Suite 409
New Haven, Ct 06510

Dear Mr. Russo:

On January 28, 2005 at 11:12 hours, Captain Joseph Buyak convened a disciplinary hearing to determine if disciplinary action was warranted against you. Specifically you were charged with violating the Hartford Police Department Code Of Conduct sections 1.00 Conduct unbecoming, section 2.05 Criminal conduct (six counts) Arrest and Conviction of any felony crime, section, 6.09 Intentional failure to comply with any lawful orders, procedures, directives or regulations, oral or written, and section 6.17 refusal to obey a proper order of a supervisor.

The Disciplinary Hearing findings report enclosed with this letter provides details of the process, information, and findings applied in consideration of this matter, after careful review of the facts as presented, I am upholding the Hearing Officer's findings:

- Article I, Section 1.00 Any violation of the rules and regulations, published orders, directives, memoranda, or any lawful order, or any act which lends to undermine the good order, efficiency and discipline of the Department, or which reflects discredit upon the Department or any member thereof, shall constitute conduct unbecoming an employee is SUSTAINED.
- Article II, Section 2.05 Arrest and conviction of any felony crime is SUSTAINED.
- Article VI Section 6.09 Intentional and willful failure to comply with any lawful orders, procedures, directives, or regulations, oral or written is SUSTAINED.
- Article VI, Section 6.17 Refusal to obey a proper order of a supervisor is SUSTAINED.

In consideration of the seriousness of your violations, your suspension will continue for seven days, effective February 7, 2005 your employment with the Hartford Police Department will be terminated.

Sincerely,

*Patrick J. Harnett*

Patrick J. Harnett
Chief of Police

PJH/avn

Enclosures