DEFENDANTS' PROPOSED
INSTRUCTIONS NO. 7

RETALIATION - FIRST AMENDMENT CLAIM AGAINST CITY OF HARTFORD

Mr. Russo claims that the Defendant City of Hartford, a municipality, is liable to him for the deprivation of his First Amendment Rights. As a preliminary matter, you are instructed that in order to even consider whether the City is liable to Mr. Russo, you must first have determined that one of the Individual Defendants violated his First Amendment Rights.[1] If Mr. Russo has not proven each and every element of his claim against at least one of the Individual Defendants, you must enter a verdict for the City.

In addition, I charge you that you may not, as a matter of law, find the City liable to Mr. Russo for any violation of his First Amendment Rights resulting from his being asked to submit to drug testing or his being subjected to an investigation into his use of prescription drugs. If you find that the drug testing of Mr. Russo or the investigation into his prescription drug use is the only conduct of the Individual Defendants that violated Mr. Russo's First Amendment Rights, you must enter a verdict for the City.

If you have found that at least one of the Individual Defendants violated Mr. Russo's First Amendment Rights by either: (1) locking him out of his office due to his assignment to a federal task force; or (2) improperly reprimanding or threatening him for his purported involvement in a federal police corruption probe or his filing of a

---

[1] Dodd v. City of Norwich, 827 F.2d 1, 8 (2d Cir. 1987); Estate of Smith v. Town of West Hartford, 186 F. Supp.2d 146, 151 n.5 (D. Conn. 2002).

1

lawsuit against fellow police officers, you must consider the issue as to whether the City is liable to Mr. Russo for any such violation. In this regard, the rules of law that apply to Mr. Russo's claim against the City are much different from the rules of law that apply to Mr. Russo's claims against the Individual Defendants, and each claim must be considered separately.

*MUNICIPAL LIABILITY*

While the City was the employer of the Individual Defendants, the City cannot be held liable to Mr. Russo merely because the Individual Defendants were its employees.[2] An incident of retaliation on the part of these Individual Defendants, standing by itself, is insufficient to find the City liable to Mr. Russo.[3] Instead, to prevail against the City, Mr. Russo must establish that the City, through its deliberate conduct, remained the moving force behind the deprivation of his First Amendment Rights.[4] Thus, the City can only be found liable to Mr. Russo if the actions of the Individual Defendants were undertaken pursuant to an official policy or custom of the City.

---

[2] Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Kibbe v. City of Springfield, 777 F. 2d 801, 809-810 (1st Cir. 1985); Eleventh Circuit Pattern Jury Instruction (Civil Cases), Federal Claims Instruction No. 1.9.1.

[3] Oklahoma City v. Tuttle, 471 U.S. 808, 823-25 (1985); Fiacco v. City of Renssaelar, 783 F.2d at 328 (2d Cir. 1986); Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122 (2d Cir. 1991); Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985); Davis v. Lynbrook Police Department, 224 F.Supp.2d 463, 478 (E.D.N.Y. 2002); Bordeau v. Village of Deposit, 113 F.Supp.2d 292, 301 (N.D.N.Y. 2000).

[4] Board of Commissioners v. Brown, 520 U.S. 397, 404 (1997); Monell, 436 U.S. at 694; Russo v. City of Hartford, 341 F.Supp.2d 85, 107 (D.Conn. 2004).

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

*POLICY OR CUSTOM*

Here, Mr. Russo is not asserting that the City had enacted an official policy of retaliating against police officers who engaged in conduct protected by the First Amendment. Instead, Mr. Russo claims that the City failed to adequately train or supervise its police personnel thereby causing the Individual Defendants to apply an otherwise constitutional policy in a manner which deprived him of his First Amendment Rights.[5] A claim that a municipality failed to adequately train its personnel requires different proof than a claim that the municipality failed to adequately supervise its personnel, and I will therefore instruct you on the elements of each claim below.

*FAILURE TO TRAIN*

To prevail on his failure to train claim, Mr. Russo must prove that a City policymaker, namely its City Manager, consciously disregarded a risk of that its employees would suffer future constitutional violations due to poorly trained police officers.[6] Mr. Russo may establish this by proving each of the following three elements by a preponderance of the evidence.

*FIRST ELEMENT - INADEQUATE TRAINING*

The First Element requires Mr. Russo to prove that the City's training program was not adequate to train its police officers to properly handle the usual and recurring

---

[5] Amnesty America v. Town of West Hartford, 361 F.3d 113, 125 (2nd Cir. 2004).
[6] Amnesty America, 361 F.3d at 127, n.8, citing City of Canton v. Harris, 489 U.S. 378, 389-90 (1980).

3

personnel or employment situations arising when supervising, or working with, those fellow employees who either were assigned to a federal task force, reported police corruption or filed lawsuits against other police officers.[7] In this regard, in order to prove the inadequacy of the City's training program, Mr. Russo must identify specific deficiencies in such program and show how better or different training could have prevented the challenged conduct.[8]

### SECOND ELEMENT - DELIBERATE INDIFFERENCE

The Second Element of his failure to train claim requires Mr. Russo to prove that the City's failure to adequately train its police officers displayed deliberate indifference to the constitutional rights of its police employees. To establish such deliberate indifference, Mr. Russo must prove that: (1) Hartford's City Manager knew to a moral certainty that City police officers would supervise, or work with, fellow employees who either were assigned to a federal task force, reported police corruption to federal authorities or filed lawsuits against other police officers; (2) supervising, or working with, such employees presented its police officers with a difficult choice of the sort training or supervision would make easier or that there was a history of police officers mishandling such situations prior to the mistreatment of Mr. Russo; and (3) the wrong choice by a police

---

[7] City of Canton, 489 U.S. at 388; Amnesty America, 361 F.3d at 129-130.
[8] Amnesty America, 361 F.3d at 130, n.10.

4

officer supervising, or working with, such employees would frequently result in the deprivation of such employee's constitutional rights.[9]

### THIRD ELEMENT - CAUSAL LINK

The Third Element Mr. Russo must establish to prevail is that the City's failure to provide adequate training actually caused the deprivation of his First Amendment Rights.[10] In other words, Mr. Russo must prove an affirmative causal link between the inadequate training and the retaliation against him by showing that the Individual Defendants' treatment of him resulted from a faulty training program rather than from the negligent administration of a sound program or other unrelated circumstances. Thus, if you find that Mr. Russo's mistreatment resulted from the isolated misconduct of an Individual Defendant motivated by a personality dispute or personal grudge, you must enter a verdict for the City.[11] In this regard, the fact that Mr. Russo may have proved that he was retaliated against is not sufficient to establish that any failure to adequately train the Individual Defendants was the cause of such retaliation.[12]

---

[9] Amnesty America, 361 F.3d at 130; Walker v. City of New York, 974 F.2d 293, 297 (2d. Cir. 1992).
[10] City of Canton, 489 U.S. at 388; Amnesty America, 361 F.3d at 129-130.
[11] City of Canton, 489 U.S. at 390-391; Amnesty America, 361 F.3d at 129-130.
[12] Tuttle, 471 U.S. at 823-25; Vippolis, 768 F.2d at 44; Fiacco, 783 F.2d at 328; Ricciuti, 941 F.2d at 122 (2d Cir. 1991); Russo, 341 F.Supp.2d at 110; Davis, 224 F.Supp.2d at 478.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

*FAILURE TO SUPERVISE*

To prevail on his failure to supervise claim, Mr. Russo must prove that a City policymaker, namely its City Manager, was knowingly and deliberately indifferent to the possibility that City police officers would violate his constitutional rights.[13] Mr. Russo may establish this by proving each of the following three elements by a preponderance of the evidence.

*FIRST ELEMENT-OBVIOUS NEED FOR SUPERVISION*

The First Element Mr. Russo must prove is that Hartford's City Manager was alerted to the possibility that City's police officers might retaliate against employees who either were assigned to a federal task force, reported police corruption to federal officials or filed lawsuits against fellow officers.[14] To establish that the City Manager was alerted to the possibility that City police officers might retaliate against co-workers who engaged in such activities, Mr. Russo must show that the need to protect these employees against retaliation of this nature was obvious. An obvious need may be demonstrated through proof of repeated complaints of retaliation against employees who either were assigned to a federal task force, reported police corruption to federal officials or filed lawsuits against fellow officers.

---

[13] Amnesty America, 361 F.3d at 127-28, n.8.
[14] Vann v. City of New York, 72 F.3d 1040, 1049 (2d. Cir. 1995).

6

In the alternative, Mr. Russo may also establish that an obvious need for more or better supervision existed by showing that the City Manager actually knew that the Individual Defendants intended to subject Mr. Russo to unlawful retaliation prior to his mistreatment.[15] In this regard, it is not sufficient for Mr. Russo to prove that the City Manager simply knew that the Individual Defendants intended to subject Mr. Russo to certain employment or personnel actions. Instead, Mr. Russo must show that the retaliatory nature of this proposed treatment was so obvious and so extreme as to leave no doubt that such proposed treatment could only be motivated by a desire to unlawfully retaliate against Mr. Russo.[16] Thus, if you find that the City Manager may have been aware of the Individual Defendants plans to subject Mr. Russo to certain personnel or employment action, you must determine whether the facts available to her could have lead her to only one conclusion, that the acts were motivated by unlawful retaliation. If the facts available to the City Manager could suggest that the Individual Defendants' proposed treatment of Mr. Russo may have been merely improper, as possibly prohibited by department rules and regulations, or motivated by jealousy or a dislike of Mr. Russo, you cannot find that the need for more or better supervision was obvious.

---

[15] Amnesty America, 361 F.3d at 128.
[16] Amnesty America, 361 F.3d at 128.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

## *SECOND ELEMENT - DELIBERATE INDIFFERENCE*

The Second Element Mr. Russo must prove to prevail on this failure to supervise claim is that the City displayed deliberate indifference to this obvious need for more or better supervision.[17] If Mr. Russo has shown that the City Manager was aware of prior complaints of retaliation, Mr. Russo may establish deliberate indifference by proving that the City Manager made no meaningful attempt to investigate or to forestall further incidents of retaliation against employees who either were assigned to a federal task force, reported police corruption to federal officials, or filed lawsuits against fellow police officers.[18] In this regard, the City Manager's negligence or mere bureaucratic inaction is not sufficient to show deliberate indifference.[19]

In the alternative, if Mr. Russo has shown that the City Manager was actually aware of the Individual Defendants' intention to unlawfully retaliate against Mr. Russo prior to the occurrence of such retaliation, Mr. Russo can establish deliberate indifference by showing that the City Manager consciously chose not to intervene and take efforts to prevent his mistreatment.[20] Likewise, in this regard, the City Manager's negligence or mere bureaucratic inaction is not sufficient to show deliberate indifference.

---

[17] Vann, 72 F.3d at 1049.
[18] Amnesty America, 361 F.3d at 127; Vann, 72 F.3d at 1049..
[19] Amnesty America, 361 F.3d at 128.
[20] Amnesty America, 361 F.3d at 128.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

### *THIRD ELEMENT-CAUSAL LINK*

The Third Element Mr. Russo must establish to prevail on his failure to supervise claim is that the City's failure to provide adequate supervision actually caused the deprivation of his First Amendment Rights.[21] In other words, Mr. Russo must prove an affirmative causal link between the inadequate supervision and the retaliation against him by showing that the Individual Defendants treatment of him resulted from the lack of supervision and not from the negligent administration of otherwise adequate supervision or other unrelated circumstances. Thus, if you find that Mr. Russo's mistreatment resulted from the isolated misconduct of an Individual Defendant motivated by a personality dispute or personal grudge, you must enter a verdict for the City.[22] In this regard, the fact that Mr. Russo may have proved that he was retaliated against is not sufficient, in and of itself, to establish that any failure to adequately supervise the Individual Defendants was the cause of such retaliation.[23]

In order to recover against the City of Hartford for the alleged deprivation of his First Amendment Rights, Mr. Russo must prove, by a preponderance of the evidence each and every element of either his failure to train or failure to supervise claim. If you

---

[21] City of Canton v. Harris, 489 U.S. 378, 388 (1980); Amnesty America, 361 F.3d at 129-130.
[22] City of Canton, 489 U.S. at 390-391; Amnesty America, 361 F.3d at 129-130.
[23] Tuttle, 471 U.S. at 823-25; Vippolis, 768 F.2d at 44; Fiacco, 783 F.2d at 328; Ricciuti, 941 F.2d at 122 (2d Cir. 1991); Russo, 341 F.Supp.2d at 110; Davis, 224 F.Supp.2d at 478.

9

find that Mr. Russo has failed to prove by a preponderance of the evidence all of the elements of at least on of those claims, you must enter a verdict for the Defendant City of Hartford.

E:\WPDOCS\City of Hartford\Russo\Trial Prep\Charge\Monell Charge2.25.05.wpd