UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| | : | 3:97 CV 2380 (JCH) (lead case) |
| Plaintiff, | : | **3:00 CV 1794 (JCH)**√ |
| v. | : | |
| | : | |
| JOHN M. BAILEY, ET AL. | : | |
| | : | |
| Defendants. | : | MARCH 2, 2005 |

### DEFENDANT, CITY OF HARTFORD'S REQUEST TO REPLACE TRIAL EXHIBIT 204

The Defendant, City of Hartford ("City"), respectfully requests that Trial Exhibit 204 be replaced with the attached Trial Exhibit 204. The original Trail Exhibit 204 was missing page 42, which is now included in the attached.

DEFENDANT,
CITY OF HARTFORD

By_____
John P. Shea, Jr.
Federal Bar CT 17433
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
Telephone: 860-541-2077
Facsimile: 860-713-8944
Its Attorney

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via facsimile and U.S. Mail, first class, postage prepaid, on this 2nd day of March, 2005 to:

James S. Brewer, Esq.
Erin I. O'Neil-Baker, Esq.
818 Farmington Avenue
West Hartford, CT 06119

Charles L. Howard, Esq.
Gregg Peter Goumas, Esq.
Derek L. Mogck, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103

Norman A. Pattis, Esq.
649 Amity Road, P.O. Box 280
Bethany, CT 06524

Chambers Copy:
The Honorable Janet C. Hall
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

John T. Forrest, Esq.
Law Offices of John T. Forrest, LLC
142 Jefferson Street
Hartford, CT 06106

Helen Apostolidis, Esq.
City of Hartford
Corporation Counsel's Office
550 Main Street
Hartford, CT 06103

Erin O'Neil, Esq.
41A New London Turnpike
Glastonbury, CT 06033

_____
John P. Shea, Jr.

E:\WPDOCS\City of Hartford\Russo\trial_ex_replacement.wpd

ployees organized into such divisions and bureaus as may be prescribed by ordinance.
(Sp. Laws 1947, Act No. 30, Ch. XIV, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Director of parks and recreation.

The director of parks and recreation shall be the head of the department of parks and recreation. Subject to the provisions of Chapter XVI of this charter he shall appoint and remove all officers and employees of the department. He shall be responsible for the efficiency, discipline and good conduct of the department and for the care and custody of all property of the city used by the department. He shall have immediate supervision and management of all public grounds, parks, playfields and playgrounds of the city, both within and without its boundaries, except those under the jurisdiction of the department of education; all city cemeteries; all boulevards connecting parks; all buildings and other structures, recreational facilities, museums, zoological and other gardens, collections, observatories, monuments, statues, fountains, restrooms, restaurants and refreshment stands situated on lands under his jurisdiction; and all concerts, entertainments and recreational activities carried on in the same; provided, on the recommendation of the city manager, the council may transfer the construction, reconstruction and maintenance of streets, boulevards, parkways, drives or walks under the jurisdiction of the department of parks and recreation from that department to the department of public works, and the care of street trees, shrubs and vines from the department of public works to the department of parks and recreation; and provided further the direction and control of any or all recreational activities may in like manner, with the approval of the board of education, be transferred to the board of education.
(Sp. Laws 1947, Act No. 30, Ch. XIV, § 2; Ord. No. 28-67, 11-7-67)

### Sec. 3. Rules and regulations.

On recommendation of the director of parks and recreation the council shall have power by ordinance to adopt all needful rules and regulations relating to the use of public grounds, parks, playfields, playgrounds and cemeteries, whether within or without the city, and for the preservation of orders, safety and decency therein. For the purpose of enforcing such rules and regulations all such public grounds, parks, playfields, playgrounds and cemeteries shall be under the police jurisdiction of the city. Any member of the police force of the city, or park employee appointed as a special policeman, shall have power to arrest without warrant in any such public grounds, parks, playfields, playgrounds and cemeteries any person who has violated any such rule or regulation or committed any offense therein, and the city and police court of the city shall have jurisdiction in all such cases.
(Sp. Laws 1947, Act No. 30, Ch. XIV, § 3; Ord. No. 28-67, 11-7-67)

Editor's note—City and police court functions were transferred to the circuit court, then to the common pleas court in 1974, and to the superior court in 1978.

### Sec. 4. Exemption from taxation.

All real and personal estate of the city used for park purposes within the limits of any other town shall be exempt from taxation.
(Sp. Laws 1947, Act No. 30, Ch. XIV, § 4; Ord. No. 28-67, 11-7-67)

## CHAPTER XVI. DEPARTMENT OF PERSONNEL*

### Sec. 1. Department of personnel.

There shall be a department of personnel the head of which shall be the director of personnel. He shall be a member of the classified service and shall be selected on the basis of merit and fitness after an open competitive examination as provided in section 4 of this chapter.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Director of personnel, powers and duties.

The director of personnel shall have the following powers and duties:

(a) To hold competitive examinations for all original appointments and, whenever de-

---

*Editor's note—Formerly Chapter XV. Renumbered by Act No. 641, Special Laws 1957, and retained as Chapter XVI without change by the Revised Charter 1967, Ord. No. 28-67.



DEFENDANT'S EXHIBIT 207

termined to be practicable in accordance with the provisions of this chapter, for promotions in the classified service; any such examinations shall be restricted to persons reasonably qualified by education and experience to perform the duties of the position;

(b) To maintain eligible lists based on such examinations for each class of position in the classified service and whenever a vacancy is to be filled to certify to the appointing officer the names of the three (3) persons standing highest on the eligible list applicable to the position concerned, unless there are fewer than three (3) persons on such eligible list, in which case he may certify the names of all persons on such list; or include them in a new list resulting from a new examination; and no appointment shall be made except from such list;

(c) To authorize in writing temporary appointments to vacancies in positions for which there is no eligible list, provided no such temporary appointment shall be for a longer period than three (3) months and shall not be subject to renewal;

(d) To give wide publicity through appropriate channels in each case to all announcements of competitive examinations;

(e) To prepare and recommend to the personnel board rules to carry out the provisions of this chapter;

(f) To maintain classification and pay plans based on the duties, authority and responsibility of positions in the city's service;

(g) To maintain a roster of all persons in the city's service, in which there shall be set forth as to each officer and employee:
   (1) The class title of the position held,
   (2) The salary or pay,
   (3) Any changes in class title, pay or status, and
   (4) Such other data as may be deemed desirable or useful to produce significant facts pertaining to personnel administration;

(h) To certify all payrolls for persons in the classified service. No payment for personal service to any person in the classified service of the city shall be made unless the payroll voucher bears the certification of the personnel director or his authorized agent that the persons mentioned therein have been appointed and employed in accordance with the provisions of this chapter;

(i) To assist in developing programs of training and education for persons in the municipal service;

(j) To investigate periodically the operation and effect of the personnel provisions of this charter and the rules promulgated thereunder and report annually his findings and recommendations to the city manager;

(k) To appoint and remove, subject to the provisions of this chapter, all employees of the department.

(Sp. Laws 1947, Act No. 30, Ch. XV, § 2; Sp. Laws 1957, Act No. 222; Ord. No. 28-67, 11-7-67)

Sec. 3. Personnel board.

There shall be a personnel board consisting of two (2) electors of the city, appointed in accordance with the provisions of Chapter III hereof, and a third member who shall be that member of the classified service who shall have received the highest number of votes at an election to be held at a time and place at least one (1) month before the first Tuesday of December following the effective date of this section, to be determined by the city manager. He shall be elected to fill the position now held by the employee member of the board when that position shall become vacant. In the event a vacancy shall occur in this position, it shall be filled by a similar election, to fill the unexpired portion of the term. Vacancies in either of the other two (2) offices shall be filled as hereinabove set forth for the unexpired portion of the term. The two (2) elector members of the board shall be known to be in sympathy with the merit principle as applied to the civil service, shall neither hold nor be a candidate for any other public office or position, and shall not be a member of any local, state or national committee of a political party or an officer in any partisan club or

ployees organized into such divisions and bureaus as may be prescribed by ordinance.
(Sp. Laws 1947, Act No. 30, Ch. XIV, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Director of parks and recreation.

The director of parks and recreation shall be the head of the department of parks and recreation. Subject to the provisions of Chapter XVI of this charter he shall appoint and remove all officers and employees of the department. He shall be responsible for the efficiency, discipline and good conduct of the department and for the care and custody of all property of the city used by the department. He shall have immediate supervision and management of all public grounds, parks, playfields and playgrounds of the city, both within and without its boundaries, except those under the jurisdiction of the department of education; all city cemeteries; all boulevards connecting parks; all buildings and other structures, recreational facilities, museums, zoological and other gardens, collections, observatories, monuments, statues, fountains, rest rooms, restaurants and refreshment stands situated on lands under his jurisdiction; and all concerts, entertainments and recreational activities carried on in the same; provided, on the recommendation of the city manager, the council may transfer the construction, reconstruction and maintenance of streets, boulevards, parkways, drives or walks under the jurisdiction of the department of parks and recreation from that department to the department of public works, and the care of street trees, shrubs and vines from the department of public works to the department of parks and recreation; and provided further the direction and control of any or all recreational activities may in like manner, with the approval of the board of education, be transferred to the board of education.
(Sp. Laws 1947, Act No. 30, Ch. XIV, § 2; Ord. No. 28-67, 11-7-67)

### Sec. 3. Rules and regulations.

On recommendation of the director of parks and recreation the council shall have power by ordinance to adopt all needful rules and regulations relating to the use of public grounds, parks, playfields, playgrounds and cemeteries, whether within or without the city, and for the preservation of orders, safety and decency therein. For the purpose of enforcing such rules and regulations all such public grounds, parks, playfields, playgrounds and cemeteries shall be under the police jurisdiction of the city. Any member of the police force of the city, or park employee appointed as a special policeman, shall have power to arrest without warrant in any such public grounds, parks, playfields, playgrounds and cemeteries any person who has violated any such rule or regulation or committed any offense therein, and the city and police court of the city shall have jurisdiction in all such cases.
(Sp. Laws 1947, Act No. 30, Ch. XIV, § 3; Ord. No. 28-67, 11-7-67)

Editor's note—City and police court functions were transferred to the circuit court, then to the common pleas court in 1974, and to the superior court in 1978.

### Sec. 4. Exemption from taxation.

All real and personal estate of the city used for park purposes within the limits of any other town shall be exempt from taxation.
(Sp. Laws 1947, Act No. 30, Ch. XIV, § 4; Ord. No. 28-67, 11-7-67)

## CHAPTER XVI. DEPARTMENT OF PERSONNEL*

### Sec. 1. Department of personnel.

There shall be a department of personnel the head of which shall be the director of personnel. He shall be a member of the classified service and shall be selected on the basis of merit and fitness after an open competitive examination as provided in section 4 of this chapter.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Director of personnel, powers and duties.

The director of personnel shall have the following powers and duties:

(a) To hold competitive examinations for all original appointments and, whenever de-

---

*Editor's note—Formerly Chapter XV. Renumbered by Act No. 641, Special Laws 1957, and retained as Chapter XVI without change by the Revised Charter 1967, Ord. No. 28-67.

organization. The term of office shall be three (3) years. The director of personnel shall designate an employee of the department to act as secretary of the board, who shall keep records of all business and official actions. The members of the board shall serve without pay.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 3; Ord. No. 21-65, 11-2-65; Ord. No. 28-67, 11-7-67)

Sec. 4. Appointment of director.

Immediately after the first members of the personnel board have been appointed and qualified, and thereafter whenever a vacancy exists in the office of director of personnel, the personnel board shall appoint an examining committee of three (3) persons to examine the qualifications of all persons applying for appointment to the office of director of personnel. At least two (2) members of the examining committee shall be public personnel administrators or public personnel specialists of recognized standing, who need not be residents of the City of Hartford. As soon as practicable after its appointment the examining committee shall hold open competitive examinations for applicants for the position of director of personnel who need not at the time of taking the examination be residents of the city or of the State of Connecticut, and shall certify to the city manager the names of the three (3) persons rated highest in the competitive tests and found by the committee to possess the necessary qualifications for said position. The city manager shall then appoint one (1) of the persons so certified to be the director of personnel. Compensation of the members of the examining committee and payment of their necessary expenses shall be authorized by the personnel board.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 4; Ord. No. 28-67, 11-7-67)

Sec. 5. Powers and duties of personnel board.

It shall be the duty of the personnel board:

(a) To hear appeals from any action pertaining to classification, reclassification and allocation of positions and from any disciplinary action suspending, reducing or removing any officer or employee in the classified service, as hereinafter provided, and to report in writing to the officer taking the action appealed from its findings and decisions therein;

(b) To consider the rules recommended by the director of personnel and to adopt or amend the same, but only after public hearing thereon, of which at least five (5) days' notice shall be given by advertisement once in a daily newspaper of general circulation in the city;

(c) To adopt or amend the classification plan recommended by the director of personnel;

(d) To investigate any or all matters relating to conditions of employment in the city and to make at least annually a report of its findings to the council;

(e) The council shall have the power to approve or disapprove the rules adopted by the personnel board, and, if not approved or disapproved by the council within two (2) regular meetings after their adoption, they shall be deemed approved.

(Sp. Laws 1947, Act No. 30, Ch. XV, § 5; Sp. Laws 1955, Act No. 112; Ord. No. 28-67, 11-7-67)

Editor's note—When the provisions of §§ 8 and 9, Ch. XVI were adopted referring to the classification plan and the pay plan, both of which provide for the recommendation of changes by the city manager, § 5(c), Ch. XVI was not changed. However, said subsection (c) has probably been superseded.

Sec. 6. Rules.

The rules adopted in accordance with the provisions of this chapter shall have the force and effect of law. Among other things they shall provide for the method of holding competitive examinations; the method of certifying eligibles for appointment; the establishment, maintenance, consolidation and cancellation of eligible lists; administration of the classification plan and the pay plan and methods of promotion and the application of service ratings thereto; probationary periods of employment; transfer of employees within the classification plan; hours of work, vacations, sick leaves and other leaves of absence; overtime pay; the order and manner in which layoffs shall be effected, and suspensions and dismissals and appeals therefrom; and such other rules as may be necessary to provide an adequate and system-

atic procedure for handling the personnel affairs of the city.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 6; Ord. No. 28-67, 11-7-67)

### Sec. 7. Classified and unclassified service.

The civil service of the city shall be divided into the unclassified and the classified service. The unclassified service shall comprise:

(a) Officers elected by the people and persons appointed to fill vacancies in elective offices;

(b) Members of boards and commissions and other officers appointed by the council;

(c) The heads of departments appointed by the city manager except the city assessor and director of personnel and not more than one (1) confidential secretary in each department;

(d) Employees of the board of education;

(e) The executive secretary to the city manager;

(f) The corporation counsel, assistant corporation counsels and special counsel appointed by the corporation counsel;

(g) The assistant city treasurer;

(h) The judges, prosecutors, clerks and messengers of the city and police court;

(i) The medical and dental staff of city hospitals and institutions, and the medical and dental staff in the department of health;

(j) Patient or inmate help in city charitable, penal and correctional institutions;

(k) Persons employed in a professional or scientific capacity to make or conduct a temporary and special inquiry, investigation or examination;

(l) Supernumeraries in the police and substitutes in the fire departments in the employ of the city at the effective date of this charter.

The classified service shall comprise all positions not specifically included by this section in the unclassified service and all appointments and promotions therein shall be made according to merit and fitness to be ascertained so far as practicable by competitive examinations. No member of the classified service shall be suspended for more than thirty (30) days, reduced in rank or pay, or removed except after notice in writing of the grounds of the proposed disciplinary and an opportunity to be heard thereon by the personnel board at a hearing which may be public at his option and at which he may be represented by counsel, to be held not less than five (5) nor more than ten (10) days after the service of such notice at a time to be specified therein. The decision of the personnel board either sustaining, reversing or modifying the disciplinary action appealed from shall be final.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 7; Sp. Laws 1957, Act No. 238; Ord. No. 28-67, 11-7-67)

Editor's note—City and police court functions were transferred to the circuit court, then to the common pleas court in 1974, and then to the superior court in 1978.

### Sec. 8. Classification plan.

The director of personnel shall prepare and maintain an up-to-date record of the authority, duties and responsibilities of each position in the classified service, provided the classification of positions according to similarity of authority, duties and responsibilities, hitherto adopted by the board of finance and in force at the effective date of this charter, shall remain in effect until altered in accordance with the provisions of this chapter. Changes in the classification plan shall be recommended by the city manager from time to time and shall become effective when approved by the personnel board. The class titles set forth in the classification plan shall be used to designate such positions in all official records, documents, vouchers and communications, and no person shall be appointed to or employed in a position in the classified service under any class title which has not been recommended by the city manager and approved by the board as appropriate to the duties to be performed. The classification plan shall include the normal lines of promotion from one (1) class to another. Employees affected by the allocation or reallocation of a position to a class or by any changes in the classification plan shall be afforded an opportunity to be heard thereon by

the personnel board after filing with the director a written request for such hearing.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 8; Res. of 11-5-63; Ord. No. 28-67, 11-7-67)

### Sec. 9. Pay plan.

There shall be a pay plan consisting of a salary range for each class in the classification plan. Each such range shall be determined with due regard to the salary ranges for other classes and to the relative difficulty and responsibility of characteristics duties of positions in the class, the minimum qualifications required, the prevailing rate paid for similar employment outside the city service, and any other factors that may properly be considered to have a bearing upon the fairness or adequacy of the range, provided that the pay plan in force at the effective date of this charter shall remain in effect until amended in accordance with the provisions of this chapter. The city manager shall, from time to time, recommend to the council changes in the pay plan which shall take effect when adopted by ordinance and no amendment shall be made in the pay plan by the council unless the same shall have been first referred to the city manager for his opinion.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 9; Res. of 11-5-63; Ord. No. 28-67, 11-7-67)

### Sec. 10. Promotions.

Vacancies in higher positions in the classified service of the city shall, as far as practicable, be filled by promotion from lower classes upon the basis of competitive tests, including a consideration of service ratings, provided, in case the personnel board on the recommendation of the director of personnel so direct, such positions shall be filled by competitive tests open not only to members of the classified service but also to all other qualified persons.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 10; Ord. No. 28-67, 11-7-67)

### Sec. 11. Present employees to retain positions.

All persons holding permanent positions in the service of the city, including employees of any board or commission, at the effective date of this charter, whose positions are included in the classified service by the terms of this chapter, shall immediately become members of the classified service and retain such positions until promoted, transferred, reduced or removed in accordance with the provisions of this chapter. All other employees of the city at the effective date of this charter, whose positions are not abolished thereby, shall retain such positions pending action by the council or the appropriate officer charged by this charter with powers of appointment and removal. The supernumeraries employed in the police department and the substitutes employed in the fire department at the effective date of this charter shall continue to enjoy priority in appointments as regular members of their respective departments without competitive examination, provided they satisfy such minimum qualifications as may be established for membership in such departments.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 11; Ord. No. 28-67, 11-7-67)

### Sec. 12. Prohibited practices.

No person in the classified service of the city or seeking admission thereto shall be appointed, promoted, reduced, removed or in any way favored or discriminated against because of his race, his national origin or his political or religious opinions or affiliations. No person shall willfully or corruptly make any false statement, certificate, mark, rating or report in regard to any test, certification, promotion, reduction, removal or appointment held or made under the provisions of this chapter, or in any manner commit or attempt to commit any fraud preventing the impartial execution thereof or of the rules and regulations made in accordance therewith. No officer or employee in the classified service of the city shall continue in such position after becoming a candidate for election to any public office. No person shall either directly or indirectly, pay, render or give any money, service or other valuable thing to any person for or on account of or in connection with any test, appointment, promotion, reduction or removal in which he is concerned. No person shall, orally, by letter, or otherwise, solicit or be in any manner concerned in soliciting any assessment, subscription or contribution for any political party

or political purpose whatever from any person holding a position in the classified service of the city shall make any contribution to the campaign funds of any political party or any candidate for public office or take any part in the management affairs or campaign of any political party further than in the exercise of his rights as a citizen to express his opinion and to cast his vote. Any person who by himself or with others willfully or corruptly violates any of the provisions of this section shall be fined not more than five hundred dollars ($500.00) or imprisoned not more than six (6) months or both. Any person who is convicted under this section shall for a period of five (5) years be ineligible for appointment to or employment in a position in the city service and shall, if he be an officer or employee of the city, immediately forfeit the office or position he holds.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 12; Ord. No. 28-67, 11-7-67)

### Sec. 13. Powers of personnel board to conduct investigations.

For the purpose of the administration of the provisions of this chapter each member of the personnel board shall have the power to administer oaths and the board may, by majority vote, compel the attendance of witnesses and the production of books and papers. Any person disobeying the subpoena of the personnel board shall be fined not more than one hundred dollars ($100.00) or imprisoned not more than thirty (30) days or both.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 13; Ord. No. 28-67, 11-7-67)

### Sec. 14. Veterans' preference.

(a) Any person who has served in time of war in the army, navy, maring corps, coast guard or air force of the United States and has been honorably discharged therefrom shall be entitled to have added to his rating in any examination for initial employment in the classified service ten (10) points on a scale of one hundred (100) if he is eligible for disability compensation or pension from the United States through the veterans' administration, or five (5) points on a scale of one hundred (100) if he is not so eligible, provided he is within the age limit specified for appointment to the position or class of position for which the examination is held, physically capable of performing the duties of such position and attains in the examination without such added points the minimum rating prescribed for passage of such examination.

(b) Any employee in the classified service whose employment has been interrupted in time of war in the army, navy, marine corps, coast guard or air force of the United States and has been honorably discharged therefrom shall be entitled one (1) time to have added to his rating in any examination held under the provisions of this chapter ten (10) points on a scale of one hundred (100) if he is eligible for disability compensation or position from the United States through the veterans' administration, or five (5) points on a scale of one hundred (100) if he is not so eligible, provided he is within the age limit specified for appointment to the position or class of position for which the examination is held, physically capable of performing the duties of such position and attains in the examination without such added points the minimum rating prescribed for passage of such examination.
(Sp. Laws 1947, Act No. 30, Ch. XV, § 14; Ord. No. 28-67, 11-7-67)

## CHAPTER XVII. PENSIONS*

### Sec. 1. Retirement allowances for present city employees.

The rights of all persons in the service of the city actually receiving or entitled to receive, prior to the effective date of this act, pensions or retirement allowances under the retirement system for city employees, the police benefit fund or the firemen's relief fund, as provided in sections 233, 234 and 235 of "An Act Revising the Charter of the City of Hartford," approved June 24, 1941, as amended, are expressly validated and the city shall continue to pay such pensions or allowances in accordance with the respective provisions of said sections. All persons in the service of the city prior

---

*Editor's note—Formerly Chapter XVI. Renumbered by Act No. 641, § 6, Special Laws 1957, and retained as Chapter XVI by Revised Charter 1967, Ord. No. 28-67.
  Cross reference—See "Pensions" in the Appendix to Charter.