FILED

2005 FEB 28 A 9: 10

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS O. RUSSO, JR.    :    CIVIL ACTION NO.
    :    3:97 CV 2380 (JCH) (lead case)
    Plaintiff,    :    **3:00 CV 1794 (JCH)**
v.    :
    :
JOHN M. BAILEY, ET AL.    :
    :
    Defendants.  :    :    FEBRUARY 25, 2005

## THIRD AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT

The defendant, City of Hartford (the "Defendant City"), answers Plaintiff's Sixth

Amended Complaint[1] dated February 11, 2003, as follows:

## I.    PRELIMINARY STATEMENT

The Defendant City admits that Plaintiff has brought this action against it

alleging various causes of action. The Defendant City denies the remaining

allegations of this paragraph.

## II.    NATURE OF ACTION

The Defendant City admits that Plaintiff alleges violations of 42 U.S.C. § 1983,

the First and Fourteenth Amendments to the United States Constitution, and the

common law of the State of Connecticut. The remaining allegations of this paragraph

are denied.

---

[1] As Defendant City was granted summary judgment on the Eighth Count of Plaintiff's Sixth Amended Complaint on September 30, 2004, the answers and affirmative defenses to that count have been omitted.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860 713 8944   www.sabiahart.com

### III.  <u>JURISDICTION</u>

The Defendant City neither admits nor denies this paragraph and therefore leaves Plaintiff to his proof.

### IV.  <u>CAUSES OF ACTION</u>

**FIRST COUNT:**  **<u>Violation of the First Amendment as to the Police Defendants</u>**

While the First Count is not directed to this Defendant, to the extent Plaintiff has incorporated the allegations contained hereunder into the Seventh and Eighth Counts, the Defendant City responds as follows:

1.    The allegations of paragraph 1 are admitted.

2.    The Defendant City admits so much of paragraph 2 as alleges "Plaintiff was a Detective assigned to the Crimes Against Persons ("CAPers") division of the Hartford Police Department ("HPD")" and further admits that Plaintiff was, for a period of time, concurrently assigned to a federal task force.  The remaining allegations of paragraph 2 are denied.

3.    The Defendant City admits so much of paragraph 3 as alleges "the defendant, JOSEPH CROUGHWELL ("Croughwell"), was Chief of Police for the Hartford Police Department".  As to the remaining allegations in paragraph 3, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

4.    The Defendant City admits so much of paragraph 4 as alleges "the defendant, JEFFREY FLAHERTY ("Flaherty"), was a Captain assigned to the Investigative Services division of the Hartford Police Department". As to the remaining allegations in paragraph 4, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

5.    The Defendant City admits so much of paragraph 5 as alleges, "the defendant, DAVID KENARY ("Kenary"), was a Lieutenant assigned to the CAPers division of the Hartford Police Department". The Defendant City further admits so much of paragraph 5 as alleges "He was subsequently transferred to the Vice and Narcotics division" and "1997". As to the remaining allegations of paragraph 5, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

6.    The Defendant City admits so much of paragraph 6 as alleges "the defendant, DARYL K. ROBERTS ("Roberts"), was a Sergeant assigned to the CAPers division of the Hartford Police Department". As to the remaining allegations in paragraph 6, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

7.    The Defendant City admits so much of paragraph 7 as alleges "the defendant, CHRISTOPHER LYONS ("Lyons"), was a Sergeant assigned to the Intelligence division of the Hartford Police Department". As to the remaining

3

allegations of paragraph 7, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

8.    The Defendant City admits so much of paragraph 8 as alleges "the defendant, ROBERT LAWLOR ("Lawlor"), was a Detective assigned to the Intelligence division of the Hartford Police Department". As to the remaining allegations of paragraph 8, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

9.    The Defendant City admits so much of paragraph 9 as alleges "JAMES ROVELLA ("Rovella"), was a Detective assigned to the CAPers division of the Hartford Police Department". As to the remaining allegations of paragraph 9, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

10.    The Defendant City admits so much of paragraph 10 as alleges "CHARLES LILLEY ("Lilley"), was a Sergeant assigned to the CAPers division of the Hartford Police Department". As to the remaining allegations of the paragraph 10, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

11.    The Defendant City admits so much of paragraph 11 as alleges "The Plaintiff was hired as a police officer for the City of Hartford in 1981". The Defendant City denies so much of paragraph 11 as alleges "and served as a Detective with

4

CAPers for over six (6) years". As to the remaining allegations in paragraph 11, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

12.    The allegations of paragraph 12 are denied.

13.    The allegations of paragraph 13 are denied.

14.    The Defendant City lacks sufficient knowledge or information upon which to form a belief as to the allegation s of Paragraph 14, and therefore leaves Plaintiff to his proof.

15.    The Defendant City denies so much of paragraph 15 as alleges "volunteered information" and "the corruption". As to the remaining allegations in paragraph 15, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

16.    The Defendant City denies so much of paragraph 16 as alleges "The plaintiff's cooperation with the federal officials". As to the remaining allegations of paragraph 16, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

17.    The allegations of paragraph 17 are denied.

18.    The Defendant City admits that Plaintiff was asked around January 10, 1997 to bring in a note from his treating physician in response to an un-excused extended absence from work and other erratic behavior. As to the remaining

5

allegations in paragraph 18, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

19.    The Defendant City admits that on or about January 9, 1997, Plaintiff produced what purported to be a note from his physician, Dr. Santo Buccheri, which suggested that Plaintiff was suffering from influenza. As to the remaining allegations in paragraph 19, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

20.    The Defendant City admits that, on or about January 10, 1997, Defendants  Kenary and Lilley conversed with Plaintiff's physician.  The remaining allegations of paragraph 20 are denied.

21.    The Defendant City admits that on or about January 10, 1997, Defendant Croughwell directed Plaintiff to submit to a reasonable suspicion drug test pursuant to the Collective Bargaining Agreement between the Hartford Police Union and the City of Hartford.  The remaining allegations of paragraph 21 are denied.

22.    The Defendant City admits that the locks to the CAPers division were changed in or around the spring of 1997.  The Defendant City denies so much of paragraph 22 as alleges "refused to give the Plaintiff a key.  The Plaintiff was unable to access his work place.  The Plaintiff was the only assigned member denied access to work and his desk." As to the remaining allegations of paragraph 22, the Defendant City lacks sufficient knowledge or information upon which to form a belief,

6

and therefore leaves Plaintiff to his proof.

23.     The Defendant City admits that officers assigned to Hartford Police Department divisions who were concurrently assigned to work on federal task forces were not relieved of their obligation to report on a regular basis to their HPD division supervisors. The Defendant City denies so much of paragraph 23 as alleges "No other officer was asked to do this." As to the remaining allegations of paragraph 23, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

24.     The Defendant City admits that Defendant Croughwell was made aware of concerns that Plaintiff might be suicidal and that Plaintiff was asked to submit a fitness for duty note. The Defendant City denies that any such concerns were "anonymous" and further denies all remaining allegations of paragraph 24.

25.     The Defendant City admits so much of paragraph 25 as alleges "There after, on June 15, 1997, a homicide took place in the City of Hartford at Pope Park during the Puerto Rican festival" and that both HPD and federal officials investigated the murder. The remaining allegations of paragraph 25 are denied.

26.     The Defendant City denies so much of paragraph 26 as alleges "detached". The Defendant City admits that Plaintiff was assigned to a federal task force and further admits so much of paragraph 26 as alleges "with the assistance of the federal government" and "an arrest of a suspect two days after the murder". As to

7

the remaining allegations of paragraph 26, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

27.    The allegations of paragraph 27 are denied.

28.    The allegations of paragraph 28 are denied.

29.    The allegations of paragraph 29 are denied.

30.    The Defendant City admits that Defendant Kenary conversed with Marcus Brown on or about September 9, 1997 regarding Dr. Buccheri.  The remaining allegations of paragraph 30 are denied.

31.    The Defendant City admits that Plaintiff met with State Inspector Stephen Kumnick ("Kumnick") on or about October 13, 1997 and falsely reported to Kumnick that a corruption probe of the "HPD and its bosses" existed and that Plaintiff was assisting in this investigation.  The Defendant City denies the actual existence of any such corruption probe, and further denies that Plaintiff was assisting the federal authorities in any such matter.  As to the remaining allegations in paragraph 31, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

32.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

33.    The Defendant City lacks sufficient knowledge or information to form a

8

belief as to the allegation "Defendant Rovella then notified two possible targets of the probe, Defendants Lawlor and Lyons", and therefore leaves Plaintiff to his proof. The remaining allegations of paragraph 33 are denied.

34.    The Defendant City admits so much of paragraph 34 as alleges "Defendants Lawlor and Lyons approached Chief Croughwell in his office" regarding Plaintiff's false allegations of corruption. The Defendant City lacks sufficient knowledge or information upon which to form a belief as to the allegation "That same day", and therefore leaves Plaintiff to his proof. The remaining allegations of paragraph 34 are denied.

35.    The Defendant City admits so much of paragraph 35 as alleges "the Chief called the Plaintiff from his office in the presence of Defendants Lawlor and Lyons." The Defendant City denies the existence of any federal corruption probe, and likewise, Plaintiff's involvement therein. The remaining allegations of paragraph 35 are also denied.

36.    The Defendant City admits that in or about October 1997, Chief State's Attorney John Bailey sent a memo apparently authored by Kumnick to Defendant Croughwell regarding a conversation between Kumnick and Plaintiff. As to the remaining allegations in paragraph 36, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

37.    The Defendant City lacks sufficient knowledge or information upon

9

which to form a belief, and therefore leaves Plaintiff to his proof.

38.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

39.    The allegations of paragraph 39 are denied.

40.    The Defendant City denies so much of paragraph 39 as alleges "The JIT purported". The Defendant City admits that Dr. Santo Buccheri's prescription practices were examined by the DEA and Connecticut State's Attorney's Office. The Defendant City further admits that the HPD personnel provided some assistance to those agencies. As to the remaining allegations of paragraph 40, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

41.    The allegations of paragraph 41 are denied.

42.    The Defendant City admits so much of paragraph 42 as alleges that federal and state authorities "obtained plaintiff's" and "prescription records and prescriptions from Buccheri". The Defendant City further admits those portions alleging "The plaintiff's pharmaceutical records were obtained" and "from numerous pharmacies". The Defendant City denies so much of paragraph 42 as alleges "without warrant or any legal process". As to the remaining allegations of paragraph 42, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

10

42.(43.) The allegations of paragraph 42 (43) are admitted.

44.    The Defendant City denies so much of paragraph 44 as alleges "along with the police members of JIT". As to the remaining allegations in paragraph 44, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

45.    The Defendant City admits that Plaintiff was arrested on December 16, 1997. The Defendant City denies so much of paragraph 45 as alleges "along with the police members of JIT". As to the remaining allegations in paragraph 45, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

46.    The allegations of paragraph 46 are denied.

47.    The Defendant City admits so much of paragraph 47 as alleges "Present at the plaintiff's arrest were" and "Hajdaz." As to the remaining allegations in paragraph 47, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

48.    The Defendant City admits that DEA Investigator Brown signed the application for the search warrant for Plaintiff's home. The Defendant City denies that DEA Investigator Brown signed the arrest warrant. As to the remaining allegations in paragraph 48, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

11

49.   The Defendant City denies so much of paragraph 49 as alleges "all at the direction of the defendants". As to the remaining allegations of paragraph 49, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

50.   The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

51.   The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

52.   The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

53.   The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

54.   The Defendant City admits so much of paragraph 54 as alleges "Plaintiff was immediately suspended without pay by Croughwell." The Defendant City denies the remaining allegations of paragraph 54.

55.   The allegations of paragraph 55 are denied.

56.   The Defendant City denies so much of paragraph 56 as alleges "Due to the aforementioned conduct" and "he has been publicly defamed and his privacy invaded." As to the remaining allegations in paragraph 56, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves

12

Plaintiff to his proof.

57.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

58.    The allegations of paragraph 58 are denied.

59.    The allegations of paragraph 59 are denied.

60.    The allegations of paragraph 60 are denied.

61.    The allegations of paragraph 61 are denied.

62.    The allegations of paragraph 62 are denied.

**SECOND COUNT:**    <u>**Violation of Fourteenth Amendment Equal Protection Clause and Substantive Due Process Clause as to the Police Defendants**</u>

1-62.    The answers to paragraphs 1-62 are hereby incorporated into the Second Count as answers to paragraphs 1-62 as if fully re-alleged herein.

63.    The allegations of paragraph 63 are denied.

64.    The allegations of paragraph 64 are denied.

65.    The allegations of paragraph 65 are denied.

66.    The Defendant City denies so much of paragraph 66 as alleges "Due to the aforementioned conduct" and "he has been publicly defamed and his privacy invaded". As to the remaining allegations in paragraph 66, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

13

67.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

68.    The Defendant City provides no answer, as no allegations appear with regard to paragraph 68.

69.    The Defendant City provides no answer, as no allegations appear with regard to paragraph 69.

70.    The allegations of paragraph 70 are denied.

71.    The allegations of paragraph 71 are denied.

72.    The allegations of paragraph 72 are denied.

73.    The allegations of paragraph 73 are denied.

74.    The allegations of paragraph 74 are denied.

75.    The allegations of paragraph 75 are denied.

**THIRD COUNT:**    **First Amendment and Fourteenth Amendment Equal Protection Violations as to Defendant Rudewicz**

1.    The Defendant City denies so much of paragraph 1 as alleges "During all times material to this count".  The Defendant City admits so much of paragraph 1 as alleges "the defendant, ROBERT RUDEWICZ ("Rudewicz"), was the Acting Chief of Police for the City of Hartford".  As to the remaining allegations in paragraph 1, the Defendant City lacks sufficient knowledge or information upon which to form a belief,

14

and therefore leaves Plaintiff to his proof.

     2.    The allegations in paragraph 2 are admitted.

     3.    The Defendant City admits that Plaintiff was suspended without pay on December 16, 1997 for possibly engaging in behavior which constitutes a felony under Connecticut law.  The Defendant City denies that the suspension was based solely on the criminal charges filed by the Hartford State's Attorney's Office and further denies that the HPD filed any charges against Plaintiff in Superior Court.

     4.    The allegations of paragraph 4 are denied.

     5.    The Defendant City admits that on or about September 15, 2000 the Superior Court ruled that some of the evidence against Detective Russo was not admissible.  As to the remaining allegations of paragraph 5, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

     6.    The Defendant admits that the charges against Plaintiff were temporarily dismissed, pending an appeal of the Superior Court's September 15, 2000 ruling by the State's Attorney's Office.  As to the remaining allegations in paragraph 6, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

     7.    The Defendant City denies so much of paragraph 7, as alleges "the unlawful acts of the defendant Rudewicz."  As to the remaining allegations of

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

paragraph 7, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

8.      The Defendant City denies so much of paragraph 8 as alleges "in collaboration and in concert with the defendants". As to the remaining allegations in paragraph 8, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

9.      The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

10.     The Defendant City admits that Defendant Rudewicz did not immediately reinstate Plaintiff to active paid duty as a Detective for the HPD on September 15, 2000, and further admits that it did ultimately reinstate him on October 27, 2000. The Defendant City further admits that Plaintiff remained reinstated until criminal charges were re-instituted against Plaintiff on February 19, 2002, at which time Plaintiff was again suspended without pay. The Defendant City denies all remaining allegations of paragraph 10, including any suggestion that the failure to immediately reinstate Plaintiff was wrongful or that either suspension was illegal.

11.     The allegations of paragraph 11 are denied.

12.     The allegations of paragraph 12 are denied.

13.     The allegations of paragraph 13 are denied.

14.     The allegations of paragraph 14 are denied.

16

15.    The allegations of paragraph 15 are denied.

16.    The Defendant City denies so much of paragraph 16 as alleges "Due to the aforementioned conduct". As to the remaining allegations of paragraph 16, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

17.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

18.    The allegations of paragraph 18 are denied.

19.    The allegations of paragraph 19 are denied.

20.    The allegations of paragraph 20 are denied.

21.    The allegations of paragraph 21 are denied.

22.    The allegations of paragraph 22 are denied.

23.    The allegations of paragraph 23 are denied.

**FOURTH COUNT:**    **First and Fourteenth Amendments (Collaboration ) Violation as to Union**

1.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

2.    The Defendant City admits so much of paragraph 2 as alleges "During all times material to this complaint, the defendant, HARTFORD POLICE UNION ("Union"), was the collective bargaining agent". As to the remaining allegations of

17

paragraph 2, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

3.    The Defendant City denies so much of paragraph 3 as alleges "from December 16, 1997 to December 31, 1998, the defendant, LAWRENCE REYNOLDS ("Union Defendant"), was the former President of the Hartford Police Union". As to the remaining allegations of paragraph 3, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

4.    The Defendant City admits so much of paragraph 4 as alleges "the defendant, MICHAEL WOOD ("Union Defendant"), was the President of the Hartford Police Union". As to the remaining allegations of paragraph 4, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

5.    The Defendant City admits so much of paragraph 5 as alleges "the defendant, THOMAS HARDWICK ("Union Defendant"), was Vice-President of the Hartford Police Union". As to the remaining allegations of paragraph 5, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

6.    The Defendant City admits so much of paragraph 6 as alleges "The City of Hartford and the Union entered into a collective bargaining agreement that

18

recognized the Union as an exclusive bargaining agent". The Defendant City denies the remaining allegations of paragraph 6.

7.     The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

8.     The Defendant City denies so much of paragraph 8 as alleges "was in furtherance of an implicit agreement between the Hartford Police Department defendants and the Union defendants to prevent the plaintiff's return to duty." As to the remaining allegations of paragraph 8, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

9.     The allegations of paragraph 9 are denied.

10.     The Defendant City denies so much of paragraph 10 as alleges "joined the defendants Croughwell, Flaherty, Kenary and Lilley in conspiring to bring criminal charges against the plaintiff." As to the remaining allegations of paragraph 10, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

11.     The Defendant City denies so much of paragraph 11 as alleges "conspired with the police defendants to allow the illegal drug testing of plaintiff." As

19

to the remaining allegations of paragraph 11, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

12.     The Defendant City admits so much of paragraph 12 as alleges "On December 16, 1997, the Plaintiff was suspended without pay". The remaining allegations of paragraph 12 are denied.

13.     The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

14.     The Defendant City admits that on or about September 15, 2000 the Superior Court ruled that some of the evidence seized during the criminal investigation of Detective Russo was inadmissible. The remaining allegations of paragraph 14 are denied.

15.     The Defendant City admits that the charges against Plaintiff were temporarily dismissed, pending an appeal of the Superior Court's September 15, 2000 ruling by the State's Attorney's Office. The Defendant City further admits that the criminal charges against Plaintiff were re-instituted on February 19, 2002. As to the remaining allegations in paragraph 15, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

16.     The allegations of paragraph 16 are denied.

20

17.   The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

18.   The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

19.   The allegations of paragraph 19 are denied.

20.   The allegations of paragraph 20 are denied.

21.   The allegations of paragraph 21 are denied.

22.   The allegations of paragraph 22 are denied.

23.   The allegations of paragraph 23 are denied.

24.   The allegations of paragraph 24 are denied.

25.   The allegations of paragraph 25 are denied.

26.   The Defendant City denies so much of paragraph 26 as alleges "Due to the aforementioned conduct".  As to the remaining allegations of paragraph 26, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

27.   The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

28.   The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

29.     The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

30.     The Defendant City denies so much of paragraph 30 as alleges "the immoral, unethical and repugnant treatment towards Plaintiff." As to the remaining allegations of paragraph 30, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

31.     The allegations of paragraph 31 are denied.

32.     The allegations of paragraph 32 are denied.

33.     The allegations of paragraph 33 are denied.

34.     The allegations of paragraph 34 are denied.

**FIFTH COUNT:**          **Breach of Duty of Fair Representation as to Union**

1-34.     The Defendant City realleges its answers to paragraphs 1 through 34 of the Fourth Count as paragraphs 1 through 34 of this Fifth Count as if reasserted fully herein.

35.     The allegations of paragraph 35 are admitted.

36.     The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

37.     The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

22

38.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

39.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

40.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

**SIXTH COUNT:**          **Intentional Infliction of Emotional Distress as to Croughwell, Lyons and Lawlor**

1.    The Defendant City denies so much of paragraph 1 as alleges "Seventh". As to the remaining allegations of paragraph 1, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof. To the extent Plaintiff has incorporated the allegations of the First, Second and Third Counts into this Sixth Count, the Defendant City repeats and re-alleges its answers to those allegations set forth in the First, Second and Third Counts as if fully set forth here in this Sixth Count.

2.    The allegations of paragraph 2 are denied.

3.    The allegations of paragraph 3 are denied.

4.    The Defendant City denies so much of paragraph 4 as alleges "As a direct and proximate result of said acts and/or omissions". As to the remaining

23

allegations of paragraph 4, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

5.    The Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.

**SEVENTH COUNT:**    **First and Fourteenth Amendment Violation as to the City of Hartford**

1.    The Defendant City denies so much of paragraph 1 as alleges "Eighth" [sic]. As to the remaining allegations of paragraph 1, the Defendant City lacks sufficient knowledge or information upon which to form a belief, and therefore leaves Plaintiff to his proof.  To the extent Plaintiff has incorporated the allegations of the First, Second, Third, Fourth, Fifth and Sixth Counts into this Seventh Count, the Defendant City repeats and re-alleges its answers to those allegations set forth in the First, Second, Third, Fourth, Fifth and Sixth Counts as if fully set forth here in this Seventh Count.

2.    The allegations of paragraph 2 are denied.

3.    The allegations of paragraph 3 are denied.

4.    The allegations of paragraph 4 are denied.

    4. 1.    The allegations of paragraph 4, subsection 1 are denied.

    4.2.    The allegations of paragraph 4, subsection 2 are denied.

    4.3.    The allegations of paragraph 4, subsection 3 are denied.

5.    The allegations of paragraph 5 are denied.

24

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE TO SEVENTH COUNT

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE TO SEVENTH COUNT

The Second Affirmative Defense is WITHDRAWN.

### THIRD AFFIRMATIVE DEFENSE TO SEVENTH COUNT

Plaintiff's claims are barred by the applicable statute of limitations..

### FOURTH AFFIRMATIVE DEFENSE TO SEVENTH COUNT

The Fourth Affirmative Defense is WITHDRAWN.

### FIFTH AFFIRMATIVE DEFENSE TO SEVENTH COUNT

Plaintiff is not entitled to relief because on February 19, 2002, the Connecticut Supreme Court reversed the Order of the Superior Court and remanded the case to the Superior Court with direction to deny the defendant's (Plaintiff in this case) motion to suppress, thus re-instituting the criminal charges against the defendant (Plaintiff in this case).  Based on these charges and the allegations contained therein, Plaintiff was again suspended from the HPD in accordance with the Collective Bargaining Agreement between the City of Hartford and the Hartford Police Union.

### SIXTH AFFIRMATIVE DEFENSE TO SEVENTH COUNT

Prior to being drug tested Plaintiff signed an acknowledgment indicating his consent to such drug test.  Thus, any claim by Plaintiff based on the drug test is barred

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE TO SEVENTH COUNT

Prior to being drug tested Plaintiff signed an acknowledgment indicating his consent to such drug test. Thus, any claim by Plaintiff based upon the drug test is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE TO SEVENTH COUNT

Plaintiff has failed to sufficiently mitigate any damages he may have suffered as required by law.

## NINTH AFFIRMATIVE DEFENSE TO THE SEVENTH COUNT

Plaintiff's claim is barred by the doctrine of res judicata, as the claim asserted in the Seventh Count was, or could have been, raised in a prior action against the Defendant City.

## TENTH AFFIRMATIVE DEFENSE TO THE SEVENTH COUNT

Plaintiff's claim is barred by the doctrine of collateral estoppel as the issues of fact and law raised therein have been fully and fairly litigated by Plaintiff in a previous proceeding wherein all such issues were necessarily decided by the Court in support of a valid and final judgment on the merits in favor of the Defendant City.

## ELEVENTH AFFIRMATIVE DEFENSE TO THE SEVENTH COUNT

Plaintiff is not entitled to any damage award representing lost wages attributable to front pay or back pay from the time of his arrest and suspension from

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

the HPD in December, 1997 because his arrest on felony charges and subsequent multiple felony convictions prevented him and continue to prevent him, as a matter of law, from serving as a certified police officer and because, when he was reinstated for a short time following the dismissal of the charges against him while the State appealed the ruling on his motion to suppress, he failed to report to work, obtain certification from the Police Officers Training Counsel and provide adequate medical evidence of his fitness to return to work.

WHEREFORE, the Defendant City requests that judgment enter in its favor.

DEFENDANT,
CITY OF HARTFORD

By_____
John P. Shea, Jr.
Federal Bar CT 17433
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
Telephone: 860-541-2077
Facsimile: 860-713-8944
Its Attorney

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via facsimile and U.S. Mail, first class, postage prepaid, on this 25th day of February, 2005 to:

James S. Brewer, Esq.
Erin I. O'Neil-Baker, Esq.
818 Farmington Avenue
West Hartford, CT 06119

Charles L. Howard, Esq.
Gregg Peter Goumas, Esq.
Derek L. Mogck, Esq.
Shipman & Goodwin, LLC
One American Row
Hartford, CT 06103

Norman A. Pattis, Esq.
649 Amity Road, P.O. Box 280
Bethany, CT 06524

Chambers Copy:
The Honorable Janet C. Hall
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

John T. Forrest, Esq.
Law Offices of John T. Forrest, LLC
142 Jefferson Street
Hartford, CT 06106

Helen Apostolidis, Esq.
City of Hartford
Corporation Counsel's Office
550 Main Street
Hartford, CT 06103

Frank J. Szilagyi, Esq.
Silvester, Daly & Delaney
72 Russ Street
Hartford, CT 06106


_____
John P. Shea, Jr.

E:\WPDOCS\City of Hartford\Russo\Answers\third.amend.answer.bailey.wpd

28