2/24/05

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:00-cv-1794 (JCH) |
| v. | : | |
| JOSEPH CROUGHWELL, ET AL. | : | |
| Defendants. | : | January 19, 2005 |

**AMENDED ANSWER AND AFFIRMATIVE
DEFENSES TO SIXTH AMENDED COMPLAINT**

The defendants, Joseph Croughwell, Jeffrey Flaherty, David Kenary, Daryl Roberts, Christopher Lyons and Robert Lawlor (collectively "the Police Defendants"), file this Amended Answer the plaintiff's Sixth Amended Complaint dated February 11, 2003, as follows:

**I.   PRELIMINARY STATEMENT**

The Police Defendants admits that the plaintiff has brought this action against them alleging various causes of action. The Police Defendants deny the remaining allegations in this Paragraph.

## II. NATURE OF ACTION

The Police Defendants admit that plaintiff alleges violations of 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and the common law of the State of Connecticut. The Police Defendants deny any remaining allegations in this Paragraph.

## III. JURISDICTION

The Police Defendants neither admit nor deny the allegations in this Paragraph and therefore leave the Plaintiff to his proof.

## IV. CAUSES OF ACTION

### FIRST COUNT (Violation of First Amendment as to Police Defendants)

1.  The Police Defendants admit that the plaintiff was a citizen of the United States and a resident of the State of Connecticut. The Police Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 1 and therefore leave the plaintiff to his proof.

2.  The Police Defendants admit that at various times prior to December 16, 1997 the plaintiff was a Detective assigned to the Crimes Against Persons ("CAPers") Division of

the Hartford Police Department ("HPD") and the Northern Region Violent Crimes Task Force. The Police Defendants deny any remaining allegations in Paragraph 2.

3.      The Police Defendants admit that Joseph Croughwell was the Police Chief for the City of Hartford Police Department. The Police Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 3 and therefore leave the plaintiff to his proof.

4.      The Police Defendants admit that Jeffrey Flaherty was a Captain in the Hartford Police Department and that he was assigned to the Investigative Services Division of the HPD. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 4 and therefore leave the plaintiff to his proof.

5.      The Police Defendants admit that David Kenary was a Lieutenant assigned to the CAPers division of the Hartford Police Department and that he was subsequently assigned to Vice and Narcotics. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 5 and therefore leave the plaintiff to his proof.

6.      The Police Defendants admit that Daryl K. Roberts was a Sergeant assigned to the CAPers division of the Hartford Police Department. The Police Defendants lack

knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 6 and therefore leave the plaintiff to his proof.

7. The Police Defendants admit that Christopher Lyons was a Sergeant assigned to the Intelligence Division of the Hartford Police Department. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 7 and therefore leave the plaintiff to his proof.

8. The Police Defendants admit that Robert Lawlor was a Detective assigned to the Intelligence Division of the Hartford Police Department. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 8 and therefore leave the plaintiff to his proof.

9. The Police Defendants admit that James Rovella was a Detective assigned to the CAPers Division of the Hartford Police Department. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 9 and therefore leave the plaintiff to his proof.

10. The Police Defendants admit that Charles Lilley was a Sergeant assigned to the CAPers Division of the Hartford Police Department. The Police Defendants lack knowledge

or information sufficient to admit or deny any remaining allegations in Paragraph 10 and therefore leave the plaintiff to his proof.

11.    The Police Defendants admit that the plaintiff was hired as a police officer in 1981 and that the plaintiff was assigned to the Northern Region Violent Crimes Task Force in or about June 1995 and served at various times as a detective in CAPers. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 11 and therefore leave the plaintiff to his proof.

12.    The Police Defendants deny the allegations in Paragraph 12.

13.    The Police Defendants deny the allegations in Paragraph 13.

14.    The Police Defendants deny the allegations in Paragraph 14.

15.    The Police Defendants deny so much of Paragraph 15 as alleges "volunteered information" and "the corruption." The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations contained in Paragraph 15 and therefore leave the plaintiff to his proof.

16.    The Police Defendants deny so much of Paragraph 16 as alleges "The plaintiff's cooperation with the federal officials." The Police Defendants lack knowledge or

information sufficient to admit or deny the allegations contained in Paragraph 16 and therefore leave the plaintiff to his proof.

17. The Police Defendants deny the allegations in Paragraph 17.

18. The Police Defendants admit that plaintiff was asked by defendant Kenary to bring in a physician's note to justify absences from work and erratic behavior. The Police Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 18 and therefore leave the plaintiff to his proof.

19. The Police Defendants admit that Plaintiff presented a note purporting to be from Plaintiff's physician, Dr. Santo Buccheri, which stated that Plaintiff had been treated for influenza. The Police Defendants deny all remaining allegations in Paragraph 19.

20. The Police Defendants admit that defendants Kenary and Lilley spoke with plaintiff's physician on or about January 10, 1997. The Police Defendants deny all remaining allegations in Paragraph 20.

21. The Police Defendants admit that on or about January 10, 1997, defendant Croughwell directed that plaintiff submit to a reasonable suspicion drug test pursuant to the Collective Bargaining Agreement between the City of Hartford and the Hartford Police Department and the HPD Drug Testing Policy. Upon information and belief, the Police

Defendants admit that the drug test came back positive but that plaintiff provided a purported medical justification for the positive result.

22.    The Police Defendants admit that the locks to the CAPers division were changed in or around the spring of 1997. The Police Defendants deny so much of Paragraph 22 as alleges: "refused to give plaintiff a key. The Plaintiff was unable to access his workplace. The Plaintiff was the only assigned member denied access to his desk." The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 22 and therefore leave the plaintiff to his proof.

23.    The Police Defendants admit that on some occasions plaintiff was required to report to his HPD supervisors to apprise them of his work schedule either before or after the workday. The Police Defendants deny all remaining allegations in Paragraph 23.

24.    The Police Defendants admit that defendant Croughwell was informed of concerns that the plaintiff may be suicidal, and, upon the recommendation of the department mental health professional, directed the plaintiff to provide a note from a mental health provider certifying that he was fit for duty. The Police Defendants deny all remaining allegations in Paragraph 24.

25. The Police Defendants admit that on June 15, 1997 a homicide took place in Pope Park during the Puerto Rican festival and that both federal and state law enforcement officials attempted to solve the murder. The Police Defendants deny all remaining allegations in Paragraph 25.

26. The Police Defendants admit that plaintiff was working with the Northern Region Violent Crimes Task Force at the time of the murder in Pope Park and that he worked on the investigation of the murder. The Police Defendants further admit that the federal authorities made an arrest of a suspect on or about two days after the murder. The Police Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 26 and therefore leave the plaintiff to his proof.

27. The Police Defendants deny the allegations in Paragraph 27.

28. The Police Defendants deny the allegations in Paragraph 28.

29. The Police Defendants deny the allegations in Paragraph 29.

30. The Police Defendants admit that on or about September 1997, defendant Kenary spoke with Marcus Brown. The Police Defendants deny all remaining allegations in Paragraph 30.

31. The Police Defendants admit upon information and belief that plaintiff met with Stephen Kumnick on or about October 13, 1997 and informed Kumnick of a purported corruption probe of the "HPD and its bosses" and that plaintiff was assigned to this investigation. The Police Defendants deny the existence of any such corruption probe and further deny that the plaintiff was assisting the federal authorities in any such manner. The Police Defendants lack sufficient knowledge or information to admit or deny any remaining allegations in Paragraph 31 and therefore leave the plaintiff to his proof.

32. The Police Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 32 and therefore leave the plaintiff to his proof.

33. The Police Defendants lack knowledge or information sufficient to admit or deny whether "Defendant Rovella then notified two possible targets of the probe, Defendants Lawlor and Lyons..." The Police Defendants deny any remaining allegations in Paragraph 33.

34. The Police Defendants admit that on or about October 30, 1997, defendants Lawlor and Lyons spoke with defendant Croughwell about allegations by plaintiff that they were involved in criminal activities. The Police Defendants deny any remaining allegations in Paragraph 34.

35. The Police Defendants admit that defendant Croughwell contacted the plaintiff from Croughwell's office in the presence of Lawlor and Lyons. The Police Defendants deny the remaining allegations in Paragraph 35.

36. The Police Defendants admit that in or about October 1997, Chief State's Attorney John Bailey sent a memo authored by Kumnick to defendant Croughwell regarding a conversation Kumnick had with the plaintiff, which speaks for itself. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 36 and therefore leave the plaintiff to his proof.

37. The Police Defendants deny the allegations in Paragraph 37.

38. The Police Defendants lack knowledge or information sufficient to admit or deny whether Brown stated that a "joint investigation with the Connecticut State's Attorney's Office was initiated pursuant to information received from the Hartford Police Department." The Police Defendants deny any remaining allegations in Paragraph 38, including any allegation that they participated in such alleged "joint investigation."

39. The Police Defendants lack knowledge or information sufficient to admit or deny the existence of an alleged "Joint Investigative Team." The Police Defendants deny the

remaining allegations in Paragraph 39, including any allegation that they were part of an alleged "Joint Investigative Team."

40. The Police Defendants deny that they were members of an alleged "Joint Investigative Team." The Police Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 40 and therefore leave the plaintiff to his proof.

41. The Police Defendants deny that they were members of an alleged "Joint Investigative Team." The Police Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 41 and therefore leave the plaintiff to his proof.

42. The Police Defendants admit that plaintiff's prescription records were obtained from various pharmacies. The Police Defendants deny that they were members of an alleged "Joint Investigative Team." The Police Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 42 and therefore leave the plaintiff to his proof.

42.[sic]   The Police Defendants admit the allegations in Paragraph 42[sic].

44.     Upon information and belief, the Police Defendants admit that the plaintiff's house was searched on December 16, 1997 pursuant to a search warrant. The Police Defendants deny that they were members of an alleged "Joint Investigative Team." Further, the Police Defendants deny that they searched the plaintiff's home. Upon information and belief the Police Defendants also deny that the information contained in the search warrant was misleading or false. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 44 and therefore leave the plaintiff to his proof.

45.     The Police Defendants admit that the plaintiff was arrested on or about December 16, 1997. Upon information and belief the Police Defendants deny that the information in the arrest warrant was misleading or false. The Police Defendants deny that they were members of an alleged "Joint Investigative Team" that arrested plaintiff. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 45 and therefore leave the plaintiff to his proof.

46.     The Police Defendants deny the allegations in Paragraph 46.

47.     The Police Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 47 and therefore leave the plaintiff to his proof.

48. Upon information and belief, the Police Defendants admit that Brown signed the application for the search and seizure warrant of the plaintiff's home. The Police Defendants deny that Brown signed the arrest warrant. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 48 and therefore leave the plaintiff to his proof.

49. The Police Defendants deny that any of them directed Brown's activities in any way. The Police Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 49 and therefore leave the plaintiff to his proof.

50. The Police Defendants lack knowledge or information sufficient to admit or deny any the allegations in Paragraph 50 and therefore leave the plaintiff to his proof.

51. The Police Defendants deny that Skinner contacted Kenary during the arrest of the plaintiff. The Police Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 51 and therefore leave the plaintiff to his proof.

52. The Police Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 52 and therefore leave the plaintiff to his proof.

53. The Police Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 53 and therefore leave the plaintiff to his proof.

54.   The Police Defendants admit so much of Paragraph 54 as alleges "Plaintiff was immediately suspended without pay by Croughwell." The Police Defendants deny the remaining allegations in Paragraph 54.

55.   The Police Defendants deny the allegations in Paragraph 55.

56.   The Police Defendants deny the allegations in Paragraph 56.

57.   The Police Defendants deny the allegations in Paragraph 57.

58.   The Police Defendants deny the allegations in Paragraph 58.

59.   The Police Defendants deny the allegations in Paragraph 59.

60.   The Police Defendants deny the allegations in Paragraph 60.

61.   The Police Defendants deny the allegations in Paragraph 61.

62.   The Police Defendants lack knowledge or information sufficient to admit or deny whether plaintiff has incurred expenses as a result of employing counsel. The Police Defendants deny the remaining allegations in Paragraph 62, including any allegation that he treated the plaintiff wrongfully in any way.

## SECOND COUNT (Equal Protection and Substantive Due Process as to the Police Defendants)

The Police Defendants do not respond to this Count as it has been dismissed.

### THIRD COUNT (First Amendment and Fourteenth Amendment Equal Protection Violation as Defendant Rudewicz)

Former defendant Robert Rudewicz does not respond to this Count as it has been dismissed.

### FOURTH COUNT (First and Fourteenth Amendments (Collaboration) Violation as to Union

The Police Defendants do not respond to the Fourth Count as it is not directed to them.

### FIFTH COUNT (Breach of Duty of Fair Representation as to Union)

The Police Defendants do not respond to the Fifth Count as it is not directed to them.

### SIXTH COUNT (Intentional Infliction of Emotional Distress as to Croughwell, Lyons and Lawlor)

Defendants Croughwell, Lyons and Lawlor do not respond to this Count as it has been dismissed.

### SEVENTH COUNT (First and Fourteenth Amendment Violation as to the City of Hartford)

The Police Defendants do not respond to the Seventh Count as it is not directed to them.

### EIGHTH COUNT (Public Policy Wrongful Termination-Constructive Discharge as to the City of Hartford)

The Police Defendants do not respond to the Eighth Count as it is not directed to them.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE TO THE FIRST COUNT

The Police Defendants are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE AS TO THE FIRST COUNT

The plaintiff is not entitled to relief because on February 19, 2002, the Connecticut Supreme Court reversed the Order of the Superior Court and remanded the case to the Superior Court with direction to deny the defendant's (plaintiff in this case) motion to suppress, thus re-instituting the criminal charges against the defendant (plaintiff in this case). Based on these charges and the allegations contained therein, the plaintiff in this case was again suspended from the HPD in accordance with the Collective Bargaining Agreement between the City of Hartford and the Hartford Police Union.

### THIRD AFFIRMATIVE DEFENSE AS TO THE FIRST COUNT

Prior to being drug tested the plaintiff signed an acknowledgment indicating his consent to such drug test. Thus, any claim by the plaintiff based on the drug test is barred by the doctrine of consent.

### FOURTH AFFIRMATIVE DEFENSE AS TO THE FIRST COUNT

Prior to being drug tested the plaintiff signed an acknowledgment indicating his consent to such drug test. Thus, any claim by the plaintiff based on the drug test is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE AS TO THE FIRST COUNT

Prior to being drug tested the plaintiff signed an acknowledgment indicating his consent to such drug test. Thus, any claim by the plaintiff based on the drug test is barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE AS TO THE FIRST COUNT

Plaintiff has failed to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE AS TO THE FIRST COUNT

Plaintiff is not entitled to any damage award representing lost wages attributable to front pay or back pay from the time of his arrest and suspension in December, 1997 from the Hartford Police Department because his arrest on felony charges and subsequent multiple felony convictions prevented him and continue to prevent him, as a matter of law, from serving as a certified police officer and because, when he was reinstated for a short time following the dismissal of the charges against him while the State appealed the ruling on his motion to suppress, he failed to report to work, obtain certification from the Police Officers' Training Counsel and provide adequate medical evidence of his fitness to return to work.

WHEREFORE, the Police Defendants respectfully request that judgment enter in their favor.

DEFENDANTS,
JOESPH CROUGHWELL, JEFFERY
FLAHERTY, DAVID KENARY, DARYL
ROBERTS, CHRISTOPHER LYONS and
ROBERT LAWLOR

By: _____
Charles L. Howard (ct 05366)
Gregg P. Goumas (ct 19095)
Derek L. Mogck (ct 23688)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5000
Fax: (860) 251-5214

## CERTIFICATION OF SERVICE

     I hereby certify that a copy of the foregoing Amended Answer and Affirmative Defenses to Sixth Amended Complaint was mailed, postage prepaid, this 19th day of January, 2005, to:

Attorney Erin I. O'Neil  
818 Farmington Avenue  
West Hartford, CT  06119

Attorney Helen Apostolidis  
Office of Corporation Counsel  
550 Main Street  
City of Hartford  
Hartford, CT  06103

John P. Shea, Jr.  
Sabia & Hartley, LLC  
190 Trumbull St., Suite 202  
Hartford, CT 06103

Norm Pattis, Esq.  
P.O. Box 280  
Bethany, CT 06524

John T. Forrest, Esq.  
142 Jefferson Street  
Hartford, CT 06106

                                                    /s/  
                                          Gregg P. Goumas

388835 v.01 S1