UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| PLAINTIFF | : | |
| v. | : | 3:00CV1794(JCH) |
| | : | |
| CITY OF HARTFORD, ET AL | : | |
| DEFENDANTS | : | MARCH 31, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF UNION DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Pursuant to Federal Rule of Civil Procedure 54 (d), the Defendants, the Union Defendants, including the Hartford Police Union (hereinafter referred to as "Union"), Michael Wood, Thomas Hardwick and Larry Reynolds (hereinafter collectively referred to as "Unions Officials") hereby submit this Memorandum of Law in Support of the Motion for Attorneys' Fees. In support of this Motion, the Defendants submit that they are the prevailing parties and that they are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

**II.    FACTS**

The Plaintiff, Nicholas O. Russo, filed the original Complaint on September 20, 2000 against the Union Defendants, John M. Bailey, James E. Thomas, Herbert Carlson, Joan Alexander, Joseph E. Hammick, Lawrence Skinner, Stephen Kumnick, Joseph Croughwell, James Flaherty, David Kenary, Daryl K. Roberts, Christopher

Lyons, Robert Lawlor, James Rovella, Charles Lilley, Robert Rudewicz and City of Hartford.  This case was consolidated for discovery purposes with Russo v. City of Hartford, et al, Docket No. 3-97cv-2380(JCH) and Docket No. 3-00-cv-2382(JCH).

The operative complaint for the purposes of this Motion is the Sixth Amended Complaint, filed on March 24, 2003.  In the Sixth Amended Complaint, the Plaintiff claims that the Union Officials conspired with the Hartford Police Department against Russo to bring about his December 16, 1997 arrest, in violation of his Constitutional rights.  Russo also claims that the Union breached its duty of fair representation when it failed to file a grievance concerning his December 16, 1997 arrest.  Specifically, Russo alleges in paragraph 38 of the Fifth Count in the Sixth Amended Complaint, that " . . . [The] Union . . . breached its duty of fair representation . . . by failing to file a grievance . . . in regard to the [Department's] suspension of the Plaintiff on December 16, 1997."  See 6th Amended Complaint, Count Five, ¶ 38.

In Count Four, the Plaintiff claims that the Union Officials violated 42 U.S.C. § 1983 by depriving him of his right to due process under the Fourteenth Amendment and his right to associate under the First Amendment.

In Count Five, the Plaintiff also claims that the Union breached its duty of fair representation to him as a member of the Union.

      The Defendants submitted a Motion for Summary Judgment, dated December 24, 2003, directed at all of claims against them. In response, the Plaintiff filed an Opposition Memorandum. On September 30, 2004, the court, *Hall, J.*, ruled that the Union Defendants were entitled to judgment in their favor on all of the Plaintiff's claims against them.

## II.    LAW AND ARGUMENT

###    A.    Legal Standard for Motion for Attorneys' Fees

"[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988 (b). "If a plaintiff prevails, then attorneys' fees are ordinarily allowed the plaintiff unless special circumstances would render such an award unjust . . . . A different standard applies when a defendant prevails, for there attorneys' fees may be awarded only if the court finds that the plaintiff's claim was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' " (Citations omitted; internal quotation marks omitted.) Oliveri v. Thompson 803 F.2d 1265, 1272 (2d Cir. 1986).

      In Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980), the United States Supreme Court adopted the standard for attorney's fees in Title VII claims and applied the standard to claims brought under 42 U.S.C. § 1983. The court

stated "[i]n <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978), we held that the defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith . . . . Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less stringent standard. The plaintiff's action must be meritless in the sense that it is groundless or without foundation." (Citations omitted; internal quotation marks omitted.) <u>Hughes</u>, 449 U.S. at 14.

"Application of this standard is entrusted to the discretion of the district court, and its decision will be reversed only when that discretion is abused." <u>Parker v. Sony Pictures Entertainment, Inc.</u>, 260 F.3d 100, 111 (2d Cir. 2001). "Although the district court must factor into its decision the procedural history of the case, considering whether or not the case survived motions for summary judgment and motions for a directed verdict, such inquiry is not dispositive of a motion for attorneys' fees." <u>Piurkowski v. Goggin</u>, United States District Court, No. Civ. A. 301CV 302SRU (D.Conn. July 6, 2004, *Underhill, J*).

### B. As the prevailing parties, the Union Defendants are entitled to attorneys' fees because the Plaintiff's claims were frivolous, unreasonable and groundless

1. First Amendment and Fourteenth Amendment

In Count Four, the Plaintiff alleges that the Union Defendants violated his Fourth and Fourteenth Amendment rights by collaborating with the Police Defendants. The Union Defendants moved for summary judgment, claiming that Larry Reynolds was not a state actor acting under the color of law. The court characterized this claim "as one resting on the theory that members of the HPD and the Union conspired to deprive Russo of this constitutional rights, making all participants in the conspiracy liable under section 1983." See Ruling on Motions for Summary Judgment, September 30, 2004, pg. 53.

The court granted the Union Defendants' Motion for Summary Judgment on Count Four, and stated in its ruling that ". . . there is no evidenced of a causal connection between any action by the Union and motivation to retaliate. There is no triable issue of fact with respect to Russo's claim of First Amendment retaliation. Further, Russo has failed to provide evidence to support a section 1983 claim for violation of the 14th Amendment and, therefore, the claim cannot lie against the Union

with whom the state actors allegedly conspired or collaborated." See Ruling on Motions for Summary Judgment, September 30, 2004, pg. 54.

The court also stated that nothing in the Plaintiff's Local Rule 56 (a) (2) Statement created an issued of fact demonstrating that the Union Defendants and the Police Defendants were conspiring against him. See Ruling on Motions for Summary Judgment, September 30, 2004, pg. 54.

The Plaintiff should have known that no evidence existed demonstrating that the Union Defendants were conspiring against him with the Police Defendants. Indeed, the Plaintiff was obligated to make a reasonable inquiry regarding the facts. Had such an inquiry been made, the Plaintiff would have concluded, from the outset, that no such claim existed against the Union Defendants. The Plaintiff's attorney deposed numerous police officers, including all of the Defendants. None of these witnesses provided any evidence that the Union Defendants has conspired against him. Additionally, none of the Plaintiff's witnesses, including the Plaintiff, testified at their depositions that the Union Defendants conspired against the Plaintiff.

Thus, in light of the Plaintiff's lack of evidence that the Union Defendants conspired against him, the Plaintiff's claims against the Union Defendants were clearly

unreasonable, frivolous and groundless.  As such, the Union Defendants are entitled to attorneys' fees on the Plaintiff's § 1983 claims against them.

### 2. Breach of Duty of Fair Representation

In Count Five, the Plaintiff claims that the Union breached its duty of fair representation owed to him by failing to file a grievance on his behalf.  Specifically, the Plaintiff alleges that the Union failed to file a grievance on behalf of the Plaintiff after he was suspended on December 16, 1997.  In its Motion for Summary Judgment, the Union argued that it did not breach its duty of fair representation because it did in fact file a grievance on the Plaintiff's behalf.  See Union Defendants' Memorandum of Law in Support of Motion for Summary Judgment, December 24, 2003, pg. 11 et seq.

In its ruling, the court opined that "the evidence is insufficient, in light of the record as a whole, to create a material issue of fact on breach of the duty of fair representation."  See Ruling on Motions for Summary Judgment, September 30, 2004, pg. 56.  The Plaintiff's allegation that the Union "refused to take action to effectuate the plaintiff's immediate reinstatement to his position in the HPD" was clearly unsubstantiated given that the Union Defendants demonstrated through discovery evidence and affidavits that the Union did file a grievance once the Plaintiff's suspension became grieveable.  Thus, the court found that "there are no material facts

at issue and the Union, as a matter of law, did not breach its duty towards Russo . . . ." See Ruling on Motions for Summary Judgment, September 30, 2004, pg. 57.

Thus, in light of the Plaintiff's lack of evidence that the Union Defendants conspired against him, the Plaintiff's claims against the Union Defendants were clearly unreasonable, frivolous and groundless. As such, the Union Defendants are entitled to attorneys' fees on the Plaintiff's claim of breach of duty of fair representation.

### C. Amount of Attorneys' Fees

Silvester and Daly's billable rate for this matter was a blended rate of $175.00 per hour. This matter was handled by Attorneys Frank J. Szilagyi, Josephine A. Spinella and Robert F. Kappes. Each attorney was billed out at the same hourly rate. Attorney Szilagyi, who was the supervising attorney, has fifteen (15) years of legal experience. Attorney Spinella has two (2) years of legal experience and Attorney Kappes has eleven (11) years of legal experience. See Exhibit A, Affidavit of Frank J. Szilagyi.

As Attorney Tallberg and Attorney Curry aver, Silvester and Daly's billable rate for this matter was reasonable. See Exhibit B, Affidavit of James Tallberg; Exhibit C, Affidavit of David Curry. Furthermore, as demonstrated in the attached affidavits, these rates are in line with the prevailing rates in the community for similar services by

lawyers of reasonably comparable skill, experience and reputation.  See <u>Blum v. Stenson</u>, 465 U.S. 886, 896, n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

The amount of attorneys' fees incurred from September 20, 2000, (date of Complaint) through September 30, 2004, (date court granted Union Defendants' Motion for Summary Judgment) is One Hundred Three Thousand Six Hundred Eighty-Seven and 50/100 ($103, 687.50) Dollars.  See Exhibit D, Bills from Silvester & Daly.

### III.   **CONCLUSION**

For the foregoing reasons, the Defendants, Hartford Police Union, Michael Wood, Thomas Hardwick and Larry Reynolds, respectfully request that the court grant them attorneys' fees.

        THE DEFENDANTS,
        HARTFORD POLICE UNION,
        LAWRENCE REYNOLDS,
        THOMAS HARDWICK and MICHAEL WOOD

By:_____
   FRANK J. SZILAGYI
   Federal Bar No. CT07859
   Josephine A. Spinella
   Federal Bar. No. CT24009
   Silvester & Daly
   118 Oak Street
   Hartford, CT 06106
   Tel. (860) 278-2650
   Federal Bar No. CT07859

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, in the United States mail, this 31st day of March, 2005 to:

| | |
|---|---|
| Erin O'Neil, Esq.<br>Brewer & O'Neil<br>818 Farmington Avenue<br>West Hartford, CT  06119 | John T. Forrest, Esq.<br>142 Jefferson Street<br>Hartford, CT 06106 |
| Attorney Helen Apostolidis<br>Office of Corporation Counsel<br>City of Hartford<br>550 Main Street<br>Hartford, CT  06103 | Charles L. Howard, Esq.<br>Gregg P. Goumas, Esq.<br>Shipman & Goodwin<br>One American Row<br>Hartford, CT 06103-2819 |
| John Shea, Esq.<br>Sabia & Hartley, LLC<br>190 Trumbull Street<br>Suite 202<br>Hartford, CT 06103-2205 | Norman A. Pattis<br>Law Offices of Norman A. Pattis, LLC<br>649 Amity Road<br>P.O. Box 280<br>Bethany, CT 06524 |

By:_____
    FRANK J. SZILAGYI
    Silvester & Daly

Hpu-russo/memo. mot. attys. fees.033105