United States District Court
District of Connecticut
FILED AT          BRIDGEPORT

3-16-05
Kevin F. Rowe, Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS RUSSO, | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| v. | : | 3-97-cv-2380 (JCH) |
| | : | 3-00-cv-1794 (JCH) |
| CITY OF HARTFORD, et al. | : | |
| Defendants. | : | |
| | : | MARCH 14, 2005 |

## JURY CHARGE

### I.    INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of counsel.  This brings us to the stage in the trial where you will soon undertake your final function as jurors.  First, however, it is my duty to instruct you concerning the law that applies to this case.

You must take the law as I give it to you.  Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the view instructed by me.  If any attorney or any witness or any exhibit has stated a legal principle different from one that I state to you in these instructions, it is my instructions that you must follow.  Any witness's testimony concerning the law was testimony of his understanding of the law and is to be considered by you only with regard to his understanding.  It is my instructions only that establish the law for your deliberations.  You must take the law as I give it to you.

When you recess to deliberate, you will have a copy of my instructions for your

reference. You must remember, though, that the instructions as a whole constitute the law of this case; you should not single out any one instruction.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration. The instructions that I now will give are the final and complete instructions. I believe that everything I am going to tell you now is consistent with the instructions I gave you at the start of the trial, but if you have any doubt, you should not rely on anything different that I may have said in the preliminary instructions. The instructions I am now giving you must guide your deliberations in this case.

II.    ROLE OF JURORS

In your role as jurors, you must carefully and impartially consider all of the evidence in the case and apply the law as stated by the court to reach a just verdict. As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without bias, prejudice or sympathy, solely upon the evidence in the case and the applicable law. I know that you will do this and in that way reach a just and true verdict.

You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be. The rulings I have made during the trial are not any indication of my view of what your decision should be as to whether or not a plaintiff

-3-

has proven his or her case. Of course, you will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I may have asked questions of or gave instructions to certain witnesses. These questions and instructions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

III.   BURDEN OF PROOF

In a civil case such as this case is, Mr. Russo has the burden of proof on proving each element of his claim. In this case, the plaintiff must prove each element by a preponderance of the evidence.

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received into evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties - that it is equally probable that one side is right as it is that the other side is right - then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of the evidence: he must prove the element at issue by a preponderance of the evidence.

-5-

On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof - that what the party claims is more likely true than not true - then that element will have been proved by a preponderance of the evidence. Some of you may have heard the term "proof beyond a reasonable doubt", which is the proper standard of proof in a criminal trial. That standard does not apply to a civil case, such as this, and you should not consider it in this case.

IV.    BURDEN OF PROOF - MULTIPLE PARTIES AND CLAIMS

Although there are multiple defendants, it does not mean that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to fair consideration of the plaintiff's claim against that defendant. All instructions I give you govern the case as to the claims of the plaintiff as to each defendant individually.

In these instructions, I may at times, for ease of discussion, refer to what the plaintiff must prove in order to prevail as to the defendants. Bear in mind that you must decide the case as to the plaintiff's claim against each defendant individually. In this case, Mr. Russo alleges more than one act of retaliation, each act of which does not involve all of the defendants. You must separate out from the facts those acts that are attributable to each particular defendant and not merely hold one defendant responsible for the acts of another. To the extent that Mr. Russo has failed to prove personal involvement by a particular defendant, you must find in favor of that defendant.

Remember that Mr. Russo is suing each of the individual defendants for having retaliated against him in violation of his First Amendment rights. You must therefore consider separately the evidence presented against each of these defendants, that is, you must consider independently the evidence regarding Joseph Croughwell, Jeffrey Flaherty, David Kenary, Robert Lawlor, and Christopher Lyons.

You may not find one defendant liable based upon your finding another defendant liable.

V.    ALL PERSONS ARE EQUAL BEFORE THE LAW

The fact that one of the parties in this lawsuit is a city, or municipality, is immaterial in the eyes of the law. This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community, and holding the same or similar stations in life. A municipality is entitled to the same fair trial as a private individual. All persons, including municipalities, stand equal before the law and are to be dealt with as equals in a court of justice.

A municipality only acts through its officers, agents and employees. In a real sense, you are called upon to sit in judgment of the people who make decisions and act for the City of Hartford, whom you may or may not have observed during this trial. The size of the City of Hartford has no place in this trial. It is the pride of our system of law that our cases are not decided on the basis of whether the parties are rich or poor, municipalities, companies or individuals.

You must decide this case based solely on the evidence. All parties stand equal before the law.

-8-

## VI.   ROLE OF ATTORNEYS

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law.

All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked the court to rule on the law.

VII.    MEANING OF "PROVE" AND "FIND"

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof. I may also speak of your "finding" various facts as to elements of the claims made in this case. You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence" even if I do not always repeat all of these exact words. Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff or defendant, you must find that fact to have been proven by a preponderance of the evidence even if I simply use the word "find."

VIII.   WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

It is the witness's answers and not the lawyer's questions that are evidence.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Similarly, if an attorney described a witness's testimony, you should not accept that description as the witness's testimony.  It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers have said in their closing arguments, in their objections, or in their questions is not evidence.  What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  In certain instances evidence was admitted only for a particular purpose and not generally for all purposes.  For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves.  You may not, however, use this evidence for any other

purpose not specifically mentioned by the court.

Exhibits which have been marked for identification may not be considered by you as evidence unless and until they have been received in evidence by the court. Materials brought forth only to refresh a witness's recollection are not evidence. Any proposed testimony or proposed exhibit to which an objection was sustained by the court, and any testimony or exhibit ordered stricken by the court, must be entirely disregarded by you.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence. My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. Finally, anything you may have seen or heard outside the courtroom or while the court was not in session is not evidence and must be entirely disregarded. You are to decide the case solely on the evidence received at trial.

IX.    STIPULATIONS

During the trial, the attorneys' arguments, and these instructions, you may have heard references to "stipulations" or that some fact is stipulated. A stipulation of fact is an agreement among the parties that a certain fact is true. The effect of a stipulation is to relieve the party with the burden of proving that fact from having to introduce evidence to prove it. Because the parties have agreed, you are to take such agreed facts as true for purposes of this case.

X.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he saw, heard, or observed.  In other words, when a witness testifies about something he knows by virtue of his own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Remember my rain example.  On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.  It is not the only conclusion you could reach, nor must you reach that conclusion, but you could do so reasonably and logically.  All there is to circumstantial evidence is that you infer on the basis of reason, experience, and common sense, from established facts—in my example, a weather forecast and people with wet umbrellas and raincoats—the existence or non-existence of some other fact—that it has been raining.

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding for the plaintiff, the jury must be satisfied that the plaintiff proved his or her case by a preponderance of the evidence based on all of the evidence in the case.

-14-

XI.    INFERENCES

During the trial you have heard the term "inference," and in the attorneys' arguments, they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while a defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. In drawing inferences, you should exercise your common sense.

If you find that a witness was equally available to both sides, you may infer that the testimony of the uncalled witness might have been unfavorable to the plaintiff or to the defendants or both. You should, however, remember that there is no duty on either side to call a witness whose testimony would merely repeat or duplicate other evidence. Again, your decision to draw or not to draw any inference should be based on all of the facts and circumstances in the case.

Here again, let me remind you that, whether based upon direct or circumstantial evidence or upon logical, reasonable inferences drawn from such evidence, you must be satisfied that the plaintiff has proven the elements of his claim before you may find for him.

-15-

XII.   WITNESSES

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find the testimony of a single witness more credible than the testimony of a number of witnesses. Indeed, you may find that the plaintiff has not met his burden of proof even if the defendants had called no witnesses.

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his testimony. You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination. What impression did the witness give you? Did he appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear? What was his demeanor, that is, his carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says, but how he says it that moves us.

-16-

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party. Evidence that a witness is biased, prejudiced, or hostile toward a defendant or the plaintiff requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny. You should also consider the opportunity the witness had to see, hear, and know the things about which he testified; the accuracy of the witness's memory; his candor or lack of candor; his intelligence or the lack thereof; and the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that any witness, whose testimony you are considering, may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony and accept it with care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is

-17-

not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to just the factors I have mentioned. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

## XIII.   TESTIMONY OF POLICE OFFICERS

Some of the testimony that you have heard has been the testimony of police officers. The testimony of a police officer is entitled to no greater or no lesser weight than any other witness's testimony. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does. When you consider a police officer's testimony, you should use the same tests for truthfulness that you use with other witnesses.

## XIV.  IMPEACHMENT OF WITNESSES

A witness may be discredited, or "impeached", by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  If the impeachment results from evidence concerning a prior inconsistent statement, you must keep in mind that you may consider the earlier inconsistent statement only to aid in your decision concerning the credibility of the witness, and not to establish the truth of the earlier statement.

It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.  If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and whether that explanation made sense to you.

-20-

## XV.   JURY CAN ACCEPT OR REJECT TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you by a preponderance of the evidence of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

## XVI.   STATEMENT OF THE CASE

Nicholas Russo, the plaintiff, has brought this lawsuit against the defendants, Joseph Croughwell, Jeffrey Flaherty, David Kenary, Christopher Lyons, and Robert Lawlor, all of whom were members of the Hartford Police Department at all times pertinent to the matters in suit.  I will refer to them collectively as "the police officer defendants."  Mr. Russo has charged these individual police officer defendants with violations of federal civil rights law based on their treatment of him when he served as a detective with the Hartford Police Department.  Mr. Russo claims that the individual police officers defendants retaliated against him in violation of his rights under the First Amendment as a result of what he claims was his assistance of federal law enforcement officials, including in connection with an alleged corruption investigation of the Hartford Police Department and his role in the apprehension of a murder suspect. The individual police officer defendants deny that they retaliated against the plaintiff. They claim that any actions that they took with respect to Mr. Russo were appropriate, including the order that he submit to a drug test.

Mr. Russo has also brought this lawsuit against the City of Hartford, claiming that it is liable to him for its failure to train its officers.  The City of Hartford denies this allegation.

-22-

XVII.  EMPLOYER'S JUDGMENT

To the extent that any of the defendants were Mr. Russo's employer, or his supervisors, at the time of the alleged acts, it is important to remember that you are not being called upon to decide whether such defendants made good or wise decisions with regard to Mr. Russo.  Employers are entitled to make their own subjective business judgments and to conduct the operations of their business as they see fit.  Accordingly, you are not being asked to judge whether you agree with the decisions to take these actions.  You are not being asked to determine whether Mr. Russo's performance was judged correctly.  Rather, supervisors are allowed, in ordinary circumstances, to make personnel decisions without fear of incurring civil liability.  Indeed, a supervisor is allowed to make mistakes.

It is not necessary that you believe that a defendant made the best decision regarding Mr. Russo or that you would have made the same decision yourself.  Your job is to decide whether Mr. Russo has proven by a preponderance of the evidence that the defendants retaliated against him for his exercise of his right to free speech.

XVIII.  42 U.S.C. § 1983

Now, let me turn to the specific claims in this case.  First I will address the claims brought under federal law.  The plaintiff, Mr. Russo, asserts claims pursuant to Section 1983 of Title 42 of the United States Code, which I will refer simply to as "Section 1983."  Section 1983 provides that a person may seek relief in this court by way of damages against anyone, who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or the laws of the United States.

Mr. Russo claims that a number of actions on the part of the individual police officer defendants violated his federal rights.  These actions include subjecting Mr. Russo to a drug test without reasonable suspicion, threatening and reprimanding Mr. Russo, and changing the locks to CAPers.

A Section 1983 claim has four elements.  In order to prove his claims under Section 1983 against a defendant, Mr. Russo must prove, by a preponderance of the evidence, each of the following four elements:

1) that a defendant acted under the color of state authority;

2) that Mr. Russo was deprived of one or more of his or her rights secured by the Constitution or laws of the United States;

3) that that defendant committed the acts that caused Mr. Russo to be subjected to the deprivation of his rights; and

4) that such acts as you find violated Mr. Russo's rights were the proximate cause of damages sustained by him.

Mr. Russo cannot recover on a Section 1983 claim against a defendant unless he has

proven by a preponderance of the evidence each of these elements as to that

defendant.  Let me now address each element in some detail.

## XIX. FIRST ELEMENT OF A SECTION 1983 CLAIM: UNDER COLOR OF LAW

In order to prove the first element of a Section 1983 claim, a plaintiff must prove that a defendant was acting under the color of state authority, in this case the authority of the State of Connecticut. Acting under color of law simply means that the activities at issue occurred while a defendant was performing official duties. Acting under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law. An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and the defendant's action was made possible by virtue of state law.

That this element is present in this case is not contested by either of the parties. You may take it as proven that, in connection with the relevant incidents, each of the defendants was acting under color of state law. In other words, the first element of the plaintiff's section 1983 claim has been proven.

XX.   SECOND ELEMENT OF A SECTION 1983 CLAIM: DEPRIVATION OF
CONSTITUTIONAL RIGHT

In order to prove the second element of a Section 1983 claim, a plaintiff must
prove that he was deprived of a right protected by the Constitution or laws of the United
States.

When considering whether a defendant's actions deprived Mr. Russo of a
federal right or rights in this case, it is not necessary for you to find that that police
officer defendant had the specific intent to deprive Mr. Russo of his constitutional
rights, or that that defendant acted with malice or ill will toward Mr. Russo.  Mr. Russo
is entitled to relief if a police officer defendant intended the actions that resulted in the
violation of his constitutional rights. Whether that defendant acted with subjective good
faith is not relevant to your consideration of whether Mr. Russo has proven his claim
against a defendant.

Mr. Russo alleges that one or more of the police officer defendants deprived him
of his federal constitutional rights by retaliating against him because he engaged in
speech protected by the First Amendment to the United States Constitution.

-27-

XXI.    DEPRIVATION OF CONSTITUTIONAL RIGHTS: FIRST AMENDMENT
RETALIATION

The second element of a section 1983 action is deprivation of a constitutional

right.  Mr. Russo alleges that the police officer defendants deprived him of his right to

freedom of speech under the First Amendment to the Constitution of the United States.

Specifically, Mr. Russo alleges that, while a public employee working for the Hartford

Police Department, he engaged in one or more specific acts of speech protected by the

Free Speech Clause of the First Amendment, that each defendant then took one or

more specific actions against him, and that his acts of speech were the substantial or

motivating factor in each defendant's decision to take such action.

Mr. Russo has claimed that Mr. Croughwell took the following actions against

him: physically threatened and reprimanded Mr. Russo on October 30, 1997; ordered

that he be drug tested in November 1997; and suspended Mr. Russo for two days in

November of 1997.  Mr. Russo has claimed that Mr. Flaherty took the following actions

against him: drafted a memo supporting then-Chief Croughwell's decision to subject Mr.

Russo to a drug test in November 1997 and escorting Mr. Russo to the drug test.  Mr.

Russo has claimed that Mr. Kenary took the following actions against him: changed the

locks to CAPers and did not give Mr. Russo a key; and was involved in the acts that led

to Mr. Russo's suspension for two days in November of 1997.  Mr. Russo has claimed

that Mr. Lawlor took the following actions against him: physically threatened and

reprimanded Mr. Russo on October 30, 1997.  Mr. Russo has claimed that Mr. Lyons

took the following actions against him: physically threatened and reprimanded Mr.

-28-

Russo on October 30, 1997.

In order to prove this allegation of First Amendment retaliation against a defendant, Mr. Russo must establish each of the following three components of his claim: first, that his acts of speech were protected by the Free Speech Clause of the First Amendment; second, that he suffered an adverse employment action as a result of his acts of speech; and, third, that these acts of speech were a substantial or motivating factor in the defendants' decision to take action against Mr. Russo.

To establish the first component of First Amendment retaliation, Mr. Russo must establish that his acts of speech were protected by the Free Speech Clause of the First Amendment.  Before Mr. Russo can establish this first component, you, the jury, must determine what, if anything, he said to express himself.  You have heard evidence regarding the acts of speech in which Mr. Russo claims to have engaged.  You must now consider that evidence as a whole, in light of your reason and experience, and decide what, if anything, Mr. Russo said to express himself.

Mr. Russo claims to have told federal authorities about incidents of corruption within the Hartford Police Department and participated in the investigation of a murder. I instruct you that both of these instances of speech in which Mr. Russo claims to have engaged are protected speech under the First Amendment.  It is up to you, the jury, to determine whether Mr. Russo did in fact engage in such speech.

You may decide that Mr. Russo engaged in all the acts of speech that he claims

-29-

to have engaged in, some of these acts, or none of the acts at all. If you find that Mr. Russo did engage in any of the protected speech described above, then he has satisfied the first component of a First Amendment retaliation claim. If you find that Mr. Russo did not engage in any of that protected speech, then Mr. Russo has not satisfied this first component and cannot prevail on a section 1983 claim of First Amendment retaliation.

If you find that Mr. Russo has satisfied the first component, then you should consider the second component, that Mr. Russo suffered an adverse employment action as a result of having engaged in protected speech. Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his constitutional rights constitutes an adverse action. Adverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand. Even lesser actions may be considered adverse employment actions; there are deprivations less harsh than dismissal that nevertheless press state and municipal employees to conform their beliefs and associations to some state-selected orthodoxy.

Mr. Russo must demonstrate that the actions allegedly taken by the individual police officer defendants created a working environment unreasonably inferior to what would be considered normal for that position. A position may become unreasonably inferior if there are repeated and severe incidents of harassment that, taken as a whole, would probably deter an average person from the exercise of their First Amendment rights. However, a merely discourteous working environment does not rise to the level

-30-

of an adverse employment action for the purposes of First Amendment retaliation. Incidents that are relatively minor and infrequent will not meet the standard, but otherwise minor incidents that occur often and over a longer period of time may be actionable if they attain the critical mass of unreasonable inferiority.

You must determine what actions a defendant took with respect to Mr. Russo and whether such actions could have a deterrent effect on officers who wished to exercise their First Amendment rights. If you conclude as a matter of fact that an individual police officer defendant took action with respect to Mr. Russo that would deter a similarly situated individual of ordinary firmness from exercising constitutional rights, Mr. Russo has satisfied the second component of First Amendment Retaliation as to that defendant. You must consider, as with all elements, the evidence, if any, against each defendant individually.

The third component of First Amendment retaliation is that a plaintiff's protected speech was a substantial or motivating factor in a defendant's decision to take action against the plaintiff. Mr. Russo's protected speech was a substantial or motivating factor in a defendant's decision to take action against Mr. Russo if the protected speech played a substantial part in the actual decision to take action against Mr. Russo.

A defendant may have taken action for no reason whatsoever. If so, then Mr. Russo's protected speech was not a substantial or motivating factor in the defendants'

-31-

decision. A defendant may have taken action for one sole reason. If that one sole reason was that Mr. Russo engaged in protected speech, then you must find that Mr. Russo's protected speech was a substantial or motivating factor in that defendant's decision. A defendant may have taken action for many different reasons. If so, then you must determine whether one of those reasons was that Mr. Russo engaged in protected speech. If it was one of those reasons, then you must determine whether his engagement in protected speech played a substantial part in the actual decision by a defendant to take action against Mr. Russo. If it did play a substantial part, then you must find that Mr. Russo's protected speech was a substantial or motivating factor in that defendant's decision. If it did not play a substantial part, then you must find Mr. Russo has failed to establish this third component of the second element of his section 1983 claim.

If you find that Mr. Russo's protected speech was a substantial or motivating factor in that individual police officer defendant's decision to take action against him, you must consider whether that defendant has presented an adequate defense to Mr. Russo's case. If a police officer defendant can show, by a preponderance of the evidence, that they would have reached the same decision to take the same action against Mr. Russo even in the absence of Mr. Russo's speech, he has presented an adequate defense. If an individual police officer defendant proves by a preponderance of the evidence that he would have reached the same decision without considering Mr.

Russo's protected speech, then you must find in favor of that defendant.

It is important for you to realize that a police officer defendant has not presented an adequate defense if he shows merely that he had other, valid reasons for taking action against the plaintiff. It is a defense only if a defendant would have acted on those other reasons in the absence of Mr. Russo's protected speech. Therefore, if a police officer defendant offers other valid reasons for taking action against Mr. Russo, that police officer defendant must further show that he would have acted on those reasons, even in the absence of any protected speech by Mr. Russo. Otherwise, he has not proven this defense.

If you have found Mr. Russo has proven all three components of the second element of his section 1983 claim as to a defendant, you should next consider the third element of Mr. Russo's Section 1983 claim.

XXII.  THIRD ELEMENT OF A SECTION 1983 CLAIM: CAUSATION

In order to prove the third element of a Section 1983 claim, a plaintiff must prove that a defendant's conduct was the cause of any constitutional deprivation by that defendant. In other words, Mr. Russo must establish a causal connection between a defendant's act and the deprivation of rights that I have described to you.

If you find that there was a constitutional violation, but it was not caused by the conduct of a defendant, then Mr. Russo has failed to establish the third element of his claim as to that defendant. If you find that there was a constitutional violation and it was caused by the conduct of a defendant, then you should proceed to consider the fourth element as to that defendant.

XXIII.  FOURTH ELEMENT OF A SECTION 1983 CLAIM: PROXIMATE CAUSE OF INJURY

If you find that Mr. Russo has proven that one or more of the defendants deprived him of a constitutional right in any of the ways he has alleged, then, for each deprivation of right you find, you should decide if Mr. Russo has proven the fourth element of a Section 1983 claim: that the unlawful act which deprived him of his rights was the proximate cause of an injury suffered by him.

An injury is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury, and that injury was either a direct result, or a reasonably probable consequence, of the act or omission.

This does not mean that the law recognizes only one proximate cause of an injury, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time either independently or together, to cause injury; and in such a case, each may be a proximate cause.

If you find that Mr. Russo has proven by a preponderance of the evidence that any conduct of a defendant, as to whom Mr. Russo has proven the first, second, and third elements of a section 1983 claim, proximately caused an injury to have been suffered by him, then Mr. Russo has proven the fourth and final element of the Section 1983 claim as to that defendant.

-35-

XXIV.     THE CITY OF HARTFORD

One of the defendants in this case is the City of Hartford.  As a municipality, the City of Hartford is a legally recognized entity that is considered a person under the law, and you should treat it as such.  When a violation of constitutional rights is alleged to have been caused by a municipal employee, the law recognizes that the municipality may also be liable, but only in certain, limited circumstances.

Mr. Russo claims that the City of Hartford is liable under Section 1983 for its failure to train its police officers regarding how to treat other officers who engage in conduct protected by the First Amendment, in particular an officer who may be providing information to, or assisting in, an investigation of the Department or his fellow officers.

A municipality is not liable just because on of its employees violated the plaintiff's rights.  A municipality can be found liable under Section 1983 only where the municipality itself causes the constitutional violation at issue.  It is only when the execution of the municipality's policy inflicts the constitutional injury complained of that the municipality may be held liable.  In the area of law enforcement, failure to train may constitute a policy and serve as a basis for Section 1983 liability.  Failure to train may constitute a policy that serves as a basis for Section 1983 liability but only where the failure to train amounts to deliberate indifference to the constitutional rights of the persons with whom the police come into contact.

In order to prove that an act was done pursuant to a policy, Mr. Russo must

-36-

prove by a preponderance of the evidence that the act was the result of a "deliberate" or "conscious" choice made by an official responsible for establishing final policy with respect to the matter in question.  In this regard, I instruct you that the Chief of Police is such a policy-maker for the City of Hartford with respect to the training of police officers.  In order for the City of Hartford to be liable to Mr. Russo, the failure to train must be a deliberately conscious choice by the Chief of Police, that resulted in a constitutional deprivation.

Mr. Russo claims the City of Hartford failed to adequately train police officers as to how to treat other police officers who engage in conduct protected by the First Amendment.  To establish a failure to train, Mr. Russo must show: (1) that the policymaker knows to a moral certainty that the City's police officers will confront a given situation; (2) that the situation either presents the police officers  with a difficult choice of the sort that training will make less difficult or that there is a history of police officers mishandling such situations; and (3) that the wrong choice by the police officer will frequently cause the deprivation of a fellow officer's constitutional right.

Failure to train officers can only be the basis of liability where a deliberate or conscious choice is made not to train such that that failure to train reflects a deliberate indifference to constitutional rights.  If a training program exists, in order to reflect a deliberate indifference to constitutional rights, the training program must have been inadequate to train officers to carry out their duties.  In addition, the need for more training or different training must have been so obvious, and the inadequacy so likely to

-37-

situation for which the plaintiff claims they required training. Such knowledge could arise from a history of situations similar to that Mr. Russo complains of, where Hartford Police Department officers mishandled the situation. Further, Mr. Russo must prove that such situation would pose difficult choices for Hartford Police Department officers and that the wrong choice by an officer in that situation would cause the constitutional deprivation at issue in this case. In addition, Mr. Russo must prove the specific deficiencies in the Hartford Police Department training.

Finally, in order to prevail on his claim against the City of Hartford, Mr. Russo must prove that the deficiency in training is closely related to the ultimate injury claimed by him, such that the failure to train actually caused the deprivation of his constitutional rights under the First Amendment.

In addressing Mr. Russo's claim against the City, you must focus on the adequacy of its training program in relation to the tasks particular police officers defendants must perform. Even if you have found that an officer's conduct has shortcomings, it may have resulted from factors other than a faulty training program. Further, just because an officer could have had better or more training is not sufficient to prove a constitutional injury could have been avoided. Adequately trained officers can make mistakes. Additionally, if the only adverse employment action you have found that Mr. Russo suffered as a result of any individual defendant's action is the November 1997 drug testing, you may not find the City of Hartford liable. (In that instance, you would mark question I.B.4 "No.")

-38-

That completes my instruction regarding the Section 1983 claim against the City of Hartford.

## XXV.  DAMAGES

You should consider the question of damages only if you find that Mr. Russo has proven each element of a claim against a defendant.

The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of damages.  It is your function to decide the issue of liability; I am instructing you on the elements of damages only so that you will have guidance should you decide that Mr. Russo is entitled to recover damages on a claim.  You should not consider the question of damages unless and until you find one or more of the defendants liable to Mr. Russo on one or more of his claims.

You should award damages only for those injuries caused by the conduct you find satisfies the elements of a cause of action, in accordance with these instructions. You should consider separately the issue of damages with respect to each claim in the event that you find for a plaintiff on more than one of his or her claims.

There are different types of damages; let me now explain each type to you.

## XXVI. COMPENSATORY DAMAGES

The first type of damages is called compensatory damages, the purpose of which is to award, as far as possible, fair and just compensation. When calculating damages for any of Mr. Russo's claims, you may award compensatory damages. If you decide for him on the issue of liability against a defendant, you must then fix the amount of damages that will reasonably and fairly compensate Mr. Russo for any harm that the wrongful conduct of that defendant was a substantial factor in bringing about. These damages are known as compensatory damages. Compensatory damages seek to make a plaintiff whole—that is, to compensate for the damages that he suffered. These damages may include economic damages as well as non-economic damages. Economic damages include such items as medical bills or lost wages. Non-economic damages include emotional distress, and mental anguish.

The task of determining damages in a case of this sort is not easy. You are not at liberty to guess or infer what the damages are. You must use your best judgment, remembering always that it is incumbent upon a plaintiff, even if you find that he is entitled to recover, to prove by a fair preponderance of the evidence the amount of the damages to which he is entitled.

Generally speaking, in order to award compensatory damages for a given injury or harm, you must find that Mr. Russo has proven by a preponderance of the evidence that the claimed injury or harm was caused by one or more of the defendants. A plaintiff may recover fair, reasonable, and just compensation for only those elements of

damage he has proven were caused by the acts of a defendant, which acts satisfy the elements of the plaintiff's claim.

Actual damages must not be based on speculation or sympathy. Nor may damages be based on the abstract "value" or "importance" of a constitutional right. Damages must be based on the evidence at trial. On the other hand, the law does not require Mr. Russo to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

With respect to one of the specific categories of economic damages – lost wages – you must deduct any income or wages that Mr. Russo earned from employment during the period for which he claims lost wages. That is, you must subtract amounts earned from employment with other employers, self-employment or unemployment compensation payments during the period for which he claims he is entitled to lost wages. If Mr. Russo earned the same or more from other sources than he has proven he lost from the Hartford Police Department, then you should award no amount for lost wages.

No evidence of the value of such intangible things as mental or emotional distress has been or need be introduced. In that respect, it is not value you are trying to determine, but rather an amount that will fairly compensate Mr. Russo for the damages he may have suffered. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. This is a matter that is left to the conscience, good sense, and sound judgment of the jury. You should

not act unreasonably through bias, passion, or sympathy, but rather should exercise common sense and fix an amount of damages, that, in accordance with the evidence and the law, will fairly compensate a plaintiff for all injuries suffered.

In awarding damages, you must also disregard any suffering which may have been experienced by Mr. Russo from causes other than the defendants' actions and award him only those damages which resulted directly from any retaliatory conduct that he has proven. Thus, if you find that Mr. Russo experienced mental suffering or emotional distress as a result of other reasons, for example, pre-existing conditions, other litigation, or unrelated health issues, you should not award any emotional distress damages for the emotional distress caused by those other reasons. In addition, you should not award damages for any emotional distress caused by the legal process. Just as Mr. Russo has the legal right to file this lawsuit, the City and the individual defendants have the legal right to defend it. Stress and anxiety may result from the litigation process, but the defendants are not legally responsible for it. Likewise, you should not award any damages for stress and anxiety related to Mr. Russo's prosecution on criminal charges. Finally, Mr. Russo also has alleged that certain actions of the defendants after 1997 caused him stress and anxiety. You may not award any damages relating to such claims as part of this litigation.

You must bear in mind at all times that the burden is on the plaintiff, Mr. Russo, to prove that any claimed element of damages was a proximate consequence of a

proven wrongful act, as well as to prove the reasonable amount with respect to any such element of damage.

XXVII.     NOMINAL DAMAGES

A second type of damages is called nominal damages.  If you find that Mr. Russo has proven a claim against a defendant, but you find that Mr. Russo suffered no injury, you must award him what are called "nominal damages."

"Nominal damages" are awarded as recognition that a plaintiff's rights have been violated.  You would award nominal damages if you conclude that the only injury that Mr. Russo suffered was the deprivation of a constitutional right, without any resulting economic or non-economic damage.  You should also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages on a particular claim; either Mr. Russo was measurably injured, in which case you must award compensatory damages, or he was not or you can not reasonably calculate such damage, in which case you may award nominal damages.

"Nominal damages" are a token sum, such as one dollar.

XXVIII.     JOINT LIABILITY

In calculating compensatory damages, if you have found more than one defendant liable, you need not apportion liability and damages among the defendants whom you find liable on any particular claim. When two or more persons unite in an act that constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by any one person. Rather, it permits you to express damages as a total sum awarded to the plaintiff for each claim, and all defendants found liable under that claim are responsible to the plaintiff for that sum.

XXIX.    DOUBLE DAMAGES

I have one final instruction to give you regarding compensatory damages in this case. Later in the instructions, I will instruct you on the Verdict Form, but it is appropriate to mention one instruction regarding the Verdict Form now. If you find that Mr. Russo is entitled to compensatory damages on more than one claim, you should award the full amount of compensatory damages that you find he is entitled to under each of the claims, considered independently.

If, in determining the compensatory damages as to any one claim, you include compensatory damages you had already found were compensatory damages as to one or more other claims, it would be double counting for the court to award those damages twice by adding up the various awards. You should not worry, however, in determining the compensatory damages as to each claim that the damages may overlap, or that you may be double counting. If such overlap or double counting occurs, it is something that I will have you take care of at the end of the verdict form.

XXX.  PUNITIVE DAMAGES

Punitive damages may be awarded to the plaintiff if you find that he has proven a Section 1983 claim against one or more of the individual police officer defendants and you award compensatory damages to Mr. Russo for any such claim, whether actual or nominal.  If so, then you must decide whether Mr. Russo is entitled to an award of punitive damages against any police officer defendant found liable.  Even if you find the City of Hartford liable to Mr. Russo for compensatory damages, it cannot be liable for punitive damages.

Federal law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary conduct, and to serve as a warning to others not to engage in such conduct.  Punitive damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct.  Whether you decide to award punitive damages against a police officer defendant should be based on whether you find that he or she engaged in either:

(1)    Willful or malicious violation of a plaintiff's rights; or

(2)    Wanton behavior, which is behavior that is undertaken in reckless disregard for whether his actions were in violation of the plaintiff's rights.

"Willful or malicious" means that a defendant's actions were inspired by a purpose to do the plaintiff harm, and that that defendant had an intent to bring about such a result.  In determining whether a defendant's conduct was malicious or wilful,

-48-

you must consider what he did in light of all the circumstances, for malice and wilfulness are often not susceptible of proof by direct evidence, but may be found as an inference reasonably drawn from all the facts.

I said to you also that the plaintiff is entitled to punitive damages where the defendant's acts are "wanton", and that means a reckless disregard of the consequences which might follow from such acts.

Whether you decide to award any punitive damages is entirely within your discretion. If you have decided to award punitive damages under Section 1983, you must determine that amount. The amount of punitive damages that you may award under Section 1983 is solely within your discretion. Even though you have exclusive control over the amount of punitive damages, in awarding damages, you must not be influenced in your determination by any sympathy, bias, or prejudice with regard to any party to the case.

Remember that Mr. Russo has the burden of proving, by a preponderance of the evidence, that a defendant acted willfully or maliciously or in wanton disregard for that plaintiff's rights. If he does not, then you should answer "No" to the question concerning punitive damages.

-49-

## XXXI. NOTE TAKING

I have now concluded the instructions relating to the specific claims in this case. In closing, I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

## XXXII.  CLOSING REMARKS

Let me now say a few words about your deliberations.

First, keep in mind that nothing I have said in these instructions—-indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous.  If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.  Closing arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not partisan. Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations. Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors. Also, do not read or listen to any outside information about the case during your deliberations. And do not try to do any research or make any investigation. And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience. The verdict form is made up of questions concerning the important issues in this case. The verdict form is not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law. Your answers must reflect the conscientious judgment of each juror and must be unanimous. The verdict form includes instructions to guide you in filling out the form and follows the order of these instructions, except that in completing the form, questions about damages follow each claim, whereas in these instructions I addressed the issue of damages all together. You should answer every question, except where the verdict form indicates otherwise. I suggest that you start at the beginning and work your way through, following the instructions carefully.

You will take the verdict form to the jury room and answer the questions asked. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and then date and sign the verdict form. Then inform the court security officer that you have reached a verdict. I stress that each of you must be in agreement with the verdict as contained in the verdict form and announced in court. Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations. Please wait to begin deliberations until the deputy clerk brings the verdict form and exhibits in to you. It will take a few minutes to gather the exhibits. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want. It can take a long time to find it, so please consider that. If you feel you really need testimony read back, be as specific as possible in your request. Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room. If you send out a question, I will consult with the parties before answering it, which may take some time. You may, if you can, continue your deliberations while waiting for the answer to any question. I will respond to your request as promptly as possible either in writing or by having you return to the  courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise. Never disclose any vote count in any note to the court.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you. Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.