

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| | : | 3:97-cv-2380 (JCH) |
| Plaintiff, | : | 3:00-cv-1794 (JCH) |
| | : | 3:00-cv-2382 (JCH) |
| vs. | : | |
| | : | |
| CITY OF HARTFORD, ET AL. | : | |
| | : | July 7, |
| Defendants. | : | ~~June~~   , 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION TO WITHDRAW ALL PENDING MOTIONS AND
APPLICATIONS FOR ATTORNEYS' FEES AND COSTS WITH PREJUDICE,
TO VACATE JUDGMENT AGAINST DEFENDANT JOSEPH CROUGHWELL,
AND TO VACATE ALL AWARDS OF ATTORNEYS' FEES**

Plaintiff Nicholas O. Russo, Jr. and defendant City of Hartford, collectively the "Settlement Parties," have reached a settlement agreement that resolves all claims among all parties, including attorneys' fees. Plaintiff Russo, defendant Joseph Croughwell, and defendant City of Hartford, have agreed that, pursuant to the settlement agreement between plaintiff and the City, they will jointly withdraw all pending motions, appeal and cross-appeal, and applications for attorneys' fees and costs, with prejudice.

Since the settlement agreement also includes an agreement to jointly move for the vacatur of the judgment against Joseph Croughwell, the parties now jointly move, pursuant to Fed. R. Civ. P. 60(b)(6), to vacate the judgment against Joseph Croughwell (Docket No.: 3:97-cv-2380 (March 28, 2005), docketed as Number 624), and the order awarding

attorneys' fees and costs to Attorneys Erin O'Neil-Baker and Norman Pattis (Docket No. 3:97-cv-2380 (April 5, 2006), docketed as Number 684). The parties believe that exceptional circumstances and equitable reasons exist to warrant vacatur of the judgment against Croughwell, as well as the attendant attorneys' fees awards. Moreover, the public interest in resolving this dispute and vacating the judgment against Croughwell far outweighs the public interest in the finality of the judgment.

## I.   INTRODUCTION

The parties have been engaged in the litigation of the cases at bar since 1997.[1] In *Russo v. Croughwell*, Civil No. 3:97-cv-2380(JCH)("Russo I"), plaintiff originally asserted five counts of Constitutional and state common law violations against defendants City of Hartford, Joseph Croughwell and James Flaherty. The City of Hartford was granted summary judgment in that matter on September 30, 2004. In *Russo v. City of Hartford*, Civil No. 3:00-cv-1794(JCH)("Russo II"), plaintiff asserted eight counts of Constitutional and state common law violations against the City of Hartford, Joseph Croughwell, James Flaherty, Daryl Roberts, David Kenary, Robert Lawlor, Christopher Lyons, James Rovella, Charles Lilley, Bruce Marquis, Robert Rudewicz, Thomas Hardwick, the Hartford Police Union, Lawrence Reynolds and Michael Wood. An additional three counts were alleged against seven state defendants, Joan Alexander, John Bailey, Herbert Carlson, Jr., Joseph

Hammick, Stephen Kumnick, Lawrence Skinner, and James Thomas, who were later dismissed from the case on qualified immunity grounds on June 10, 2002. The Court granted summary judgment in favor of defendants Hardwick, the Hartford Police Union, Lilley, Marquis, Reynolds, Rovella, Rudewicz, and Wood in September 2004.[2] And finally, the plaintiff filed *Russo v. Marquis, et al.*, Civil No. 3:00-cv-2382 (JCH)("Russo IV"), against former Hartford Police Chief Bruce Marquis and the City of Hartford in 2000. The court granted summary judgment for the defendants in Russo IV in September, 2004.

Following an eight day trial in 2005 of Russo I and II, the jury returned a verdict in favor of defendants Flaherty, Lawlor, and Lyons. During trial, plaintiff withdrew his claims against defendant Roberts. The jury returned a verdict against defendant Croughwell on only one count, and awarded plaintiff compensatory damages in the amount of $22,500, and $75,000 in punitive damages. The jury also returned a verdict against defendant Kenary on only one count, awarding plaintiff $22,500 in compensatory damages, and $100,000 in punitive damages. Finally, the jury also returned a verdict against the City of Hartford in Russo II, awarding plaintiff $350,000 in compensatory damages.

---

[1] Plaintiff initiated three independent cases, *Russo v. Croughwell*, Civil No. 3:97-cv-2380(JCH)("Russo I"); *Russo v. City of Hartford*, Civil No. 3:00-cv-1794(JCH)("Russo II"); *Russo v. Marquis*, Civil No. 3:00-cv-2382 ("Russo IV"). There were a total of twenty-two defendants.

[2] By Court Order dated May 30, 2001, the Court consolidated Russo I, II, and IV for discovery purposes only. However, the cases ultimately proceeded at trial as consolidated, with Russo I (3:97cv2380) as the lead case.

Pursuant to Fed. R. Civ. P. 50 and 59, defendants Kenary and Croughwell sought judgment as a matter of law, a new trial, or in the alternative, remittitur. The City sought an amendment of the judgment, judgment as a matter of law, a new trial, or in the alternative, remittitur. On March 2, 2006, the Court granted judgment as a matter of law for defendant Kenary. It denied defendant Croughwell's motion for judgment as a matter of law, as well as his motion for a new trial, or in the alternative, remittitur. In addition, the Court entered judgment for the City of Hartford in Russo I, and granted the City's motion for a new trial in Russo II.

Following the trial in Russo I and II, defendant Croughwell appealed the judgment against him to the Second Circuit Court of Appeals, and the plaintiff cross-appealed, seeking review of the judgment in favor of defendants Kenary and the City of Hartford. The Court also awarded attorneys' fees to Attorneys O'Neil-Baker and Pattis by Order dated April 3, 2006.

At present, the matters still unresolved include the following:

- the appeal and cross-appeal, and any potential remand for a new trial;
- the retrial of the case between the plaintiff and the City of Hartford in Russo II;
- the City of Hartford's Motion for Reconsideration of the Ruling Denying Its Rule 50 Motion for Judgment (March 15, 2006), docketed as Number 225 in Docket No. 3:00-cv-1794;

4

- the Application for Attorneys' Fees and Costs from James Brewer (March 22, 2006), docketed as Number 675 in Docket No. 3:97-cv-2380;

- the City of Hartford's Bill of Costs (November 16, 2004), docketed as Number 533 in Docket No. 3:97-cv-2380;

- the City of Hartford's Bill of Costs (November 6, 2004), docketed as Number 71 in Docket No. 3:00-cv-2382; and

- Bruce Marquis' Bill of Costs (November 19, 2004), docketed as Number 72 in Docket No. 3:00-cv-2382.

Ultimately, the cases have found resolution in a settlement agreement between plaintiff Russo and defendant City of Hartford. By the terms of the agreement, all remaining issues in these cases have been resolved, including applications for attorneys' fees and costs, as well as all outstanding appeals. Moreover, the parties have agreed to seek vacatur of the judgment against defendant Croughwell, and the award of attorneys' fees to Attorneys O'Neil-Baker and Pattis.

## II.  LAW AND ARGUMENT

### A. The Parties Jointly Withdraw All Pending Motions and Applications for Attorneys' Fees and Costs, With Prejudice.

Pursuant to the settlement agreement between plaintiff and the City of Hartford, the parties now wish to withdraw the following Applications for Attorneys' Fees, and Applications for Costs, which are pending in the District Court of Connecticut:

1. In Docket No. 3:97-cv-2380 (JCH), the Parties would withdraw:

   a) Attorney James Brewer's Motion for Attorneys Fees And Costs (March 22, 2006), docketed as Number 675;

   b) Motion Attorneys' Fees Award Under Civil Rights Attorneys' Fees Act of 1976 and for Costs Incurred by John Forrest (July 1, 2005), docketed as Number 647; and

   c) Defendant City of Hartford's Bill of Costs (November 16, 2004), docketed as Number 533.

2. In Docket No. 3:00-cv-2382 (JCH), the Parties would withdraw:

   a) Defendant City of Hartford's Bill of Costs (November 16, 2004), docketed as Number 71; and

   b) Defendant Bruce Marquis' Bill of Costs (November 19, 2004), docketed as Number 72.

3. In Docket No. 3:00-cv-1794 (JCH), the City of Hartford would withdraw:

   a) Defendant City of Hartford's Motion for Reconsideration of the Ruling Denying Its Rule 50 Motion for Judgment (March 15, 2006), docketed as Number 225.

B.    Pursuant to Fed. R. Civ. P. 60(b)(6), the Parties Jointly Move to Vacate the Judgment Against Joseph Croughwell.

A district court may entertain a Fed. R. Civ. P. 60(b) motion after an appeal has been taken. Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992). However, before the district court may grant a Rule 60(b) motion, the Court of Appeals must first remand the case to the District Court, "thereby returning jurisdiction over the case to the district court." Id. "If the district court is inclined to grant a Rule 60(b) motion following the docketing of an appeal, it should give an express indication that it intends to do so [on the record], but the court should not actually grant such relief until such time as the Second Circuit remands the case to the district court for that purpose." Tommy Hilfiger Licensing, Inc. v. Costco Companies, Inc., 2002 U.S. Dist. LEXIS 22696, at *4 (S.D.N.Y. Nov. 25, 2002) (internal citations and quotations omitted).

A motion seeking relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b) is addressed to the sound discretion of the district court. See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Where the parties' settlement renders a judgment moot, vacatur is not required as a matter of course. See Haley v. Pataki, 60 F.3d 137, 142 (2d Cir. 1995). However, a court may vacate a judgment where "exceptional circumstances" are present and favor vacatur. See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18 (1994). A determination that exceptional circumstances exist to warrant vacatur requires the court to balance the interest of "honoring settlements reached by the parties against the

public interest in the finality of judgments and the development of decisional law." Tommy Hilfiger Licensing, Inc., 2002 U.S. Dist. LEXIS 22696, at *5 (internal citations omitted).

    1.    Defendant Croughwell Did Not Cause the Mootness of His Appeal By Voluntary Action.

As previously noted, plaintiff Russo and defendant City of Hartford have resolved all claims between them, including all remaining issues involved in these cases. Pursuant to the settlement agreement, the Settlement Parties agreed not only to dismiss all pending claims among them, but also jointly to seek vacatur of the judgment against Joseph Croughwell. Croughwell, however, is not a party to the settlement agreement between plaintiff and the City of Hartford.

While the claims against defendant Croughwell are resolved by the settlement agreement and he would benefit from the end of this litigation, he did not voluntarily abandon appellate review of the judgment against him. Indeed, Croughwell, as an employee of the City of Hartford at the times relevant to plaintiff's claims, has now been indemnified by the City of Hartford. Accordingly, the City could choose to settle the matter on his behalf, *even without his consent*, and it did so in this case.

Vacatur is an equitable remedy, see U.S. Bancorp Mortgage Co., 513 U.S. at 25, and the principal equitable factor is "whether the party seeking relief from the judgment...caused the mootness by voluntary action." Id. Equity demands that defendant Croughwell not be forced to "acquiesce in the judgment" against him. See U.S. Bancorp

Mortgage Co., 513 U.S. at 25 ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment.").

2. The Public Interest in the Finality of Judgments and the Development of Decisional Law is Outweighed by the Public Interest in the Resolution of This Matter.

After nearly ten years of litigation, plaintiff Russo and the City of Hartford undertook to settle the matter in an effort to conserve the resources of the parties and the courts. Despite the resources that have already been expended in these matters, it is clear that, absent settlement, there are numerous matters which would remain pending, including applications for attorneys' fees and costs from James Brewer[3] and John Forrest, who both served as former counsel to the plaintiff. Also pending is the City of Hartford's Motion for Reconsideration of the Court's denial of that defendant's Rule 50 motion, which will require review by the Court. In addition, absent settlement, another trial against the City of Hartford would be required. And finally, a significant unresolved issue relates to the representation of the plaintiff, since trial counsel in Russo I and II has moved to withdraw his appearance. All of these matters would be expensive to litigate and may take several more years to achieve final resolution through the court. The settlement contemplates an end to all litigation, including a resolution of the issue of attorneys' fees to all of plaintiff's

---

[3] Mr. Brewer's Application not only remains pending, but prior to the settlement, the parties anticipated significant discovery relating to Mr. Brewer's fee and cost records, and a hearing before the Court on his Application.

counsel who have made an application for such fees and costs. Under these circumstances, the public's interest is best served by the end of litigation that, if not resolved, will inevitably lead to further expenditure of resources by all parties' and the courts. Moreover, it is particularly in the public interest to resolve this litigation since one of the parties involved is the City of Hartford, which as a public entity, would be better able to preserve the assets of the citizens of the City of Hartford and perform its public duties if this matter were resolved.

Thus, there is a compelling argument that the public has a strong interest in a final determination of this matter, which brings an end to the litigation, and without additional cost to the public. See Tommy Hilfiger Licensing, Inc., 2002 U.S. Dist. LEXIS 22696, at *6 ("The courts have undeniably been more flexible where vacatur would bring an end to the tortured history of a litigation....") (internal citation omitted).

The public's interest in the development of decisional law is also outweighed by the public's gain because the judgment against Croughwell and the Court's subsequent rulings do not elucidate a gray area of the law. The judgment is for a claim of First Amendment retaliation, and the application of the facts of the case to existing First Amendment jurisprudence did not result in any novel rules of law.

Respectfully submitted.

PLAINTIFF,
NICHOLAS RUSSO

By: _____
Erin O'Neil-Baker, Esq.
41A New London Turnpike
Glastonbury, CT 06033
His Attorney


DEFENDANT,
JOSEPH CROUGHWELL

By: _____
Charles L. Howard, Esq.
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103
His Attorney


DEFENDANT,
CITY OF HARTFORD

By: _____
John P. Shea, Jr., Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
Its Attorney

438479 v.01 S3

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Joint Motion to Withdraw All Pending Motions and Applications for Attorneys' Fees and Costs with Prejudice, to Vacate All Awards of Attorneys' Fees, and to Vacate Judgment Against Defendant Joseph Croughwell, was mailed, postage prepaid, this ___ day of June, 2006, to:

Erin I. O'Neil, Esq.
41A New London Turnpike
Glastonbury, CT 06033

John T. Forrest, Esq.
142 Jefferson Street
Hartford, CT 06106

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

Norman A. Pattis, Esq.
P.O. Box 280
Bethany, CT 06524

John P. Shea Jr., Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Chambers Copy:
The Honorable Janet C. Hall
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

_____
Leander A. Dolphin

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Joint Motion to Withdraw All Pending Motions and Applications for Attorneys' Fees and Costs with Prejudice, to Vacate All Awards of Attorneys' Fees, and to Vacate Judgment Against Defendant Joseph Croughwell, was mailed, postage prepaid, this 7th day of July, 2006, to:

Erin I. O'Neil, Esq.
41A New London Turnpike
Glastonbury, CT 06033

Attorney Helen Apostolidis
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

Charles L. Howard, Esq.
Shipman & Goodwin, LLP
One Constitution Plaza
Hartford, CT 06103

John T. Forrest, Esq.
142 Jefferson Street
Hartford, CT 06106

Norman A. Pattis, Esq.
P.O. Box 280
Bethany, CT 06524

Chambers Copy:
The Honorable Janet C. Hall
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

John P. Shea, Jr.